FILED
Clerk
District Court

MAY 28 2021

for the Northern Mariana Islands

(Deputy Clerk)

1  **JOE HILL**
   **HILL LAW OFFICES**
2  P.O. Box 500917
   Saipan, MP 96950
3  Tel.: (670) 234-7743/6806
   Fax:  (670) 234-7753
4  E-mail: vesta@pticom.com

5  *Attorney for Plaintiffs*

6  UNITED STATES DISTRICT COURT
   FOR THE NORTHERN MARIANA ISLANDS

7  ABU   YOUSUF   and   MD.
   ROKONNURZZAMAN,                     Civil Case No. 21-**00015**
8

9            Plaintiffs,

10           vs.

11 LONGFENG  CORPORATION  *dba*          **VERIFIED COMPLAINT**
   NEW XO MARKET, GUOWU LI,            **FOR VIOLATION OF THE FAIR LABOR**
   and  XU  GUI  QING,  jointly  and   **STANDARDS ACT AND SUPPLEMENTAL**
12 severally,                          **STATE LAW CLAIMS**

13           Defendants.

14

15

16

17

18      **COME NOW** Plaintiffs Abu Yousuf and Md. Rokonnurzzaman, through counsel, and as

19 their causes of action and claims, allege and aver against Defendants, as follows:

20                              **INTRODUCTION**

21      1. This is a complaint, *inter alia*, for unpaid regular and overtime wages, in violation of the

22 Commonwealth Employment Act of 2007 (CEA), as amended, the Minimum Wage and Hour Act

23 (MWHA), and the Fair Labor  Standards Act (FLSA), as amended, and made applicable to this

24 action by the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political

25 Union with the United States of America, Article V, §502(a)(2), and  under the general laws of the

26 Commonwealth of the Northern Mariana Islands (CNMI).

**JURISDICTION AND VENUE**

2.  The Court is granted jurisdiction over Plaintiffs' FLSA claims under 28 U.S.C. §1331 (federal question jurisdiction), and as proceedings arising under an Act of Congress regulating commerce pursuant to 28 U.S.C. §1337(a).

3.  The Court also has jurisdiction over Plaintiffs' regular and overtime wage claims pursuant to 29 U.S.C. §§ 206 and 207.

4.  The Court's jurisdiction over Plaintiffs' non-FLSA (non-federal) claims is granted pursuant to 28 U.S.C. §1367(a) (supplemental jurisdiction).

5.  Venue is properly placed in the United States District Court for the Northern Mariana Islands in that all parties were present in, and all acts alleged and complained of occurred in the CNMI.

**PARTIES**

6.  Plaintiff Abu Yousuf ("Yousuf") is a citizen of Bangladesh and resided at all relevant times, in the CNMI and worked for and was an employee of Defendants, and worked and/or was suffered to work by Defendants, as described herein.

7.  Plaintiff Md. Rokonnurzzaman ("Rokonnurzzaman") is a citizen of Bangladesh and resided at all relevant times, in the CNMI and worked for and was an employee of Defendants, and worked and/or was suffered to work by Defendants, as described herein.

8.  On information and belief, Defendant LongFeng Corporation ("LFC"), is a domestic corporation organized under Commonwealth law and also doing business under the name New XO Market, with its principal place of business believed to be in Saipan, CNMI.

9.  On information and belief, Defendant GuoWu Li ("Li"), is a citizen of China, and resided at all relevant times, in the CNMI, and was the day-to-day agent, manager and supervisor of Plaintiffs, who had authority to hire and fire and was the alter ego of and doing business as New XO

1  Market, and who controlled, made, and determined the daily work schedule and work assignments

2  of Plaintiffs, and who individually directed and supervised the work of Plaintiffs and other

3  employees on a daily basis and was an employer of Plaintiffs as defined by law, (28 U.S.C. § 203(d))

4  and the MWHA (4 CMC §§ 9211 *et seq.*).

5      10.  On information and belief, Defendant Xu Gui Qing ("Xu"), is a citizen of China, and

6  resided at all relevant times, in the CNMI, and was the day-to-day agent, manager and supervisor of

7  Plaintiffs, who had authority to hire and fire Plaintiffs and was the alter ego of and doing business

8  as New XO Market, and who controlled, made, and determined the daily work schedule and work

9  assignments of Plaintiffs, and who individually directed and supervised the work of Plaintiffs and

10 other employees on a daily basis and was an employer of Plaintiffs as defined by law, (28 U.S.C. §

11 203(d)) and the MWHA (4 CMC §§ 9211 *et seq.*).

