**THOMPSON LAW, LLC**
Colin M. Thompson, F0221
PMB 917, Box 10001
J.E. Tenorio Building
Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

**PIXLEY LAW OFFICES, LLC**
Steven P. Pixley, F0178
P.O. Box 7757
Third Floor, TSL Plaza
Beach Road, Garapan
Telephone: (670) 233-2898/5175
Facsimile: (670) 233-4716

*Attorney for LongFeng Corporation, Guowu Li, and Xu Gui Qing*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

**ABU YOUSUF and MD. ROKONNURZZAMAN,**

**Plaintiffs,**

**-vs-**

**LONGFENG CORPORATION *dba* NEW XO MARKET and PARTY POKER, GUOWU LI, XU GUI QING, and FELOTEO V. RANADA *dba* NVM ENTERPRISES, jointly and severally,**

**Defendants.**

**CIVIL ACTION NO. 21-00015**

**MEMORANDUM IN SUPPORT OF DEFENDANTS LONGFENG CORPORATION dba NEW XO MARKET and PARTY POKER, GUOWU LI AND XU GUI QING'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**

**Date: January 13, 2021**
**Time: 9:00 a.m.**
**Judge: Honorable Ramona V. Manglona**

**TABLE OF CONTENTS**


I. INTRODUCTION .......... 1

II. THE FIRST AMENDED COMPLAINT .......... 1

III. LEGAL ANALYSIS .......... 3

A. Motion to Dismiss Pleading Standard .......... 3

B. Sufficiency of Pleading FLSA Claims Under *Landers* .......... 4

C. Plaintiffs' FAC Should be Dismissed Against Longfeng Corp., Guowu LI, and Xu Gui Qing Because They did not Employ Plaintiffs .......... 5

D. Plaintiffs' Minimum Wage and Overtime Claims are Inadequately Pled .......... 6

E. Plaintiffs' Retaliation Claims Fail Because They Have Not Engaged in Activity Protected by the FLSA .......... 10

F. Plaintiffs' Claims Must be Limited to the Relevant Time Period .......... 12

G. Plaintiffs' Common Law Claims are Duplicative of and Preempted by the FLSA 13

III. CONCLUSION .......... 16

# TABLE OF AUTHORITIES

**CASES**

*Adair v. City of Kirkland (9th Cir. 1999)*
185 F.3d 1055 .......... 7

*Alexander v. Vesta Ins. Grp., Inc. (N.D. Ala. 2001)*
147 F. Supp. 2d 1223 .......... 15

*Alvarado v. I.G.W.T. Delivery Sys., Inc. (S.D. Fla. 2006)*
410 F. Supp. 2d 1272 .......... 11

*Anderson v. Pacific Maritime Ass'n (9th Cir. 2003)*
336 F.3d 924 .......... 5

*Artist Hous. Holdings, Inc. v. Davi Skin, Inc. (D. Nev. Aug. 28, 2007)*
2:06-cv-0893-RLH-LRL, 2007 U.S. Dist. LEXIS 64886 .......... 4

*Ashcroft v. Iqbal (2009)*
556 U.S. 662 .......... 3, 4, 6, 10, 11, 12

*Associated Gen. Contractors of Cal., Inc. v. Carpenters (1983)*
459 U.S. 519 .......... 3

*Bell Atlantic Corp. v. Twombly (2007)*
550 U.S. 544 .......... 1, 3, 4, 6, 7, 10, 11, 12

*Botello v. Telecom (W.D. Tex. Sep. 21, 2010)*
No. SA-10-CV-305-XR, 2010 U.S. Dist. LEXIS 99790 .......... 15, 16

*Bouthner v. Cleveland Constr. Inc. (D. Md. July 21, 2011)*
No. RDB-11-244, 2011 U.S. Dist. LEXIS 79316 .......... 15, 16

*Brown v. Elec. Arts, Inc. (9th Cir. 2013)*
724 F.3d 1235 .......... 3

*Bush v. Vaco Tech. Servs., LLC (N.D. Cal. May 2, 2018)*
No. 17-cv-05605-BLF, 2018 U.S. Dist. LEXIS 74613 .......... 9

*Chen v. St. Beat Sportswear, Inc. (E.D.N.Y. 2005)*
364 F. Supp. 2d 269 .......... 15

*Davis v. Abington Mem. Hosp. (3rd Cir. 2014)*
756 F.3d 236 .......... 4

*Dejesus v. HF Mgmt. Services, LLC (2nd Cir. 2013)*
726 F.3d 85 .......... 4

*DM Research, Inc. v. Coll. of Am. Pathologists (1st Cir. 1999)*
170 F.3d 53 .......... 12

*Dove v. Coupe (D.C. Cir. 1985)*
759 F.2d 167 .......... 7

*EEOC v. Glob. Horizons (D. Haw. Nov. 2, 2011)*
No. 11-00257 DAE-RLP, 2011 U.S. Dist. LEXIS 127734 .......... 5

