**JOE HILL**
**HILL LAW OFFICES**
P.O. Box 500917
Saipan, MP 96950
Tel.: (670) 234-7743/6806
Fax:  (670) 234-7753
E-mail: vesta@pticom.com

*Attorney for Plaintiffs Abu Yousuf and Md. Rokonnurzzaman*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **A B U   Y O U S U F  a n d   M D . ROKONNURZZAMAN,**<br><br>Plaintiffs,<br><br>vs.<br><br>**LONGFENG CORPORATION** *dba* **NEW XO MARKET AND PARTY POKER, GUOWU LI, XU GUI QING, FELOTEO V. RANADA** *dba* **NVM ENTERPRISES**, **jointly and severally,**<br><br>Defendants. | Civil Case No. 1:21-cv-00015<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS LONGFENG CORPORATION dba NEW XO MARKET and PARTY POKER, GUOWU LI and XU GUI QING'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Date: <u>February 3, 2022</u><br>Time: <u>9:00 a.m</u>.<br>Chief Judge: Hon. Ramona V. Manglona |

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

TABLE OF CONTENTS

I. INTRODUCTION..................................................................................................1

II. LEGAL STANDARD............................................................................................2

III. DISCUSSION........................................................................................................3

    A. Plaintiffs' FAC Sufficiently Pleads an Employment Relationship

        Between Plaintiffs and Defendants................................................................4

    B.  Plaintiffs' FAC Sufficiently Pled Their Minimum Wage

        and Overtime Claims......................................................................................7

    C.  Plaintiffs' FAC Sufficiently Pled Their Claim

        for Unlawful Retaliation in Violation of FLSA..........................................10

    D.  Plaintiffs Have Adequately Pled that Defendants Actions Are Willful

        Warranting the Extension of Statute of Limitations..........................................12

    E.  If the Court is Inclined to Grant Defendants' Motion,

        Plaintiffs Request and Should be Granted Leave to Amend............................14

IV. CONCLUSION....................................................................................................15

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

TABLE OF AUTHORITIES

*Acho v. Cort,* 2009 WL 3562472 (N.D. Cal. Oct. 27, 2009)..................................................9

*Anderson v. Mt. Clemens Pottery Co.* 328 U.S. 680, 687 (1946)........................................10

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)............................................................................. *passim*

*Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007)............................ *passim*

*Bennett v. Schmidt,* 153 F.3d 516 (7th Cir. 1988)...................................................................2

*Bonnette v. California Health and Welfare Agency,* 704 F.2d 1465 (9th Cir. 1983)....... 5, 6

*Ceant v. Aventura Limousine & Transp. Svc., Inc.* 874 F.Supp.2d 1373
    (S.D. Fla. 2012).............................................................................................................4

*Delphin Aponte v. United States,* 83 Fed.Cl. 80 (2008)........................................................3

*Durnford v. Musclepharm Corp.,* 907 F.3d 595 (9th Cir. 2018)..........................................13

*EEOC v. Romeo Community Schools,* 976 F.2d 985 (6th Cir. 1992)..................................11

*Erickson v. Pardus,* 551 U.S. 89 (2007)................................................................................8

*Foman v. Davis,* 371 U.S. 178 (1962)...............................................................................7, 14

*Garcia v. San Antonio Metropolitan Transit Auth.,* 469 U.S. 528 (1985)..........................5

*Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246 (9th Cir. 1997)..................................................2

*Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 79 S.Ct. 760,
    3 L.Ed.2d 770 (1959).................................................................................................13

*Haskell v. Washington Township,* 864 F.2d 1266 (6th Cir. 1998)......................................12

*Jackson v. Bank of Hawaii,* 902 F.2d 1385 (9th Cir. 1990).................................................14

*Johnson v. Q.E.D. Envtl. System, Inc.,* No. 16–CV–01454–WHO, 2016 WL 4658963
    (N.D. Cal. Sept. 7, 2016)..............................................................................................9

*Lacey v. Maricopa Cnty.,* 693 F.3d 896 (9th Cir. 2012)..............................................3, 7, 14

*Landers v. Quality Communications, Inc.,* 771 F.3d 638, 640 (9th Cir. 2014)............7, 8, 9

