JOE HILL
HILL LAW OFFICES
P.O. Box 500917
Saipan, MP 96950
Tel.: (670) 234-7743/6806
Fax: (670) 234-7753
E-mail: vesta@pticom.com

*Attorney for Plaintiffs Abu Yousuf and Md. Rokonnurzzaman*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ABU YOUSUF and MD. ROKONNURZZAMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>LONGFENG CORPORATION *dba/aka* NEW XO MARKET and PARTYPOKER, GUOWU LI, XU GUI QING, FELOTEO V. RANADA *dba* N.V.M. ENTERPRISES, jointly and severally,<br><br>Defendants. | Civil Case No. 1:21-cv-00015<br><br>PLAINTIFFS' AMENDED OPPOSITION TO DEFENDANT FELOTEO V. RANADA'S MOTION TO DISMISS; PLAINTIFFS' MOTION TO DECLARE DEFENDANT FELOTEO V. RANADA IN DEFAULT<br><br>Date: May 05, 2022<br>Time: 1:30 p.m.<br>Chief Judge: Hon. Ramona V. Manglona |

**COME NOW** Plaintiffs Abu Yousuf and Md. Rokonnurzzaman, by the undersigned counsel, and hereby submit Plaintiffs' Amended Opposition to Defendant Feloteo V. Ranada's ostensible motion to dismiss e-filed March 31, 2022 in this matters, as follows:

Defendant Ranada's motion to dismiss is untimely and should be stricken or denied. If the Court is inclined to consider the untimely motion, it should be denied as the factual allegations and arguments raised therein are also without merit.

TABLE OF CONTENTS

STANDARD OF REVIEW ..................................................................................................2

ARGUMENT ........................................................................................................................3

    I. The Motion is Untimely and Should be Stricken or Denied ................................3

    II. The Motion is Also Not Meritorious ..................................................................5

    III. For Failure to Timely Respond to the SAC,

        Defendant Ranada may now be Declared in Default ......................................8

    IV. Plaintiffs Request Leave to Amend in the Event

        the Court Believes and Requires Factual Elaboration .................................10

CONCLUSION/PRAYER ...................................................................................................12

# TABLE OF AUTHORITIES

*Animal Legal Defense Fund v. U.S. FDA,* 836 F.3d 987 (9th Cir. 2016)..................5

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)..................2

*Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007)..................2

*Bennett v. Schmidt,* 153 F.3d 516 (7th Cir. 1988)..................2

*Bonnette v. California Health and Welfare Agency,* 704 F.2d 1465 (9th Cir. 1983)....... 5, 6

*Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC,* 779 F.3d 182 (2nd Cir. 2015)..................9

*City of New York v. Mickalis Pawn Shop, LLC.,* 645 F.3d 114 (2nd Cir. 2011)..................9

*Clark v. Wells Fargo Bank,* 6:14-cv-01103-TC, at 2 (D. Oregon Nov. 24, 2014)..................4

*Foman v. Davis,* 371 U.S. 178 (1962)..................10

*Garcia v. San Antonio Metropolitan Transit Auth.,* 469 U.S. 528 (1985)..................5

*Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246 (9th Cir. 1997)..................2

*In re Greenstein,* 589 B.R. 854, 861 (C.D. Cal. 2018), *aff'd,* 788 F.App'x 497 (9th Cir. 2019)..................4

*Jackson v. Bank of Hawaii,* 902 F.2d 1385 (9th Cir. 1990)..................10

*King v. Atiyeh,* 814 F.2d 565 (9th Cir. 1987)..................4

*Lacey v. Maricopa Cnty.,* 693 F.3d 896 (9th Cir. 2012)..................3, 4, 10

*Leadsinger, Inc. v. BMG Music Publishing,* 512 F.3d 522 (9th Cir. 2008)..................10

*Loren v. Sasser,* 309 F.3d 1296 (11th Cir. 2002)..................4

*Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989)..................4

*Moser v. Las Vegas Metro Police Dep't.,* 984 F.3d 900 (9th Cir. 2021)..................5