12      11.  On information and belief, Defendants Li and Xu are husband and wife and/or living

13 together as husband and wife in Saipan, CNMI.

14      12.  All of the acts, omissions and failures to act alleged herein were done by and attributable

15 to each and all Defendants, each acting as successor, agent, joint employer, integrated enterprise,

16 employee, and/or as the alter egos of one another, and/or under the direction and control of the other

17 Defendant.

18      13.  Said acts, omissions and failures to act were within the scope of said agency and/or scope

19 of employment, and each Defendant participated in, approved and/or ratified the unlawful acts and

20 omissions by the other Defendant complained of herein.

21                              **STATEMENT OF FACTS**

                              **A. Plaintiff Abu Yousuf**
22
        14.  From on or about April 07, 2018, Yousuf at all relevant times, worked for and was
23
    employed by or suffered to work by Defendants, at the request, direction and control of Defendants.
24
        15.  The employment contract(s) and/or agreements were renewed, variously, by the oral or
25

26                                      - 3 -

1  written consent of the parties and/or by their conduct, annually from April 07, 2018 during Yousuf's

2  approximately three (3) years of employment with Defendants, which ended on February 19, 2021.

3       16.  Yousuf was initially hired to work as a security guard, but also worked as a jack of all

4  trades, as a bagger, and with Defendants' knowledge, approval, and direction, Yousuf worked from

5  Monday through Sunday, performed work in excess of forty (40) hours per work week on a regular

6  and repeated basis, doing various assigned tasks in addition to security work, including, among

7  others: mopping and cleaning the store floor, including cleaning up dog feces and liter; carrying and

8  lifting heavy boxes and crates of vegetables and/or fruits, sacks of rice, frozen meat and fish, dog and

9  cat foods, mineral water and other items from the store warehouse to the display racks; putting in

10  the purchased items into designated plastic bags or containers and carrying said items from the store

11  counter to the customer's parked vehicle outside the store.

12       17.  Defendants never provided Yousuf with any payroll records, computations of all

13  additions to or deductions from his (employee's) wages, and check stubs.

14       18.  Defendant Xu prohibited Yousuf to have a lunch break or period for eating his meals

15  during his work shift.

16       19.  Defendant Xu admonished Yousuf for using the restroom during working hours, as being

17  a waste of time, telling him to use the restroom at his house instead, as the store's restroom was for

18  customers.

19       20.  Defendants required Yousuf, a non-exempt employee, to work or suffered him to work,

20  at the rate of $4.25 per hour, far below the federal minimum wage and/or overtime rate for the

21  CNMI.

22       21.  During the initial relevant time period, the applicable federal minimum wage was $7.05

23  per hour in the CNMI. However, it was increased to $7.25 per hour beginning September 30, 2018.

24       22.  On or about February 18, 2021, Yousuf complained again about non-payment of

25

26                       - 4 -

1    backwages and for payment of the full regular and overtime rates. In addition, Yousuf followed up

2    and inquired about the status of his CW-1 application, as earlier promised to him by the Defendants.

3         23. On the following day, February 19, 2021, after Yousuf's work shift that day, Xu called

4    Yousuf by phone and told him that Xu had found someone willing to replace him and work for the

5    $4.25 hourly rate. Xu then informed Yousuf that there was no need for him to report for work

6    anymore for the Defendants.

7         24. Since the day Xu terminated Yousuf's employment, Defendants have not paid Yousuf,

8    properly or fully, for the previous workweeks and the regular and overtime hours worked and owed.

9         25. On information and belief, Defendants hired new/additional worker(s) who then

10   took over Yousuf's job as a security guard and store bagger and/or who performed similar work for

11   the Defendants.

12   **B. Plaintiff Md. Rokonnurzaman**

13        26. From on or about May 26, 2018 through January 20, 2019, Rokonnurzzaman worked

14   for the Defendants as a security guard.

15        27. As a security guard, Rokonnurzzaman, with Defendants' knowledge, approval, and

16   direction, worked from Monday through Sunday each week and work week, and performed work

17   in excess of forty (40) hours per week on a regular and repeated basis, doing various assigned tasks

18   in addition to security work, including, among others: unloading and carrying various imported

19   goods and merchandise from the shipping containers to the store warehouse for initial storage

20   safekeeping; mopping and cleaning the store floor, including dog feces and liter; carrying and lifting

21   heavy boxes and crates of vegetables and/or fruits, sacks of rice, frozen meat and fish, dog and cat

22   foods, mineral water and other items from the store warehouse to the display racks; putting in the

23   purchased items into designated plastic bags or containers and carrying said items from the store

24   counter to the customer's parked vehicle outside the store.