*Farmer v. DirectSat United States (N.D. Ill. Oct. 4, 2010)*
No. 08 C 3962, 2010 U.S. Dist. LEXIS 105738 .......... 16

*Farris v. Cnty. of Riverside (C.D. Cal. 2009)*
667 F.Supp.2d 1151 .......... 7

*Helander v. Hoang (S.D. Cal. Jan. 23, 2007)*
No. 06CV1626 WQH (LSP), 2007 U.S. Dist. LEXIS 5008 .......... 10

*Helm v. Alderwoods Group, Inc. (N.D. Cal. 2009)*
696 F. Supp. 2d 1057 .......... 13, 15

*Hicks v. Ass'n of Am. Med. Colleges (D.D.C. 2007)*
503 F.Supp.2d 48 .......... 10

*L & F Distrib. v. Cruz (Tex. App. 1996)*
941 S.W.2d 274 .......... 11

*Lambert v. Ackerley (9th Cir. 1999)*
180 F.3d 997 .......... 11

*Landers v. Quality Communications, Inc. (9th Cir. 2014)*
771 F.3d 638 .......... 4, 5, 7, 8, 9

*Lopez v. Flight Servs. & Sys., Inc. (W.D.N.Y. Jan. 22, 2008)*
No. 07-CV-6186 CJS, 2008 U.S. Dist. LEXIS 4744 .......... 13

*Lundy v. Catholic Health Sys. of Long Island (2nd Cir. 2013)*
711 F.3d 106 .......... 4

*Maciel v. City of L.A. (C.D. Cal. 2008)*
569 F.Supp.2d 1038 .......... 7

*Mendiola v. CPS Sec. Sols., Inc. (2015)*
60 Cal.4th 833 .......... 8

*Miller v. Amazon.com, LLC (N.D. Cal. Mar. 29, 2018)*
No. 17-cv-03488-MMC, 2018 U.S. Dist. LEXIS 54219.......... 9

*Morgan v. Speak Easy, LLC (N.D. Ill. 2007)*
625 F. Supp. 2d 632.......... 15

*Moss v. United States Secret Service (9th Cir. 2009)*
572 F.3d 962.......... 11

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc. (2nd Cir. 2013)*
723 F.3d 192.......... 4

*Nissenbaum v. NNH Cal Neva Services Co., LLC (D. Nev. 2013)*
983 F. Supp. 2d 1234.......... 6

*Papasan v. Allain (1986)*
478 U.S. 265.......... 3

*Pruell v. Caritas Christi (1st Cir. 2012)*
678 F.3d 10.......... 4

*Raad v. Fairbanks N. Star Borough Sch. Dist. (9th Cir. 2003)*
323 F.3d 1185.......... 10

*Samuels v. We've Only Just Begun Wedding Chapel, Inc. (D. Nev. Mar. 31, 2014)*
No. 2:13-cv-00923-APG-PAL, 2014 U.S. Dist. LEXIS 46380 .......... 7

*Tan v. GrubHub, Inc. (N.D. Cal. 2016)*
171 F.Supp.3d 998.......... 9

*Tombrello v. USX Corp. (N.D. Ala. 1991)*
763 F. Supp. 541.......... 16

*Torres-Lopez v. May (9th Cir. 1997)*
111 F.3d 633.......... 6

*W. Mining Council v. Watt (9th Cir. 1981)*
643 F.2d 618.......... 4

*Wilson v. Decibels of Or., Inc. (D. Or. Feb. 1, 2018)*
No. 1:17-cv-01558-MC, 2018 U.S. Dist. LEXIS 16564.......... 13

*Yazoo County Indus. Dev. Corp. v. Suthoff (1982)*
454 U.S. 1157 .......... 3

*Yucesoy v. Uber Techs., Inc. (N.D. Cal. Feb. 9, 2016)*
No. 15-cv-00262-EMC, 2016 U.S. Dist. LEXIS 15867 .......... 8

**Other Authorities**

4 CMC § 9246 .......... 12

29 C.F.R. § 776.4 .......... 7

29 U.S.C. § 206 .......... 6

29 U.S.C. § 215 .......... 10, 11, 12

29 U.S.C. § 216 .......... 6

29 U.S.C. § 255 .......... 12

Fed. R. Civ. P. 8 .......... 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Longfeng Corporation, Guowu Li, and Xu Gui Qing (hereinafter, the "Defendants"), by and through their counsel, move to dismiss Plaintiffs' First Amended Complaint (ECF No. 11) (the "FAC"). This motion is made and based on the pleadings and papers on file, this memorandum of points and authorities, and any argument of counsel that this Court requests.

## I. INTRODUCTION

Plaintiffs Abu Yousef and MD. Rokonnurzzaman (hereinafter the "Plaintiffs") are former security guards who were employed by a security company and assigned to provide security guard services at the New XO Market and Party Poker locations. Plaintiffs' claims for unpaid wages, retaliation, fraud, and unjust enrichment do not pass muster under the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) because Plaintiffs have not pled any facts that would give rise to their otherwise vague and unsupported claims.