*Lambert v. Ackerley,* 180 F.3d 997 (9th Cir. 1998).......................................................10, 11

*Leadsinger, Inc. v. BMG Music Publishing,* 512 F.3d 522 (9th Cir. 2008)....................7, 14

*McDonald v. Kellogg Co.,* 2009 WL 1125830 (D.Kan. Apr. 27, 2009)..............................4

*Norton v. Acone* 192 F.Supp. 46 (D. Mass. 1961)..................................................................10

*Porter v. Jones,* 319 F.3d 483, 494 (9th Cir. 2003)....................................................................2

*Rivera v. Peri & Sons Farms, Inc.,* 735 F.3d 892, (9th Cir. 2013).....................................13

*Schneider v. California Dep't of Corrections,* 151 F.3d 1194 (9th Cir. 1998).....................2

*Starr v. Baca,* 652 F.3d 1202 (9th Cir. 2011)...........................................................3, 7, 8, 10

*Torres-Lopes v. May,* 111 F.3d 633 (9th Cir. 1997)..................................................................5

*U.S. Secretary of Labor v. Labbe,* 319 Fed.Appx. 761 (11th Cir. 2008)...............................4

*Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899 (7th Cir. 2004).........................13

*Zenith Radio Corp., v. Hazeltine Research, Inc.,* 401 U.S. 321 (1971)............................14

## STATUTES

29 U.S.C. § 203(d).................................................................................................................5

29 U.S.C. § 203 (e)(1)............................................................................................................5

29 U.S.C. §§ 206, 207............................................................................................................4

29 U.S.C. § 215 (a)(3)..........................................................................................................11

29 U.S.C. § 216(b).................................................................................................................4

29 U.S.C. § 254(a)...............................................................................................................10

29 U.S.C. § 255(a)...............................................................................................................12

4 CMC § 9211.......................................................................................................................5

4 CMC § 9212(f)...................................................................................................................5

4 CMC § 9222.......................................................................................................................5

## RULES

Fed. R. Civ. P. 8(a)(2)...........................................................................................................8

Fed. R. Civ. P. 8(c)(1).........................................................................................................12

Fed. R. Civ. P. 12(b)(6)...............................................................................................1, 2, 13

Fed. R. Civ. P. 15(a).............................................................................................................7

Fed. R. Civ. P. 15(a)(2).......................................................................................................14

iii

COME NOW Plaintiffs Abu Yousuf and Md. Rokonnurzzaman, by the undersigned counsel, and hereby submit this Plaintiffs' Opposition to Notice of Motion and Defendants Longfeng Corporation dba New XO Market and Party Poker, Guowu Li and Xu Gui Qing's Motion to Dismiss First Amended Complaint Pursuant to FRCP 12(b)(6) dated/e-filed December 7, 2021, as follows:

## I. INTRODUCTION

On May 28, 2021, Plaintiffs filed their Verified Complaint for Violation of Fair Labor Standards Act and Supplemental State Law Claims against Defendants Longfeng Corporation, Guowu Li and Xu Gui Qing. (ECF No. 1). Defendants did not challenge the sufficiency of Plaintiffs' initial complaint. Instead, on July 28, 2021, Defendants filed their Answer to Complaint and Demand for Jury Trial. (ECF No. 3).

On November 08, 2021, pursuant to and within the timeline set by the Court's Scheduling Order, Plaintiffs filed their First Amended Complaint for Violation of Fair Labor Standards Act and Supplemental State Law Claims ("FAC"). (ECF No. 11). The FAC substantially tracks and alleges the same allegations against Defendants in the original Verified Complaint. The only notable amendment in the FAC was the joinder of Feleteo V. Ranada ("Ranada") as an additional party-Defendant.[1]

At the behest of Defendants, the parties stipulated to Defendants' extension of time to respond to the FAC. (ECF No. 15). On December 7, 2021, Defendants moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' FAC.

---

[1] Defendant Ranada filed his Answer to Plaintiffs' FAC on December 07, 2021. Ranada is not one of the defendants-movants in this Motion.