*Perez v. Wells Fargo N.A.,* 774 F.3d 1329 (11th Cir. 2014)..................9

*Porter v. Jones,* 319 F.3d 483, 494 (9th Cir. 2003)..................2

*Providence Washington Ins. Co. v. Valley Forge Ins. Co.,* 50 Cal. Rptr.,2d 192, 194 (Cal. Ct. App. 1992)..................6

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

*Rick-Mik Enterprises v. Equilon Enterprises*, 532 F.3d 963 (9th Cir. 2008)..........................9

*Schneider v. California Dep't of Corrections*, 151 F.3d 1194 (9th Cir. 1998)....................2

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011)..........................................................................3, 8

*Torres-Lopes v. May*, 111 F.3d 633 (9th Cir. 1997).....................................................................5

*Zenith Radio Corp., v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971).............................10

## STATUTES

29 U.S.C. § 203 (e)(1)..................................................................................................................5

29 U.S.C. § 203(d).......................................................................................................................6

29 C.F.R. § 791.2..........................................................................................................................6

## RULES

Fed. R. Civ. P. 8(a)(2)..................................................................................................................2

Fed. R. Civ. P. 12(b)(6)...............................................................................................................2

Fed. R. Civ. P. 15(a)..................................................................................................................10

Fed. R. Civ. P. 15(a)(3)........................................................................................................3, 4, 9

Fed. R. Civ. P. 55(a)....................................................................................................................9

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

## STANDARD OF REVIEW

Rule 12(b)(6) – Failure to State a Claim[1]

A motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citations omitted). "Instead of lavishing attention on the complaint until plaintiff gets it just right, a district court should keep the case moving–if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1988)

"The focus of any rule 12(b)(6) dismissal — both in the trial court and on appeal — is the complaint." *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998). "To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)" . . . "a short and plain statement of the claim showing that the pleader is entitled to relief." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). The "[c]omplaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Whether a complaint satisfies the plausibility standard is "a context-specific task that

---

[1] Defendant Ranada, *pro se*, filed his motion to dismiss without indicating under what rule he brought his motion. Plaintiffs simply took the liberty to assume that the said motion is being brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The allegations made in a complaint must "give fair notice and . . . enable the opposing party to defend itself effectively." *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied,* 132 S.Ct. 1201 (2012). Factual allegations, taken as true, "must plausibly suggest an entitlement to relief, such that it not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

If a complaint or claim is dismissed, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegations of other facts.'" *Lacey v. Maricopa Cnty.,* 693 F.3d 896, 926 (9th Cir. 2012) (en banc).

## ARGUMENT

### I. The Motion is Untimely and Should be Stricken or Denied.

On February 24, 2022, pursuant to and within the timeline set by the Court's Order (Civil Minutes) dated February 10, 2022 (ECF No. 32), Plaintiffs filed their Second Amended Complaint for Violation of the Fair Labor Standards Act ("SAC") (ECF No. 33).

Pursuant to Fed. R. Civ. P. 15 (a)(3), if the pleading amended is one to which a responsive pleading is appropriate, the opposing party will have either the time remaining before a response to the unamended pleading was due, or fourteen days — whichever is longer — in which to respond. *Id.*

Accordingly, Defendant Feloteo V. Ranada ("Ranada" or "Defendant") had until March 10, 2022 to file his response to the SAC.

On or about March 31, 2022, or twenty-one (21) days past the Rule 15 deadline, Ranada filed his motion to dismiss (ECF No. 39) the SAC.

While Plaintiffs are aware that defendant Ranada is proceeding *pro se,* however, his status as a *pro se* litigant does not excuse him from conforming to the Local Rules or the Federal Rules of Civil Procedure. While the Court must construe pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.,* 693 F.3d 896 (9th Cir. 2012) (en banc); *see also In re Greenstein,* 589 B.R. 854, 861 (C.D. Cal. 2018), *aff'd,* 788 F.App'x 497 (9th Cir. 2019) ("Pro se litigants must comply with basic procedural requirements, despite not being represented by an attorney."); *see also Clark v. Wells Fargo Bank,* 6:14-cv-01103-TC, at 2 (D. Oregon Nov. 24, 2014) (*citing King,* 814 F.2d at 567, warning *pro se* litigant that "litigation is not a game in which he can make up his own rules");  *see also Loren v. Sasser,* 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded to *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *see finally Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (noting that a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure").