25

26                                            - 5 -

28. Defendants never provided Rokonnurzzaman with any payroll records, computations of all additions to or deductions from his (employee's) wages, and check stubs.

29. Defendant Xu prohibited Rokonnurzzaman from eating his lunch/meal, warning him that any time spent for lunch break would be deducted from his wages.

30. Defendant Xu admonished Rokonnurzzaman for using the restroom during working hours, as being a waste of time, telling him to use the restroom at his house instead, as the store's restroom was for customers.

31. Defendants required Rokonnurzzaman, a non-exempt employee, to work or suffer to work, at the rate of $4.25 per hour, far below the federal minimum wage for the CNMI.

32. During the initial relevant time period, the applicable federal minimum wage was $7.05 per hour in the CNMI. However, it was increased to $7.25 per hour beginning September 30, 2018.

33. On or about January 20, 2019, without reasonable explanation, Xu terminated Rokonnurzzaman's employment after the latter complained earlier about his below-minimum wage rate and/or unpaid backwages and followed up and inquired about the status of his CW-1 application, as earlier promised to him by the Defendants.

34. On information and belief, Defendants hired new/additional worker(s) who then took over Rokonnurzzaman's job as a security guard and/or who performed similar work for the Defendants.

35. Defendants sold products and merchandise made and shipped in interstate commerce and designed for sale, in bulk or in retail, to consumers and customers, initially directly from 20 or 40 foot shipping containers that had been shipped in interstate commerce, that Defendants had transported to the said business lot in Gualo Rai.

36. Defendants employed and used Plaintiffs services/labor in taking products from the shipping containers and putting goods and items taken from inside the containers, into the store for

- 6 -

display on the shelves or rack and then to work and serve as security guard and/or as bagger for the New XO Market.

37. At all relevant times, Plaintiffs were employees of and worked for Defendants within the meaning of §203(e)(1) of the FLSA and §9212(e) of the MWHA.

38. At all relevant times, Plaintiffs were employed by Defendants within the meaning of §203(g) of the FLSA and §9212(d) of the MWHA.

39. At all relevant times, Defendants were each employers of Plaintiffs as defined under §203(d) of the FLSA and §9212(f) of the MWHA.

40. At all relevant times, Defendants were engaged in and an enterprise within the meaning of §203(r)(1) of the FLSA, jointly and severally.

41. At all relevant times, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §203(s)(1) of the FLSA.

42. At all relevant times, Defendants had generated over $500,000 in gross revenue per year.

43. Defendants, directly or indirectly, hired and suffered Plaintiffs to work; controlled their work schedules and conditions of employment; and determined the rate and payment of wages.

44. At all relevant times, Plaintiffs, as employees of Defendants, were engaged in commerce or in the production of goods for commerce within the meaning of §207(a)(1) of the FLSA.

45. At all relevant times, Plaintiffs performed their work diligently and in a workmanlike manner for the Defendants.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Minimum/Applicable Wages**
**in Violation of FLSA)**

46. The allegations in paragraphs 1 through 45 are re-alleged and incorporated by reference in this First Cause of Action.

47. Defendants have willfully violated the provisions of Sections 206 and 207 of the FLSA

- 7 -

1    by failing to pay Plaintiffs their full and applicable minimum wages in each 7-day work week/pay

2    period for which they performed work or services for Defendants.

3      48. Defendants are thus liable and obligated to pay Plaintiffs their full and applicable regular

4    wages pursuant to the FLSA, plus an additional equal amount as liquidated damages.

5      49. Plaintiffs are   likewise entitled to an award of costs of this action and reasonable

6    attorney's fees pursuant to §216(b) of the FLSA and prejudgment interest on unpaid backwage

7    amounts.

8   

**SECOND CAUSE OF ACTION**
**(Failure to Pay Minimum/Applicable Wages**
**in Violation of MWHA)**

9   

10      50. The allegations in paragraphs 1 through 49 are re-alleged and incorporated by reference

11    in this Second Cause of Action.

12      51. Defendants have willfully violated the provisions of § 9221(a)(2) of the MWHA by

13    failing to pay Plaintiffs their full and applicable minimum wages in each work week for which they

14    performed services for Defendants.

15      52. Defendants are thus liable and obligated to pay Plaintiffs their full and applicable regular

16    wages for regular hours worked pursuant to the MWHA in an amount to be proven at trial.