Further, as some sort of arbitrary "catch all," Plaintiffs collectively define "Defendants" as Longfeng Corporation dba New XO Market and Party Poker, Guowu Li, Xu Gui Qing, and Feloteo V. Ranada dba NVM Enterprises and somehow maintain that "Defendants" employed Plaintiffs as security guards and as a jack-of-all-trades. (FAC ¶¶ 17, 21, 33) Longfeng Corporation, Guowu Li, and Xu Gui Qing did not employ Plaintiffs, nor do Plaintiffs sufficiently allege any type of joint-employment relationship between the Defendants – likely because one does not exist. Because Longfeng Corporation, Guowu Li, and Xu Gui Qing were not Plaintiffs' employers, as a matter of law, they cannot be held liable for violations of the FLSA, MWHA and related retaliation.

## II. THE FIRST AMENDED COMPLAINT

Plaintiffs alleged the following in the FAC:

Plaintiffs worked or/ was suffered by work by Defendants. (FAC ¶¶ 6, 7) Defendant GuoWu Li and Defendant Xu Gui Qing was the day-to-day agents, managers and supervisors of Plaintiffs, who had authority to hire and fire and was the alter ego of and doing business as New XO Market and Party Poker, and who controlled, made, and determined the daily work schedule and work assignments of Plaintiffs, and who individually directed and supervised the work of Plaintiffs and other employees on a daily basis and was an employer of Plaintiffs as defined by law. (28 U.S.C. § 203(d)) and the MWHA (4 CMC §§ 9211 et seq.). (*Id* ¶¶ 9, 10) Defendant Ranada entered into an agreement or scheme with the Defendants allowing or facilitating the hiring and payment of wages, far below the federal/CNMI minimum wage and/or overtime rate for the CNMI, to the Plaintiffs. (*Id* ¶ 13) Defendants, including Defendant Ranada, were joint employers of Plaintiffs. (*Id* ¶ 14). Defendant Xu prohibited Yousuf and Rokonnurzzaman to have a lunch break or period for eating his meals during his work shift. (*Id* ¶ 24, 35) Defendant Xu admonished Yousuf and Rokonnurzzaman for using the restroom during working hours, as being a waste of time, telling him to use the restroom at his house instead, as the store's restroom was for customers. (*Id* ¶ 25, 36) On or about February 18, 2021, Yousuf complained again about non-payment of backwages and for payment of the full regular and overtime rates. In addition, Yousuf followed up and inquired about the status of his CW-1 application, as earlier promised to him by the Defendants. (*Id* ¶ 28) On the following day, February 19, 2021, after Yousuf's work shift that day, Xu called Yousuf by phone and told him that Xu had found someone willing to replace him and work for the $4.25 hourly rate. Xu then informed Yousuf that there was no need for him to report for work anymore for the Defendants. (*Id* ¶ 29) On or about January 20, 2019, without reasonable explanation, Xu terminated Rokonnurzzaman's employment after the latter complained earlier about his below-minimum wage rate and/or unpaid backwages and followed up and inquired about the status of his CW-1 application, as earlier promised to him by the Defendants. (*Id* ¶ 39)

## III. LEGAL ANALYSIS

### A. Motion to Dismiss Pleading Standards

Federal Rule of Civil Procedure 12(b)(6) authorizes this Court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See Yazoo County Indus. Dev. Corp. v. Suthoff*, 454 U.S. 1157, 1161 (1982). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal punctuation and citation omitted); Federal Rule of Civil Procedure (8)(a)(2) (stating a claim requires a statement showing the plaintiff is entitled to relief). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.* at 558 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983)).

Testing the sufficiency of the complaint thus involves two steps. *Iqbal*, 556 U.S. at 678-79. During the first step, the court identifies and eliminates from further consideration allegations that "are no more than conclusions." *Id.* at 678. A plaintiff "does not unlock the doors of discovery . . . armed with nothing more than conclusions." *Id.* Unless there are "well-pleaded facts" that demonstrate the plausibility of the claim, "the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quotations omitted) (citing Federal Rule of Civil Procedure 8(a)(2)). Moreover, neither "legal conclusions couched as factual allegations" nor "naked assertions devoid of further factual enhancement" are enough to survive a motion to dismiss. *Id.* at 678; *see also Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013). Only if and "[w]hen there are well-pleaded factual allegations," the court

proceeds to the next step to determine "whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Iqbal*, 556 U.S. at 670. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the court to draw on its judicial experience and common sense." *Id*. at 679.