- 1 -

1   In their Notice of Motion and Defendants Longfeng Corporation dba New XO Market

2   and Party Poker, Guowu Li and Xu Gui Qing's Motion to Dismiss First Amended Complaint

3   Pursuant to FRCP 12(b)(6) ("Motion"), Defendants raised various objections to Plaintiffs'

4   FAC, all of which, are addressed, discussed and shown herein as being without merit.

## II. LEGAL STANDARD

Rule 12(b)(6) – Failure to State a Claim

7   A motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely

8   granted." *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (citations omitted).

9   "Instead of lavishing attention on the complaint until plaintiff gets it just right, a district court

10  should keep the case moving–if the claim is unclear, by requiring a more definite statement

11  under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary

12  judgment." *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1988)

13  "The focus of any rule 12(b)(6) dismissal — both in the trial court and on appeal —

14  is the complaint." *Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 n. 1

15  (9th Cir. 1998). "To survive a motion to dismiss for failure to state a claim under Rule

16  12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements

17  of Rule 8(a)(2)" . . . "a short and plain statement of the claim showing that the pleader is

18  entitled to relief." *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir. 2003). The "[f]actual

19  allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*

20  *Corporation v. Twombly,* 550 U.S. 544, 555 (2007). The "[c]omplaint must contain

21  sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

22  face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A

23  pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" *Id.* (citing *Twombly,* 550 U.S. at 555). Whether a complaint satisfies the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The allegations made in a complaint must "give fair notice and . . . enable the opposing party to defend itself effectively." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied,* 132 S.Ct. 1201 (2012). Factual allegations, taken as true, "must plausibly suggest an entitlement to relief, such that it not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

If a complaint or claim is dismissed, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegations of other facts.'" *Lacey v. Maricopa Cnty.,* 693 F.3d 896, 926 (9th Cir. 2012).

### III. DISCUSSION

In light of the *Twombly* and *Iqbal* opinions, it was made to appear that Rule 8 (a)'s liberal pleading standard was forever lost. However, in the realm of FLSA-related cases, case law has shown that the *Twombly* pleading standard is no more onerous than the previous *Conley v. Gibson* standard. *See e.g., Delpin Aponte v. United States,* 83 Fed.Cl. 80, 90 (2008) ("Courts should be careful not to exaggerate [*Towmbly's*] importance since "[o]ther than the rejection of the 'no set of facts' language from *Conley v. Gibson,* the opinion merely reiterates the established approach to determining whether a claim for relief has been stated.") (internal citation omitted).

Under the *Twombly* standard, federal courts have found that the pleading requirements of FLSA are not comparable to more complex cases. "A simple case of unpaid

- 3 -

overtime is not complicated to plead." *Ceant v. Aventura Limousine & Transp. Serv., Inc.* 874 F.Supp.2d 1373, 1377 (S.D. Fla. 2012) (citing *U.S. Secretary of Labor v. Labbe,* 319 Fed.Appx. 761, 763 (11th Cir. 2008) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quiet straightforward."); *see also McDonald v. Kellogg Co.,* 2009 WL 1125830 at *1 (D.Kan. Apr. 27, 2009 ("federal courts in the wake of *Twombly* have held that extensive pleading is not required in the context of a FLSA claim"). "To state a claim for an FLSA violation, '[t]he elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees.'" *Wooldridge v. Gateway Transportation of Georgia, Inc.,* No. 4:19-CV-0053-HLM-WEJ, 2019 WL 2610904, at *3 (N.D.Ga. June 24, 2019).

In the context of the aforementioned cases, the new *Twombly* pleading standard has little impact to straightforward FLSA violation.

**A. Plaintiffs' FAC Sufficiently Pleads an Employment Relationship Between Plaintiffs and the Defendants.**

In their Motion, Defendants claim that the FAC should be dismissed because "Plaintiffs have not alleged with any specificity" the existence of an employer-employee relationship. Motion at 5 (highlights and underscores omitted). The Court is requested to reject this argument. Plaintiffs have sufficiently plead facts that plausibly demonstrate that all Defendants were Plaintiffs' employers as that term is defined under the FLSA.