Fed R Civ. P. 15 (a)(3) provides:

> *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made with the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Here, Ranada failed to comply with the mandate of the above-quoted Rule. Given the untimeliness of his said motion, relief under Rule 12 for Ranada is therefore foreclosed and unavailing.

## II. The Motion is Also not Meritorious.

Even if the motion was timely, defendant Ranada has not raised any ground sufficient to justify dismissal of the SAC. In addition to its form being deficient and defective, Ranada's motion to dismiss is also not meritorious. While Ranada in his motion claims to being "also a big VICTIM" (ostensibly and indirectly claiming not being Plaintiffs' employer), however, Ranada has offered no legal authority in support of his contentions that dismissal is the proper remedy for being a victim. If indeed, Ranada is also an employee (former) of the other Defendants, among other employers, the logical and legal course of action to take is to file a case against his co-defendants. At best, Ranada's motion raised factual issues, contentions or disputes that must be settled at trial. *See Animal Legal Defense Fund v. U.S. FDA*, 836 F.3d 987, 990 (9th Cir. 2016); *Moser v. Las Vegas Metro Police Dep't*, 984 F.3d 900, 911 (9th Cir. 2021).

Moreover, Ranada's claim that he is not Plaintiffs' employer is misplaced. An employee is defined as "any individual employed by an employer." 29 U.S.C. § 203 (e)(1). The FLSA defines an employer-employee relationship broadly. *Torres-Lopes v. May*, 111 F.3d 633, 638 (9th Cir. 1997). "The FLSA's definition of employee has been called the broadest definition that has ever been included in any one act." *Id.* The definition of "employer" under the FLSA is not limited by the common law concept of "employer," but "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983), *abrogated on other grounds by Garcia v. San Antonio Metropolitan Transit Auth.*, 469 U.S. 528 (1985).

Under FLSA, an employee may have more than one employers. *See Bonnette*, 704 F.2d at 1469; *see also* 29 C.F.R. § 791.2. And under FLSA, an "employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d).

As a person who acted directly or indirectly in the interest of Long Feng Corporation (LFC) and/or his co-Defendants in relation to Plaintiffs, Ranada may be deemed a joint employer of Plaintiffs and subject to liability under the FLSA.

In their SAC, each Plaintiff individually alleged that Ranada, acting as a manpower agency for his co-defendants/clients, "was doing business as and/or operated and controlled NVM Enterprises as his sole business operation and enterprise." SAC ¶¶ 4, 44.[2] Acting as employer, Ranada hired each Plaintiff with New XO Market and Partypoker game room facilities as intended and agreed assignment/placement, either as security guard and/or bagger. SAC ¶ 45.

For his employees' (Plaintiffs) services, Ranada initially charges his principal LFC with a below the minimum wage of $5.05 per hour, for each hour worked by each Plaintiff. SAC ¶ 46; *see also* SAC Exhibit "4" (In the said Exhibit "4," Ranada, signing himself as "Operations" and using NVM's official stationery, billed LFC certain sum of money "for the

---

[2] NVM Enterprises, Inc., as a sole proprietorship, arguably has no existence separate and apart from its owner, Nenita V. Marquez (hence the initials NVM). *See Providence Washington Ins. Co. v. Valley Forge Ins. Co.,* 50 Cal. Rptr.,2d 192, 194 (Cal. Ct. App. 1992) ("A sole proprietorship is not a legal entity itself. Rather, the term refers to a natural person who directly owns the business . . .") On information and belief, Nenita V. Marquez passed away in 2019. Notwithstanding the death of Ms. Marquez in 2019, defendant Ranada continued doing business utilizing the defunct business entity.