17      53. Plaintiffs are also entitled to payment of costs of this action and reasonable attorney's

18    fees pursuant to §9244(b) of the MWHA and prejudgment interest on unpaid wage amounts.

19   

**THIRD CAUSE OF ACTION**
**(Failure to Pay Overtime Wages**
**in Violation of FLSA)**

20   

21      54. The allegations in paragraphs 1 through 53 are re-alleged and incorporated by reference

22    in this Third Cause of Action.

23      55. Defendants have willfully violated the provisions of § 207 of the FLSA by intentionally

24    failing to pay Plaintiffs overtime wages in the amount of one and one-half times their applicable

25   

26   

- 8 -

regular pay rate for each and all of the hours worked by Plaintiffs in excess of forty (40) hours in each work week.

56. Defendants are thus liable and obligated to pay Plaintiffs their full and applicable overtime wages pursuant to the FLSA, plus an additional equal amount as liquidated damages.

57. Plaintiffs are likewise entitled to an award of costs of this action and reasonable attorney's fees pursuant to §216(b) of the FLSA and prejudgment interest on unpaid overtime.

**FOURTH CAUSE OF ACTION**
**(Failure to Pay Overtime Wages**
**in Violation of MWHA)**

58. The allegations in paragraphs 1 through 57 are re-alleged and incorporated by reference in this Fourth Cause of Action.

59. Defendants have willfully violated the provisions of § 9222 of the MWHA by failing to pay Plaintiffs overtime wages in the amount of one and one-half times their applicable regular pay rate for each and all of the hours worked by Plaintiffs in excess of forty (40) hours in each work week.

60. Defendants are thus liable and obligated to pay Plaintiffs their full and applicable overtime wages pursuant to the MWHA, plus an additional equal amount as liquidated damages.

61. Plaintiffs are likewise entitled to an award of costs of this action and reasonable attorney's fees pursuant to § 9244 of the MWHA, and prejudgment interest on unpaid overtime.

**FIFTH CAUSE OF ACTION**
**(Unlawful Retaliation in Violation of FLSA)**

62. The allegations in paragraphs 1 through 61 are re-alleged and incorporated by reference in this Fifth Cause of Action.

63. On various times, Plaintiffs complained about their below-minimum wage rate to Xu, and inquired about payment of their backwages.

64. On or about February 18, 2021, Yousuf again made similar complaint to Xu about his unpaid wages; while on or about January 20, 2019, Rokonnurzzaman also made similar complaint

1    to Xu.

2        65.  Plaintiffs also on various times followed up and inquired from Xu about the status of

3    their I-129CW applications, as earlier promised to them by the Defendants.

4        66.  After hearing and due to repeated Plaintiffs' complaint regarding unpaid wages and

5    unfulfilled promise to file I-129CW petition for Plaintiffs, Xu terminated their employment with the

6    Defendants.

7        67.  In so doing, Defendants have willfully violated section 215(a)(3) of the FLSA, 29 U.S.C.

8    § 215 (a)(3) which prohibits retaliation against an employee because he "has filed any complaint or

9    instituted or caused to be instituted any proceeding under or related to" the rights contained in the

10   FLSA.

11       68.  Defendants' said adverse employment action constituted retaliatory action, undertaken

12   in direct and consequential response to Plaintiffs' demand and assertion of workplace rights

     protected by the FLSA.

13       69.  As a direct, foreseeable, and proximate result of Defendants' retaliatory action, Plaintiffs

14   have suffered loss of earnings and job benefits; they have suffered and continue to suffer emotional

15   distress; and they have incurred and continue to incur expenses.

16       70.  Plaintiffs are therefore entitled to legal and equitable relief including compensatory and

17   punitive damages, as well as reasonable attorney's fees and costs pursuant to § 216(b) of the FLSA,

18   29 U.S.C. § 216(b).

19                            **SIXTH CAUSE OF ACTION**
                   **(Fraud and Deceit and/or Theft of Labor and Services)**
20
         71.  The allegations in paragraphs 1 through 71 are re-alleged and incorporated by reference
21
     in this Sixth Cause of Action.
22
         72.  At the beginning date of each Plaintiffs' respective employment, Defendant Xu promised
23
     and represented and the parties agreed, that Xu would execute and file an I-129CW petition for non-
24
     immigrant workers for and on behalf of the respective Plaintiff as the beneficiaries, with the United
25

26                                           - 10 -

States Citizenship and Immigration Services (USCIS).