While courts must assume all of the factual allegations in the complaint are true, legal conclusions in the form of factual allegations are not deserving of the same treatment. *Artist Hous. Holdings, Inc. v. Davi Skin, Inc.*, No. 2:06-cv-0893-RLH-LRL, 2007 U.S. Dist. LEXIS 64886, at *4 (D. Nev. Aug. 28, 2007) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Plaintiffs' allegations and claims are built upon nothing more than conclusory allegations, unreasonable inferences, and unwarranted deductions of fact; and as such, they fail to plead a cognizable legal theory in support of their causes of action.

**B. Sufficiency of Pleading FLSA Claims under Landers**

The Ninth Circuit has addressed the sufficiency of pleadings in the FLSA context in light of *Iqbal* and *Twombly*, and adopted the approach of the First, Second, and Third Circuits. *See Landers v. Quality Communications, Inc.*, 771 F.3d 638, 643-45 (9th Cir. 2014) (relying on *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012); *Dejesus v. HF Mgmt. Services, LLC*, 726 F.3d 85 (2nd Cir. 2013); *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2nd Cir. 2013); *Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106 (2nd Cir. 2013); *Davis v. Abington Mem. Hosp.*, 756 F.3d 236 (3rd Cir. 2014)). In *Landers*, the Ninth Circuit clarified that FLSA pleadings must contain more than "conclusory allegations that merely recite the statutory language," 771 F.3d at 644, as such an approach would run afoul of the Supreme Court's caution in *Iqbal* that offering "labels and

conclusions or a formulaic recitation of the elements of a cause of action" will not suffice to meet a plaintiff's pleading burden. *Id*. (citing *Iqbal*, 556 U.S. at 678). While the Landers court cautioned that detailed facts are not required in the FLSA context, it held that a pleading still must present, within context, the facts that take the claim from the realm of conceivable to plausible. *Id*. at 644-45. Notably, the Ninth Circuit affirmed the dismissal of the plaintiff's complaint in Landers because he provided no "detail regarding a given workweek when [he] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id*.

**C. Plaintiffs' Complaint Should be Dismissed Against Longfeng Corporation, Guowu Li, and Xu Gui Qing Because They did not Employ Plaintiffs**

Plaintiffs may not bring their claims against Longfeng Corporation, Guowu Li, and Xu Gui Qing because neither were Plaintiffs' employer and, importantly, Plaintiffs **have not alleged with any specificity** that Longfeng Corporation, Guowu Li, and Xu Gui Qing were their employer or somehow impacted or controlled Plaintiffs' employment. (FAC ¶¶ 9, 10, 15) An employer cannot be liable to an individual unless there is "some connection with an employment relationship." *Anderson v. Pacific Maritime Ass'n*, 336 F.3d 924, 930 (9th Cir. 2003). To establish an employment relationship existed, Plaintiffs must offer more than unsubstantiated allegations, which amount to nothing more than a series of labels and conclusions. *EEOC v. Glob. Horizons*, No. 11-00257 DAE-RLP, 2011 U.S. Dist. LEXIS 127734, (D. Haw. Nov. 2, 2011). In Global Horizons, the court noted that the First Amended Complaint was "completely devoid of any factual allegations regarding the nature of the relationship between each of the Moving Defendants and the Claimants." *Id*. at *29-30.

To state a claim for violations of the FLSA, there must be an employer-employee relationship. This requires an "employer" and "employee" and the act or condition of employment. FLSA sections 3(d), (e), and (g) define the terms "employer," "employee," and "employ." The Court applies an

economic reality test to determine whether a joint employment relationship exists under FLSA, considering whether alleged employer: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of payment; (3) determined the rate and method of payment; and (4) maintained employment records. *Nissenbaum v. NNH Cal Neva Services Co.*, LLC, 983 F. Supp. 2d 1234, 1239 (D. Nev. 2013) (citing *Torres-Lopez v. May*, 111 F.3d 633, 638 (9th Cir. 1997) and *Moreau v. Air France*, 356 F.3d 942, 946-47 (9th Cir. 2004)).

The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce," a minimum wage. 29 U.S.C. § 206(a). "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Here, Plaintiffs' failure to provide sufficient factual allegations of an employment relationship with Longfeng Corporation, Guowu Li, and Xu Gui Qing or any facts as to how these defendants impacted or controlled Plaintiffs render each of their claims ripe for dismissal against these three Defendants under the pleading standards set forth in *Twombly*, 550 U.S. at 555 and *Iqbal*, 556 U.S. at 677-78.