Claims under FLSA may only be brought against the plaintiff's employer. *See* 29 U.S.C. §§ 206-07, 216(b). Under FLSA, an "employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public

- 4 -

agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). While the CNMI's MWHA, 4 CMC § 9211 *et seq.*, is basically modeled after and tracks the Fair Labor Standards Act. *See* 4 CMC § 9212(f), 9222. Under the MWHA's definition: "'Employer'" means any individual, partnership, association, corporation, . . . or any organized group of persons, acting directly in the interest of an employer in relation to an employee, but does not include the United States government." *See* 4 CMC § 9212(f).

On the other hand, an employee is defined as "any individual employed by an employer." 29 U.S.C. § 203 (e)(1). The FLSA defines an employer-employee relationship broadly. *Torres-Lopes v. May,* 111 F.3d 633, 638 (9th Cir. 1997). "The FLSA's definition of employee has been called the broadest definition that has ever been included in any one act." *Id.* The definition of "employer" under the FLSA is not limited by the common law concept of "employer," but "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Bonnette v. California Health and Welfare Agency,* 704 F.2d 1465, 1469 (9th Cir. 1983), *abrogated on other grounds by Garcia v. San Antonio Metropolitan Transit Auth.,* 469 U.S. 528 (1985).

In the Ninth Circuit, the primary test for establishing an employment relationship under the FLSA is the four-factor "economic reality" test articulated in *Bonnette.* 704 F.2d at 1469. In applying the "economic reality" analysis in *Bonnette,* the Ninth Circuit recognized as relevant "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained

employment records." *Bonnette,* 704 F.2d at 1470. No single factor is determinative; it is the totality of activity that matters. *Id.*

The Ninth circuit court has further indicated that "[w]here an individual exercises 'control over the nature and structure of the employment relationship,' or 'economic control' over the relationship, that individual is an employer within the meaning of the Act, and is subject to liability." *Id.*

In their FAC, each Plaintiff individually alleged that they were daily supervised, managed or controlled variously by Defendants. FAC ¶¶ 9 & 10. Plaintiffs further alleged that Defendants are/were joint employers of Plaintiffs. *Id.* ¶ 14. And thus at various times, Plaintiffs aver that they were employed, worked or suffered to work in different job categories by Defendants. *Id.* ¶¶ 19 - 21, 26, 32 - 33, 37. As their employee, Defendants secured food handler certificates for Yousuf. With said food handler certificate, Yousuf worked also as food handler in addition to his security duties for the Defendants. *Id.* ¶ 22. Defendant Xu prohibited Plaintiffs from having meal/lunch breaks during working hours, warning them that time spent for such activity would be deducted from their wages. *Id.* ¶¶ 24 & 35. Defendant Xu admonished and chided Plaintiffs for using the restroom during working hours stating that the store lavatory is for customers' use only (meaning not for employees like Plaintiffs). *Id.* ¶¶ 25 & 36. Defendants also petitioned for Plaintiffs' work visas or authorization (CW-1). *Id.* ¶¶ 28 & 39. Without reasonable ground, Defendant Xu terminated Plaintiffs' employment. *Id.* ¶¶ 29 & 39. After terminating Plaintiffs' employment, Defendants used and hired replacement workers. *Id.* ¶¶ 31 & 40.

The afore-stated factual allegations, taken as true, establish that Defendants are plausibly Plaintiffs' employers. The said factual allegations are sufficient to "give

- 6 -

[Defendants] fair notice and . . . enable [them] to defend [themselves] effectively[,] . . . . such that it is not unfair to require [them] to be subjected to the expense of discovery and continued litigation." *Starr,* 652 F.3d at 1216. Likewise, there is no basis adequately supporting Defendants' claim to dismiss Plaintiffs' FAC "Because They did not Employ Plaintiffs." Motion at 5 (highlights in original omitted). And if the Court is inclined to grant any portion of Defendants' Motion, which it should not, Plaintiffs request that Plaintiffs be granted leave to amend. Leave to amend "should [be] freely give[n] when justice so requires," Fed. R. Civ. P. 15(a), and generally leave shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party. *Leadsinger, Inc. v. BMG Music Publishing,* 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962). If a complaint or claim is dismissed, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lacey v. Maricopa Cnty.,* 693 F.3d 896, 926 (9th Cir. 2012) (citations omitted).