- 6 -

services rendered by *our* security officers posted at New XO Market and Party Poker . . .") (emphasis added). Out of this amount of $5.05 per hour for each Plaintiff's hours worked, Ranada deducted certain amount for himself and/or NVM Enterprises by paying each Plaintiff wages at the flat rate of $4.25 per hour. SAC ¶ 48 (with illustration).

During the succeeding years, the initial rate of $5.05 per hour was increased to $5.55 per hour, for each hour worked by each Plaintiff. SAC ¶ 47; *see also* SAC Exhibit "5." (In the said Exhibit "5," Ranada, signing himself as "Operations" and using NVM's official stationery, billed LFC certain sum of money "for the services rendered by *our* security officers posted at New XO Market and Party Poker . . .") (emphasis added). Despite the increase in rate, however, Ranada after deducting certain amount for himself and/or NVM Enterprises continued paying each Plaintiff wages at the flat rate of $4.25 per hour. SAC ¶ 48 (with illustration).

Sometime in or around the year 2020, the rate of $5.55 per hour was further increased to $6.05 per hour for each Plaintiff's hours worked. SAC ¶ 47; *see also* SAC Exhibit "6." (In the said Exhibit "6," Ranada, signing himself as "Company representative" and using NVM's official stationery, billed LFC certain sum of money "for the services rendered by *our* guard posted (sic) New XO Supermarket . . .") (emphasis added). Despite the increase in rate, however, Ranada after deducting certain amount for himself and/or NVM Enterprises continued paying each Plaintiff wages at the flat rate of $4.25 per hour. SAC ¶ 48 (with illustration).

Due to said unwarranted deductions, Plaintiffs' weekly wages fell further below the statutory minimum and overtime wage/rate under the FLSA. SAC ¶ 49 (with illustration/explanation).

- 7 -

In addition, Mr. Li issued checks in LFC's name with Ranada and/or NVM as payee. Ranada would then deposit said negotiable instruments with the bank, encash them and thereafter pay Plaintiffs their respective wages. SAC ¶ 30.

Though their burden, Defendants failed to keep or maintain the required employment records under the FLSA. SAC ¶ 50.

Finally, for their and their respective families' sustenance, each Plaintiff was reliant on their below minimum wages from working at New XO Market and Partypoker, through defendant Ranada. SAC ¶ 13.

The afore-stated factual allegations, taken as true, establish that defendant Ranada is plausibly Plaintiffs' employer, in addition to or together with the other Defendants in this suit. The said factual allegations are sufficient to "give [Defendants] fair notice and . . . enable [them] to defend [themselves] effectively[,] . . . . such that it is not unfair to require [them] to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

Regarding the attached exhibits to defendant Ranada's motion, Plaintiffs lack sufficient information and knowledge to admit or acknowledge the authenticity of the said documents/exhibits, and therefore deny the same.

**III.    For Failure to Timely Respond to the SAC,
         Defendant Ranada may now be Declared in Default.**

As earlier indicated, Plaintiffs filed and served their SAC on February 24, 2022. Defendant Ranada, among others, had been electronically served with the said amended pleading, but he had not answered or otherwise responded to the SAC. *See* attached Declaration in Support of Plaintiffs' Motion for Entry of Default.

- 8 -

Instead, Defendant Ranada filed an untimely and asserted motion to dismiss on March 31, 2022. However, "[a] motion to dismiss is not a responsive pleading within the meaning of Rule 15(a)." *Rick-Mik Enterprises v. Equilon Enterprises*, 532 F.3d 963, 977 (9th Cir. 2008).

Fed. R. Civ. P. 15(a)(3) mandates that if the pleading amended is one to which a responsive pleading is appropriate, the opposing party will have either the time remaining before a response to the unamended pleading was due, or fourteen days — whichever is longer — in which to respond. *Id.*

On the other hand, Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to appear or otherwise defend, and that the failure is shown by affidavit or otherwise, the clerk must enter the party's default." By his failure "to plead or otherwise defend" Ranada may now be considered in default.