73. On or about February 18, 2021, Yousuf inquired and/or followed up with Xu about the parties' agreement for Defendants to file I-129CW application/petition on Yousuf's behalf, with USCIS. At that time, Yousuf also inquired about when payment of backwages from Xu would be paid.

74. However, Defendant Xu did not respond to Yousuf's inquiry.

75. On or about December 17, 2019, Rokonnurzzaman inquired and/or followed up with Xu about the parties' agreement for Defendants to file I-129CW application/petition on Rokonnurzzaman's behalf, with USCIS.

76. In response, Defendant Xu in an agitated voice brushed aside the inquiry telling Rokonnurzzaman that Xu would talk about it later.

77. Several days later, on or about January 20, 2019, Rokonnurzzaman made another similar inquiry with Xu, and demanded payment for backwages if his I-129CW application/petition remained unfiled with USCIS.

78. Defendant Xu, visibly upset, told Rokonnurzzaman to stop working without explanation.

79. Defendants' representation regarding the filing of I-129CW petition was false and constituted a false promise to Plaintiffs when made, in that Xu and the other Defendants knew or reasonably should have known at that time that said representation was false, and Defendants had no intention of complying and filing any such I-129CW application with USCIS for Plaintiffs.

80. Defendants intended that Plaintiffs should rely on said representation as inducement to deceive and cause Plaintiffs to work and continue in their employment with the expectation of employment status so that Xu and the other Defendants could profit from the theft of Plaintiffs' labor and services.

81. Plaintiffs each reasonably believed and justifiably relied upon said false representation

- 11 -

made by the Defendants and at all times Plaintiffs were thereby caused and induced to continue in their employment with the Defendants.

82. Plaintiffs did not realize and discover the fraud and deceit practiced upon them by the Defendants, until on or about their respective dates of termination by and from Defendants' employment.

83. As a proximate result of Defendants' fraud and deceit upon them, Plaintiffs have been damaged by the loss of wages, and other benefits under their contract(s) and/or agreements as they were induced to their detriment to forego other employment opportunities and jobs.

84. Defendants are thus liable, jointly and severally, to Plaintiffs for the non-payment and loss of their wages, compensatory and exemplary damages, in an amount to be proven at hearing.

85. Defendants are thus also liable, jointly and severally, to Plaintiffs, for costs of this action and for reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION
### (Equitable Relief/Quantum Meruit/Unjust Enrichment)

86. The allegations in paragraphs 1 through 85 are re-alleged and incorporated by reference in this Seventh Cause of Action.

87. Plaintiffs in good faith worked for and rendered services to and for which Defendants unjustly benefitted from, and for which Defendants intentionally failed and refused to perform and pay for said services and benefits.

88. Based on said facts as alleged herein-above, it would be unjust and inequitable to allow and permit Defendants to benefit from Plaintiffs' labor, work, and services, without reasonable compensation therefor.

89. Thus, Plaintiffs are entitled to and should be awarded reasonable compensation for all unpaid services, tasks, and work done for Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an award and relief as follows:

1. That Defendants be found liable for and ordered, jointly and severally, to pay Plaintiffs the applicable minimum wages for all hours worked by Plaintiffs for Defendants, in an amount to be determined at trial;

2. That Defendants be found liable for and ordered, jointly and severally, to pay Plaintiffs their overtime compensation for all the hours worked by Plaintiffs for Defendants in excess of forty (40) hours in each work week, in an amount to be determined at trial;

3. That Defendants be found liable for and ordered, jointly and severally, to pay Plaintiffs an equal amount as liquidated damages, prejudgment interest, reasonable attorney's fees and costs;

4. For the imposition of appropriate sanctions and penalties against all the Defendants to deter future violations regarding willful failure to pay wages to Plaintiffs/employees, fraud and deceit and/or theft of labor and services, as discussed herein.

5. For such other and further relief as may be deemed proper at law or in equity.

Dated this 26th day of May, 2021.

/s/
**JOE HILL**
Attorney for Plaintiffs

## DECLARATION

I declare under penalty of perjury that the above Verified Complaint for Violation of the Fair Labor Standards Act and Supplemental State Law Claims was translated to me from English into my native language of Bengali by a translator chosen by me and that the factual allegations in the said Verified Complaint are true and correct to the best of my knowledge and belief and that this declaration was executed this 26th day of May, 2021 at Saipan, Commonwealth of the Northern Mariana Islands.

**ABU YOUSUF**
Plaintiff/Declarant

**MD. ROKONNURZZAMAN**
Plaintiff/Declarant

- 13 -