**D. Plaintiffs' Minimum Wage and Overtime Claims are Inadequately Pled**

Plaintiffs cannot show that their weekly wages fell below the statutory minimum, and their FLSA minimum wage and overtime claims must be dismissed without leave to amend. Section 206(a) of the FLSA entitles employees to a minimum wage of "not less than $7.25 an hour." 29 U.S.C. § 206(a). While it is "axiomatic, under the FLSA that employers must pay employees for all 'hours

worked,'" "**a violation of this axiom is not established if an employee's number of hours worked divided by wages received is above the FLSA's minimum wage requirements**." *Farris v. Cnty. of Riverside*, 667 F.Supp.2d 1151, 1162 (C.D. Cal. 2009) (citing *Maciel v. City of L.A.*, 569 F.Supp.2d 1038, 1055 (C.D. Cal. 2008) (emphasis added)). Indeed, "the workweek as a whole, not each individual hour within the work week, determines an employee's 'wages' for purposes of determining FLSA violations," and "**an employer's failure to compensate an employee for any particular hours worked does not necessarily violate the minimum wage provision of the FLSA**." *Samuels v. We've Only Just Begun Wedding Chapel, Inc.*, No. 2:13-cv-00923-APG-PAL, 2014 U.S. Dist. LEXIS 46380, at *7 (D. Nev. Mar. 31, 2014) (citing 29 C.F.R. § 776.4(a) and *Dove v. Coupe*, 759 F.2d 167, 171 (D.C. Cir. 1985) (emphasis added)). *See also Adair v. City of Kirkland*, 185 F.3d 1055, 1063 (9th Cir. 1999) (no minimum wage claim under the FLSA where Plaintiffs' "salary, when averaged across their total time worked, still paid them above minimum wage"). That is, "[i]f the total wage paid to an employee in any given workweek divided by the total hours worked that week equals or exceeds the applicable minimum wage, there is no FLSA violation." *Samuels*, 2014 LEXIS 46380, at *8 (emphasis added).

Plaintiffs' minimum wage and overtime claims fail because they do not plead anything more than "'naked assertion[s]' devoid of 'further factual enhancement'" in support of these claims. *See Landers*, 771 F.3d at 641 (quoting *Twombly*, 550 U.S. at 555, 557)). Specifically, Plaintiffs allege that they "performed work in excess of forty (40) hours per work week on a regular and repeated basis" (FAC, ¶¶ 21, 33) and that they were required to work "at a rate of $4.25 per hour" (FAC, ¶¶ 26, 37). But Plaintiffs fail to allege which hours they were not paid for and which hours their stated rate applied, or how they calculated this rate. Thus, Plaintiffs' First, Second, Third, and Fourth causes of action fail to state a claim "that is plausible on its face." *Twombly*, 550 U.S. at 570.

*Landers* requires at "minimum" that Plaintiffs allege "a given workweek" in which they were not paid minimum wage and/or overtime. *Landers*, 771 F.3d at 644-45. Plaintiffs' generalized allegations that they "performed work in excess of forty (40) hours per work week on a regular and repeated basis" is thus patently deficient. *See* FAC, ¶¶ 21, 33; *Landers*, 771 F.3d at 644-45.

Moreover, Plaintiffs fail to plead specific facts explaining what time they are counting as compensable hours worked. In *Yucesoy v. Uber Technologies, Inc.*, the Court dismissed minimum wage and overtime claims due to the plaintiffs' similar failure to plead specific facts explaining when their "waiting time" constituted compensable hours worked. *Yucesoy v. Uber Techs., Inc.*, No. 15-cv-00262-EMC, 2016 U.S. Dist. LEXIS 15867, at *20 (N.D. Cal. Feb. 9, 2016). The court emphasized that the complaint there lacked specific allegations explaining "what ability drivers [had] to conduct personal business while logged onto the app." *Id*. at *21. Plaintiffs' claims suffer from the same deficiencies here. Plaintiffs do not allege anything about whether they conducted any personal or other business during the time they alleged to have been working. *See Mendiola v. CPS Sec. Sols., Inc.*, 60 Cal.4th 833, 841 (2015) (The fact that an "employee ha[s] actually engaged in personal activities during call-in time" weighs against deeming the time compensable worktime.)

In *Yucesoy*, the Court dismissed a plaintiff Uber driver's minimum wage and overtime claims under Massachusetts law. *Yucesoy v. Uber Techs., Inc.*, No. 15-cv-00262-EMC, 2016 U.S. Dist. LEXIS 15867, at *21 (N.D. Cal. Feb. 9, 2016). The court rejected as inadequate the claim in plaintiff's complaint that "the amount he received for his work driving for Uber came to less than the Massachusetts minimum wage of $9.00 per hour." *Id*. The Court noted that "Plaintiffs provide no information for how this hourly amount was calculated and why Morris's hours logged into the Uber app should be considered compensable time." *Id*. Nor have Plaintiffs provided any information for their minimum wage or overtime calculations here.

In *Tan*, the court likewise dismissed claims under California minimum wage and overtime laws, applying *Landers*. *Tan v. GrubHub, Inc.*, 171 F.Supp.3d 998, 1006 (N.D. Cal. 2016) ("Although *Landers* discussed FLSA claims, its reasoning applies to California Labor Code claims as well."). Similar to the instant case, the plaintiffs had pleaded that their "weekly pay rates have fallen below state minimum wage requirements in many weeks." *Id*. In rejecting these allegations as inadequate, the court noted that the plaintiff failed to identify facts that give rise to a plausible inference that he was not paid minimum wage or overtime during at least one work week" because there were "no allegations about what period of time or type of conduct Plaintiffs are counting as hours worked." *Id*. at 1008. "Without these basic factual allegations, the Court cannot conclude that Plaintiffs' minimum wage or overtime claims are plausible." *Id*.