**B.      Plaintiffs' FAC Sufficiently Pled Their Minimum Wage and Overtime Claims.**

In their Motion, Defendants argue that "Plaintiffs' minimum wage and overtime claims fail because they do not plead anything more that 'naked assertion[s]' devoid of further factual enhancement' in support of these claims." Motion at 7 (citing *Landers v. Quality Communications, Inc.,* 771 F.3d 638, 641 (9th Cir. 2014).

Contrary to Defendants' assertions, Plaintiffs' FAC satisfies all the pleading requirements articulated by the Supreme Court in *Twombly/Iqbal* and by the Ninth Circuit Court in *Landers.*

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

Fed. R. Civ. P. 8(a)(2) requires that a claim in a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." *Landers,* 771 F.3d at 640-41 (quoting Fed. R. Civ. P. 8(a)(2)). A plaintiff need only give a defendant fair notice of the claims asserted and the grounds upon which they rest. *Erickson v. Pardus,* 551 U.S. 89, 93 (quoting *Twombly,* 550 U.S. at 555-56). The allegations made in a complaint must "give fair notice and . . . enable the opposing party to defend itself effectively." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied,* 132 S.Ct. 1201 (2012). The Supreme Court in *Twombly* clarified that to satisfy Fed. R. Civ. P. 8(a)(2), a complaint must contain sufficient factual content "to state a claim for relief that is plausible on its face . . ." *Twombly*, 550 U.S. at 570. This requirement of plausibility was further clarified in *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (expounding that to satisfy Fed. R. Civ. P. 8(a)(2), " a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face") (citation and quotation marks omitted).

In their operative FAC, Plaintiffs raised and proffered the following factual allegations regarding non-payment of wages and overtime:

Plaintiffs have been employed by the Defendants in an hourly-rate, non-exempt position as Security Guard and/or Bagger. (FAC ¶¶ 19-22, 26, 32, 37). During the course of their employment, beginning April 07, 2018 until February 19, 2021, Plaintiff Yousuf regularly worked from Monday through Sunday, performing work in excess of forty hours per each work week on a regular and repeated basis. (FAC ¶¶ 19-21). Plaintiff Rokonnurzzaman, for his part, beginning May 26, 2018 until January 20, 2019, he regularly worked from Monday through Sunday, performing work in excess of forty hours per work week on a regular and repeated basis. (FAC ¶¶ 32-33). Defendants failed to pay Plaintiffs

- 8 -

their full regular rates and overtime wages as required by both FLSA and MWHA laws. (FAC ¶¶ 26-27, 30, 37-38). Plaintiffs further complain/allege that Defendants have failed to provide Plaintiffs with adequate pay/wage statements as required by law. (FAC ¶¶ 23, 34). As a result of Defendants' violations, Plaintiffs were injured.

In *Johnson v. Q.E.D. Envtl. System, Inc.,* a post-*Lander* case, where the complaint included factual information about the plaintiff's work schedule, to the effect that he "regularly worked from 6:45 am to 3:15 pm, Mondays through Fridays, and worked longer hours 'at least once every two weeks." *Johnson v. Q.E.D. Envtl. System, Inc.,* No. 16–CV–01454–WHO, 2016 WL 4658963 at *1 (N.D. Cal. Sept. 7, 2016). The court determined that the allegation of work schedule satisfied *Landers'* requirement that the complaint "provide 'sufficient detail about the length and frequency of [their] unpaid work to support a reasonable inference that [they] worked more than forty hours in a given week.'" *Id.* at *4 (quoting *Landers,* 771 F.3d at 645); *See and compare* Plaintiffs' Declaration in Support attached hereto.

In a nutshell and as shown above, Plaintiffs' claim for failure to pay all hourly and overtime wages earned but still owing is sufficiently pled. As *Landers* instructively counseled: "[d]etailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim." *Landers*, 771 F.3d at 644. "It cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records." *Acho v. Cort,* 2009 WL 3562472 at 3* (N.D. Cal. Oct. 27, 2009). What is required of Plaintiffs is fair notice of the action against the Defendants to "enable [them] to defend [themselves] effectively[,] . . . . such that it is not unfair to require [them] to be subjected to the expense of discovery and continued litigation."