If a party is determined to have failed to plead or otherwise defend, entry of default is mandatory, not discretionary. *See Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2nd Cir. 2015); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014). Indeed, a delinquent party is already considered to be in default, even if the formal entry of default has not yet been made. *See Perez*, 774 F.3d at 1337. ("[A] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted.") (citation omitted). Although entry of default is typically a ministerial act undertaken by the clerk, district court judges themselves possess the power to enter default as well. *City of New York v. Mickalis Pawn Shop, LLC.*, 645 F.3d 114, 128 (2nd Cir. 2011).

### IV. Plaintiffs Request Leave to Amend in the Event the Court Believes and Requires Factual Elaboration.

Plaintiffs contend that they adequately pled employment relationship between them and Defendants. However, should this Court determine otherwise, Plaintiffs hereby request and move for leave to amend. Leave to amend "should [be] freely give[n] when justice so requires," Fed. R. Civ. P. 15(a), and generally leave shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). If a complaint or claim is dismissed, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926 (9th Cir. 2012) (citations omitted).

The Appellate Court for the Ninth Circuit has determined that Rule 15 should be interpreted with "extreme liberality," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), and "[a]n outright refusal to grant leave to amend without a justifying reason is . . . an abuse of discretion." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Prejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387 (citing *Zenith Radio Corp., v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971).

In his motion, Defendant has not argued and thus has not met his burden of showing that such proposed amendment would be futile, or would result in undue prejudice. At this early pleading stage, Defendant cannot show and will not be prejudiced if Plaintiffs are given leave to amend. It must be noted that Plaintiffs and Defendant Ranada have not yet engaged

in single discovery request between them. Accordingly, if this Court were to find that Plaintiffs' factual allegations in their SAC are insufficient, Plaintiffs request leave of court allowing them to amend their complaint.

If leave to amend were granted, Plaintiffs would add and incorporate, among others, the following allegations:

1. On information and belief, NVM Enterprises, a sole proprietorship, was originally owned and managed by Nenita V. Marquez.

2. On information and belief, Nenita V. Marquez passed away in 2019.

3. After Ms. Marquez's death in 2019, Ranada has continued the business operations utilizing the defunct business entity (NVM Enterprises).

4. At the time Plaintiffs filed their initial Complaint in 2021, Nenita V. Marquez was already deceased.

5. Regarding their employment or work at New XO Market and Partypoker, Plaintiffs never met with Nenita V. Marquez or any other representative from NVM Enterprises.

6. Regarding their employment or work at New XO Market and Partypoker, Plaintiffs met and negotiated with Defendant Ranada.

7. Defendant Ranada informed Plaintiffs and Plaintiffs were made to believe and in good faith believed that Ranada was their employer of record.

8. Using NVM Enterprises, Ranada ostensibly hired Plaintiffs and held them out as his employees.

9. During their employment with Defendants, Plaintiffs received their wages from LFC through Defendant Ranada.

10. On information and belief, Ranada and/or NVM Enterprises are undercapitalized, sham business entities utilized by LFC.

CONCLUSION/PRAYER

Defendant Ranada's motion to dismiss should be stricken, rejected or denied as it is untimely and fails to comply with the requirements of Rule 12 of the Federal Rules of Civil Procedure. Nonetheless, if the Court is inclined to consider the untimely motion, it should also be denied as the factual allegations and arguments therein are without merit. Defendant Ranada has made no legally supported challenges to Plaintiffs' factual allegations of employment relationship between the parties herein. Plaintiffs' factual allegations in their Second Amended Complaint give and put all Defendants on fair notice of the claims herein and provide them with a full and fair opportunity to defend themselves.

In addition, Plaintiffs request and move that Defendant Ranada be declared in default for his failure to timely respond to the Second Amended Complaint dated February 24, 2022.

In the event that Defendant Ranada's motion to dismiss or a part of it is granted by the Court, Plaintiffs hereby request leave of court to amend their Second Amended Complaint.

Respectfully submitted this 14th day of April, 2022.

/s/ Joe Hill
**HILL LAW OFFICE**
Joe Hill (F0125)
Attorney for Plaintiffs Abu Yousuf
and Md. Rokonnurzzaman