Other courts have similarly dismissed minimum wage claims that were not adequately pleaded. *See, e.g., Bush v. Vaco Tech. Servs., LLC*, No. 17-cv-05605-BLF, 2018 U.S. Dist. LEXIS 74613, at *27 (N.D. Cal. May 2, 2018) (applying *Landers* and dismissing California minimum wage and overtime claims where plaintiff merely "recited[d] the statutory requirements of the California Labor Code" because plaintiff did "not plausibly allege that Google has violated any of these provisions" and did not plead "facts regarding 'what period of time or type of conduct' she is counting as hours worked'"); *Miller v. Amazon.com, LLC*, No. 17-cv-03488-MMC, 2018 U.S. Dist. LEXIS 54219, at *2 (N.D. Cal. Mar. 29, 2018) (quoting *Landers* and dismissing minimum wage claim where plaintiff failed to "allege facts showing that there was a given week in which [she] was entitled to but denied minimum wages or [regular] wages" and failed to "estimate[e] the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wage she believes she is owed, or any other facts that will permit the court to find plausibility"). Again,

Plaintiffs have not alleged any of the information these courts found to be important at the pleading stage. Plaintiffs' minimum wage and overtime claims should be dismissed.

**E. Plaintiffs' Retaliation Claim Fails Because They Have Not Engaged in Activity Protected by the FLSA**

Under the FLSA, it is a statutory violation for an employer to terminate an employee because they filed a complaint relating to an activity protected under the statute. *See* 29 U.S.C. § 215(a)(3) (it is unlawful to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter"). Courts recognize three elements of a prima facie retaliation claim: (1) plaintiff engaged in activity protected by the applicable statute; (2) plaintiff suffered an adverse employment action; and (3) there was a causal link between plaintiff's activity and the employment decision. *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003); *Hicks v. Ass'n of Am. Med. Colleges*, 503 F.Supp.2d 48, 51 (D.D.C. 2007).

Plaintiffs' retaliation claim is not cognizable under the FLSA because it fails to allege they engaged in any activity "protected" by the FLSA. By the express terms of the FLSA, Plaintiffs cannot base a retaliation claim on activity that is not "under or related to this chapter." 29 U.S.C. § 215(a)(3). Rather, "a person must file a complaint or institute a proceeding under or related to the FLSA in order to state a claim for relief under 29 U.S.C. § 215(a)(3)." Helander v. Hoang, No. 06CV1626 WQH (LSP), 2007 U.S. Dist. LEXIS 5008, at *6 (S.D. Cal. Jan. 23, 2007).

Plaintiffs' retaliation claim here suffers from the same pleading insufficiency that required dismissal of the complaints in *Twombly* and *Iqbal*. Here, Plaintiffs state that "due to repeated Plaintiffs' complaint regarding unpaid wages and unfulfilled promise to file I-129CW petition for Plaintiffs, Xu terminated their employment with the Defendants." (FAC., ¶ 72) but again entirely fails to allege how

this constitutes protected activity under the FLSA. Under *Twombly*/*Iqbal*, these boilerplate and conclusory allegations are insufficient to warrant the burden and expense of litigation. Plaintiffs offer no specific facts suggesting, for example, that they complained about violations of federal wage and hour laws, or any other sufficient factual content to support their conclusion that they engaged in protected activity under the FLSA. *See Iqbal*, 129 S. Ct. at 1951 (rejecting bald allegations as not entitled to assumption of truth); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

In *Lambert v. Ackerley*, 180 F.3d 997 (9th Cir. 1999), the Ninth Circuit stated:

> We agree that **not all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of § 215(a)(3)**. The actions taken by the plaintiffs here, however, were in no way amorphous . . . [P]laintiffs not only complained orally to their employers about the failure to pay adequate overtime wages and specifically alleged a violation of the FLSA, they also contacted the Department of Labor (which informed them that their employer's practices were illegal), hired an attorney to assist them with their claim, and notified their employer in writing of the specific FLSA violation they were alleging.

*Id*. at 1007 (emphasis added). Unlike the plaintiffs in *Lambert*, Plaintiffs never allege mentioning the FLSA.

Even assuming that Plaintiffs' alleged payment inquiries constituted a complaint, such a complaint would still fall far short of constituting a complaint under the FLSA. *See, e.g.*, *L & F Distrib. v. Cruz*, 941 S.W.2d 274, 278 (Tex. App. 1996) ("[Employee] complained about having to work over the weekend in addition to working long hours during the week, but he neither asked for overtime pay nor indicated that he would file a complaint under the FLSA. Because [employee]'s complaint to his supervisor did not rest on the assertion of a statutory right, we find no evidence that [employee] engaged in any activity protected by the FLSA."); *Alvarado v. I.G.W.T. Delivery Sys., Inc.*, 410 F. Supp. 2d 1272, 1278- 79 (S.D. Fla. 2006) ("The letters signed by the Plaintiffs . . . fail to meet the

elements required for a prima facie case under 29 U.S.C. § 215(a)(3). The letters themselves do not appear to clearly assert rights under the statute in that they make no specific mention of overtime pay or invoke the FLSA.")