- 9 -

*Starr,* 652 F.3d at 1216. This is particularly true where, as here, Defendants, though their burden, failed to provide Plaintiffs with written wages statements. *See Anderson v. Mt. Clemens Pottery Co.* 328 U.S. 680, 687 (1946) *superseded by statute on other grounds,* 29 U.S.C. § 254(a); *see also Norton v. Acone* 192 F.Supp. 46, 48 (D. Mass. 1961) (*"*The burden to keep proper records is, of course, upon the defendant employer and not upon the plaintiff employee.") (citation omitted).

**C.    Plaintiffs' FAC Sufficiently Pled Their Claim
       for Unlawful Retaliation in Violation of FLSA.**

In their Motion, Defendants allege that Plaintiffs' Retaliation Claim Fails Because They Have Not Engaged in Activity Protected by the FLSA . . . Plaintiffs' retaliation claim is not cognizable under the FLSA because it fails to allege they engaged in any activity 'protected' by the FLSA." Motion at 10 (highlights omitted). Citing *Lambert v. Ackerly,* 180 F.3d 997 (9th Cir. 1998), Defendants claim that "[u]nlike the plaintiffs in *Lambert*, Plaintiffs never allege mentioning the FLSA." Motion at 11. Defendants' said arguments should fail.

The FLSA makes it "unlawful for any person . . . to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter. . ." 29 U.S.C. § 215(a)(3).

It should be noted, as an initial matter, that oral complaints made to an employer constitute protected activity under the law. *Lambert,* 180 F.3d at 1004-05. In *Lambert*, the Appellate Court was asked to resolve "whether the anti-retaliation provision of ["FLSA" or the "Act"] protects employees who complain to their employers about wage and hour violations." Answering in the affirmative, the Ninth Circuit court determined and held that

- 10 -

"complaints made to employers are within the ambit of the FLSA's anti-retaliation clause." *Id.* at 999.

The FLSA protection extends to employees who complain to their employers about an alleged violation of the Act, not only those who file formal complaints with the Department of Labor or the in the courts. *"*If 'any complaint' means 'any complaint,' then the provision extends to complaint made to employers." *Id.* at 1004. Internal complaints are sufficient to trigger the FLSA's anti-retaliation protections "so long as the employee "communicates the *substance* of his allegations to the employer (e.g., that the employer has failed to pay adequate overtime, or has failed to pay the minimum wage), he is protected by § 215(a)(3) [and] the employee may communicate such allegations orally or in writing, and need not refer to the statute by name*." Id.* at 1008 (italics in original) (citing *EEOC v. Romeo Community Schools,* 976 F.2d 985, 989 (6th Cir. 1992) ("employee who communicated substance of allegations to employer and stated that she believed the employer was 'breaking some sort of law,' is protected by § 215(a)(3)).").

"In short, § 215(a)(3) protects from retaliation employees who complain to their employer about violations of the Act. Accordingly, the plaintiffs here engaged in protected conduct and stated a valid claim under the FLSA." *Lambert,* 180 F.3d at 1008.

Here, the FAC alleges that Plaintiffs verbally complained to Defendant Xu on several occasions that they were not properly compensated for their wages and overtime/backwages. (FAC ¶¶ 69-70). In addition to their wage complaint, Plaintiffs also complained about the status of their employment authorization (CW-1). (FAC ¶ 71). Plaintiff Yousuf's last complaint came on February 18, 2019 - the eve of his termination on February 19, 2019, such

- 11 -

termination occasioned by said complaint; while Plaintiff Rokonnurzzaman's last complaint was on January 20, 2019 - and because of said complaint he was terminated on the same day. (FAC ¶¶ 70, 72).

As pled, Plaintiffs plausibly alleged retaliation in their FAC.

**D.     Plaintiffs Have Adequately Pled that Defendants' Actions Are Willful Warranting the Extension of Statute of Limitations.**

In their Motion, Defendants seek to limit Plaintiffs' claim as barred by Statute of Limitations. Motion at 12-13.