Plaintiffs' alleged inquiry here is likewise insufficient. Plaintiffs do not allege that they asserted their rights under the statute. Defendants have a right to the specific facts on which Plaintiffs rely to make out their claims for relief under the FLSA, and Plaintiffs have the burden of pleading these facts. As the court explained in a case cited approvingly by the Supreme Court in *Twombly*, "the price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome." *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999), cited in *Twombly*, 550 U.S. at 557 (emphasis in original). "While this may mean that a civil plaintiff must do more detective work in advance, the reason is to protect society from the costs of highly unpromising litigation." 170 F.3d at 56.

Here, Plaintiffs have not paid the price of entry with their conclusory and insufficient claims, and the FLSA retaliation claim should thus be dismissed. *Twombly* and *Iqbal* instruct that simply raising a conceivable or a conceptual possibility of a violation without some factual predicate is insufficient to survive a motion to dismiss. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

**F. Plaintiffs' Claims Must Be Limited To The Relevant Time Period.**

The statute of limitations for filing a claim under the FLSA is two years; three years if the violation is "willful." 29 U.S.C. § 255(a). The statute of limitations for filing a claim under the MWHA is only six months; and up to a year if the violation is "willful." 4 CMC § 9246. In their FAC, Plaintiffs allege that Mr. Rokonnurzaman worked for Defendants from May of 2018 through January of 2019. (FAC, ¶ 32) Thus, both of the statutes of limitations for the FLSA and the MWHA prevent Mr. Rokonnurzaman from bringing these claims against Defendants. Similarly, Plaintiffs allege that Mr.

Yousuf worked for Defendants from April of 2018 through February of 2021 (FAC, ¶ 19), the bulk of such alleged employment is outside of the relevant statutes of limitations. This Court should therefore dismiss Plaintiffs' claims to the extent they are based on any FLSA violations that occurred prior to May 28, 2019[1] and MWHA[2] violations that occurred prior to November 28, 2020. *Wilson v. Decibels of Or., Inc.*, No. 1:17-cv-01558-MC, 2018 U.S. Dist. LEXIS 16564, at *17 (D. Or. Feb. 1, 2018) (dismissing FLSA and state law overtime claims "to the extent that they seek to reach beyond the applicable limitations period").

**G. Plaintiffs' Common Law Claims are Duplicative of and Preempted by the FLSA**

While Plaintiffs attempt to recast their statutory claims for wage and overtime compensation as common law claims for fraud and unjust enrichment, they cannot recover under common law claims for a defendant's failure to comply with existing statutes. Plaintiffs' common law claims should be dismissed because they are duplicative of, and precluded by, the FLSA and the MWHA. *See, e.g., Lopez v. Flight Servs. & Sys., Inc.*, No. 07-CV-6186 CJS, 2008 U.S. Dist. LEXIS 4744, at *20-21 (W.D.N.Y. Jan. 22, 2008) (dismissing common law claims for breach of contract and unjust enrichment).

In *Helm v. Alderwoods Group, Inc.*, 696 F. Supp. 2d 1057 (N.D. Cal. 2009), the District Court for the Northern District of California did a thorough analysis of FLSA preemption. In Helm the plaintiffs brought a putative class action against defendants and alleged claims for violation of the FLSA and state common law related to unpaid wages. The defendants asserted the plaintiffs' common-

---

[1] Because Plaintiffs' complaint lacks any facts—aside from mere conclusions—showing how Defendants' alleged violations of the FLSA were willful, Plaintiffs should be limited to the two-year statute of limitations.

[2] Because Plaintiffs' complaint lacks any facts—aside from mere conclusions—showing how Defendants' alleged violations of the MWHA were willful, Plaintiffs should be limited to the six-month statute of limitations.

law claims for **unjust enrichment**, conversion, **fraud**, **misrepresentation**, breach of contract, breach of the implied covenant of good faith and fair dealing, and **quantum meruit** were preempted by the FLSA. The court concluded

> plaintiffs' claims for unpaid overtime are directly covered by the FLSA. While the FLSA's savings clause allows states and municipalities to enact wage and hour legislation that is more favorable to workers than the FLSA, the federal statute preempts common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay).

*Id*. at 1076. The court granted the defendants' motion to dismiss with prejudice the plaintiffs' common-law claims that were duplicative of the FLSA.