As a threshold matter, statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: . . . statute of limitations"). As an affirmative defense, statute of limitations must be pled and affirmatively alleged in the answer. *Id.; see also Haskell v. Washington Township,* 864 F.2d 1266, 1273 (6th Cir. 1998) ("Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, a defense based upon a statute of limitations is waived if not raised in the first responsive pleadings.").

Under FLSA, a claim shall be forever barred unless commenced "within two years after the cause of action accrued, except that a cause of action arising out of a *willful violation* may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a) (emphasis added).

On occasion, it may be proper to dismiss a claim at the pleading stage based on an affirmative defense. But that is only when the operative pleading itself admits all the elements of the affirmative defense by providing the factual basis for those elements. *See*

- 12 -

*Durnford v. Musclepharm Corp.,* 907 F.3d 595, 603 n.8 (9th Cir. 2018) ("Only when the plaintiff pleads itself out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6).") citing *Xechem, Inc. v. Bristol-Myers Squibb Co.,* 372 F.3d 899, 901 (7th Cir. 2004).

Given the above-stated standard, Plaintiffs' FAC is not subject to dismissal based on statute of limitations. Plaintiffs' FAC does not state an admission that the asserted FLSA violations were not willful. On the contrary, the FAC asserts willfulness and intentional acts and omissions on Defendants' part. (FAC ¶¶ 53, 57, 61, 65, 73, & 93). And Federal Rules of Civil Procedure 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

In *Rivera v. Peri & Sons Farms, Inc.,* the Appellate Court for the Ninth Circuit determined that willfulness was adequately alleged in an FLSA claim when the complaint merely alleged violations were "deliberate, intentional, and willful." 735 F.3d 892, 902-03 (9th Cir. 2013).

Accordingly, Plaintiffs' FAC as pled plausibly alleged a willful violation. Because the FAC plausibly alleged a willful violation, the three year statute of limitations applies for FLSA.

Additionally, even if Defendants timely raised statute of limitations, equitable tolling of the statute of limitations is warranted here so that no one (not even Defendants) "may take advantage of his own wrong." The Supreme Court, in *Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), stressed:

> [N]o man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations.

*Id.* (internal footnotes omitted).

By their willful refusal to pay Plaintiffs just and lawful compensation, the Court is requested not to give Defendants premium for such refusal and wrongdoing.

**E.  If the Court is Inclined to Grant Defendants' Motion, Plaintiffs Request and Should be Granted Leave to Amend.**

Federal Rules of Civil Procedure 15(a)(2) provides and allows for the amendment of pleadings with leave of court, or with the opposing counsel's written consent, before trial. Fed. R. Civ. P. 15(a)(2). The said Rule further provides that "[t]he court should freely give leave when justice so requires." *Id.* The Appellate Court for the Ninth Circuit has determined that Rule 15 should be interpreted with "extreme liberality," *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990), and "[a]n outright refusal to grant leave to amend without a justifying reason is . . . an abuse of discretion." *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). And if a complaint or claim is dismissed, "[a] court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lacey v. Maricopa Cnty.,* 693 F.3d 896, 926 (9th Cir. 2012). "Prejudice to the opposing party is the most important factor." *Jackson,* 902 F.2d at 1387 (citing *Zenith Radio Corp., v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-31 (1971).

In their Motion, Defendants have not argued and thus have not met their burden of showing that such an amendment would be futile, or would result in undue prejudice. At this

- 14 -

early pleading stage and before extensive discovery, Defendants though their burden cannot show and will not be prejudiced if Plaintiffs are given leave to amend.

Accordingly, if this Court were to find that Plaintiffs' FAC is defective, Plaintiffs request leave of court allowing Plaintiffs to amend their complaint.

CONCLUSION

Based on the foregoing, Plaintiffs respectfully request this Honorable Court to deny Defendants' Motion to Dismiss dated/e-filed December 7, 2021.

In the event that Defendants' motion to dismiss or a part of it is granted by the Court, Plaintiffs hereby request leave of court to amend their First Amended Complaint.

Respectfully submitted this 29th day of December, 2021.

/s/ *Joe Hill*
**HILL LAW OFFICE**
Joe Hill (F0125)
Attorney for Plaintiffs Abu Yousuf
and Md. Rokonnurzzaman