Plaintiffs' factual allegations set forth the focal points of their wage and overtime claims: (1) they worked over 40 hours per week; and (2) Defendants allegedly did not pay them at the proper rate or overtime rate for all hours worked in excess of 40 hours per week. See FAC. at ¶¶ 21, 26, 33, 37. In Counts I and III of the FAC, seeking relief under the FLSA, Plaintiffs allege that they were not paid the minimum wage or overtime wages. *Id*. at ¶¶ 53, 61. Similarly, in Counts VI and VII, seeking relief under common law theories, Plaintiffs allege damages of loss of wages or reasonable compensation. *Id*. at ¶¶ 89, 94.

Expressing the claims against Defendants in terms of fraud, or unjust enrichment, does nothing to make the common law claims any different than the FLSA claims brought in Counts I and III of the FAC. Both the FLSA and the common law claims depend on the establishment of the same facts: Plaintiffs are entitled to overtime under the FLSA, Plaintiffs worked over 40 hours per week, and Defendants failed to properly pay Plaintiffs for all hours worked. The only difference is the way Plaintiffs classified these claims. The FLSA, however, precludes such an effort to end-run its claims and procedures.

Indeed, numerous courts have dismissed such duplicative common law claims where they rely on proof of the same facts. As one court stated, "a plaintiff may not plead under a theory of unjust enrichment to avoid the statutory framework of the FLSA. Defendants' motion to dismiss Plaintiffs' unjust enrichment claim as it relates to any claim of failure to pay minimum wages or overtime under the FLSA is GRANTED." *Botello v. Telecom*, No. SA-10-CV-305-XR, 2010 U.S. Dist. LEXIS 99790, at *12 (W.D. Tex. Sep. 21, 2010); *see also Bouthner v. Cleveland Constr. Inc.*, Civil Action No. RDB-11-244, 2011 U.S. Dist. LEXIS 79316, at *22 (D. Md. July 21, 2011); *Helm v. Alderwoods Grp., Inc.*, 696 F. Supp. 2d 1057, 1076 (N.D. Cal. 2009) (the FLSA "preempts common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay)"); Morgan v. Speak Easy, LLC, 625 F. Supp. 2d 632, 659-60 (N.D. Ill. 2007) (dismissing plaintiff's state common law claim as preempted by the FLSA, stating that "[plaintiff's] claim for unjust enrichment is directly covered by the FLSA"); *Chen v. St. Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 293 (E.D.N.Y. 2005) (holding the FLSA preempted negligence claims because they were "founded upon the same facts as and therefore are duplicative of the FLSA claims") (internal quotation marks omitted); *Alexander v. Vesta Ins. Grp., Inc.*, 147 F. Supp. 2d 1223, 1240-41 (N.D. Ala. 2001) (granting summary judgment dismissing plaintiffs' common law fraud claims, where plaintiffs were "merely attempting to recast what are clearly FLSA overtime claims in hopes that they might recover damages for mental anguish and punitive damages that would otherwise be available under the FLSA").

Similarly, in *Botello v. Telecom*, No. SA-10-CV-305-XR, 2010 U.S. Dist. LEXIS 99790, at *12 (W.D. Tex. Sep. 21, 2010), the court dismissed the plaintiff's common law claims for quantum meruit, unjust enrichment, and breach of contract as preempted by the FLSA because they were "predicated on [d]efendant's alleged failure to compensate her for hours worked in excess of 40 hours; a requirement imposed by the FLSA [and] [t]he FLSA provides the exclusive remedy for violation of

its mandates." *See* also *Farmer v. DirectSat United States*, No. 08 C 3962, 2010 U.S. Dist. LEXIS 105738, at *40-41 (N.D. Ill. Oct. 4, 2010) ("the FLSA preempts Plaintiffs' state common law claims of unjust enrichment, quantum meruit, and breach of implied contract"); *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D. Ala. 1991) ("As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim.").

Here, as in *Botello*, Plaintiffs' claims in Counts VI and VII are based on the allegation he was not paid at the proper wage or overtime rate for all hours worked in excess of forty per week, a requirement clearly imposed by the FLSA. This Court should follow *Bouthner*, *Botello*, and the other cases across the country that prohibit plaintiffs from avoiding the procedures and substantive rules of the FLSA through artful pleading, and likewise dismiss Plaintiffs' claims for fraud and unjust enrichment with prejudice.

## III. CONCLUSION

Based on the foregoing, it is respectfully requested that the instant Motion be granted, that the First Amended Complaint be dismissed with prejudice.

Dated this 7th day of December, 2021

*/s/ Colin M. Thompson*_____
**THOMPSON LAW, LLC**
Colin M. Thompson
CNMI Bar No. F0221
*Attorney for LongFeng Corporation, Guowu Li, and Xu Gui Qing*

*/s/ Steven P. Pixley*_____
**PIXLEY LAW OFFICES, LLC**
Steven P. Pixley
CNMI Bar No. F0178
*Attorney for LongFeng Corporation, Guowu Li, and Xu Gui Qing*