F I L E D
Clerk
District Court
MAY 10 2022
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ABU YOUSUF and MD ROKONNURZZAMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>LONG FENG CORP. d/b/a NEW XO MARKET, GUOWU LI, XU GUI QUNG, jointly and severally, and FELOTEO V. RANADA d/b/a NVM ENTERPRISES,<br><br>Defendants. | Civil Case No. 1:21-cv-00015<br><br>**ORDER DENYING DEFENDANT RANADA'S MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT** |

Before the Court is pro se Defendant Feloteo V. Ranada's ("Ranada") motion to dismiss (Mot., ECF No. 39) Plaintiffs' Second Amended Complaint ("SAC," ECF No. 33), which Plaintiffs oppose (Am. Opp'n, ECF No. 41). In their opposition, Plaintiffs also move for entry of default against Ranada for failure to timely plead or otherwise defend. Ranada did not file a reply to the opposition. The Court invokes its discretion under Local Rule 7.1(a)(2) to decide these motions without oral argument and for the reasons below DENIES both Ranada's motion to dismiss and Plaintiffs' motion for entry of default.

**I.      FACTUAL BACKGROUND**

Plaintiffs Yousuf and Rokonnurzzaman (collectively "Plaintiffs") are Bangladeshi citizens formerly employed by Defendants Longfeng Corp. ("Longfeng") doing business as New XO Market and Party Poker, Guowu Li, Xu Gui Qing, and Ranada doing business as N.V.M. Enterprises ("NVM"). Yousuf worked for Longfeng as a security guard, bagger, and general

1  laborer between April 7, 2018 and February 19, 2021. (SAC 3 ¶ 10.) Rokonnurzzaman worked for
2  Longfeng as a security guard and general laborer between May 26, 2018 and January 20, 2019.
3  (*Id*. at ¶ 11.)

4       NVM is a sole proprietorship providing manpower services to businesses including
5  Longfeng and the other Defendants. (*Id*. at 2 ¶ 4.) According to Plaintiffs, it is operated and
6  controlled by Ranada. (*Id*. at 7 ¶ 44.) Both Yousuf and Rokonnurzzaman were "assigned and/or
7  posted . . . either as security guards and/or bagger[s] at New XO Market and Partypoker game
8  room facilities" by Ranada. (*Id*. at ¶ 45.)

9       Initially, Ranada charged and Longfeng paid a minimum wage of $5.05 per hour for each
10 Plaintiff in 2018. (*Id*. at ¶ 46.) Although this was steadily increased to $6.05 in the subsequent
11 years (*id*. at ¶ 47), Ranada would deduct a certain amount from each Plaintiff's wages, thus paying
12 Plaintiffs a flat rate of $4.25 per hour (*id*. at ¶ 48). Ranada would periodically submit a billing
13 statement by NVM which identified the amount owed to NVM for Plaintiffs' wages and the hourly
14 rate for Plaintiffs. (SAC Ex. Nos. 4-6, ECF Nos. 33-4 through 6.)[1] As reflected in the billing
15 statements, Ranada's email was included on each of the document signed off by Ranada as
16 "operations" in 2018 and 2019 (ECF Nos. 33-4, 33-5) and as the "company representative" in 2020
17 (ECF No. 33-6). Plaintiffs allege that none of the Defendants maintained full and accurate records
18 of work hours or weekly compensation. (SAC 8 ¶ 50.)

19   **II.**     **PROCEDURAL BACKGROUND**

20      Plaintiffs initiated this case in May 2021 (Compl., ECF No. 1) and subsequently filed a
21 First Amended Complaint in November of the same year (FAC, ECF No. 11). Defendants
22
23 ---
[1] Federal Rule of Civil Procedure 10(c) states: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Plaintiffs submitted these billing statements as exhibits referenced and attached to
24 the SAC. Therefore, the Court may properly refer to these exhibits included by Plaintiffs.

Longfeng, Li, and Xu moved to dismiss the first amended complaint (ECF No. 18), which Ranada joined (ECF No. 27). The Court heard arguments in February 2022 at which time it granted Defendants' motion in part and denied it in part, granting Plaintiffs leave to amend. (Min., ECF No. 32.)

On February 24, 2022, Plaintiffs filed their SAC for violations of the Fair Labor Standards Act ("FLSA") (ECF No. 33). Over 30 days later, Ranada filed the instant motion to dismiss (ECF No. 39). Plaintiffs opposed, and in their opposition, also move for entry of default for Ranada's failure to timely respond or otherwise defend. To date, Ranada has not filed any reply. The Court addresses each of the motions in turn.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss for Failure to State a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted).

Pro se Defendant Ranada did not cite a particular defense or rule in his motion, but merely requested that "this action be dismissed." (Mot. 2.) The Court interprets his motion as one for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For purposes of a Rule 12(b)(6) motion, the Court accepts all factual allegations

in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek St. Paul Fire v. Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But the Court need not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Furthermore, a motion asserting this defense must be made before pleading if a responsive pleading is allowed. Fed. R. Civ. P. 12(b). The time to file a response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later. Fed. R. Civ. P. 15(a)(3).

**B. Entry of Default**

Federal Rule of Civil Procedure 55 governs default by a party. It states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

**IV.   DISCUSSION**

Plaintiffs argue that because Ranada has failed to timely respond to the SAC, Ranada should "now be considered in default." [2] (Am. Opp'n 12.)

---

[2] Plaintiffs additionally argue that even if the motion is timely, the Court should reject Ranada's motion because it does not qualify as a responsive pleading. (Am. Opp'n 12.) They rely on *Rick-Mik Ent. v. Equilon Ent.* to support their argument. 532 F.3d 963, 977 (9th Cir. 2008). Reliance on this case is misplaced. That decision concerned the Ninth Circuit's determination that an amended complaint could still be filed in response to a motion to dismiss a complaint because for purposes of Rule 15(a)(1), a motion to dismiss is not a responsive pleading as it is not an answer. *See Rhoades v. Avon Prods.*, Inc. 504 F.3d 1151, 1158 n.5 (9th Cir. 2007). *Rick-Mik Ent.* did not state that motions to dismiss are not responsive pleadings for purposes of Rule 15(a)(3) which concerns the time to respond to amended pleading. And indeed, other courts have found that motions to dismiss are proper responsive filings for purposes of interpreting Rule 15(a)(3)'s timing requirements. *See Farmer v. Las Vegas Met. Police Dep't*, 423 F. Supp. 3d 1008, 1015 (D. Nev. 2019). Therefore, the Court is not persuaded by Plaintiffs' arguments that Ranada's motion is not a

4

Pro se litigants are not held to the same standard as attorneys and courts will tolerate informalities by pro se litigants. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Nonetheless, a pro se party is not entirely immune from the rules of civil procedure. *Hernandez v. Nye Cnty. Sch. Dist.*, 2011 WL 2938274, at *1 (D. Nev. July 19, 2011). Although the court must construe pro se pleadings liberally, "pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). This Court's Local Rules explain that "[a]ny person so representing himself or herself is bound by these Rules, and by the Federal Rules of Civil and Criminal Procedure. Failure to comply may be grounds for dismissal or judgment by default." LR 83.4(a)(1).

Here, Ranada filed his motion to dismiss 35 days after Plaintiffs filed their SAC. Thus, whether under Rule 15(a)(3)'s 14-day period to respond to the amended pleading or under Rule 12's more generous 21-day period to file a response or an answer to the original complaint, Ranada failed to timely respond. The Court reads Rule 15(a)(3) to give it discretion as to the deadline for a party's required response: "*Unless the court orders otherwise*, any required response to an amended pleading must be made in the time remaining to respond to the original pleading or with 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3) (emphasis added). Had Ranada sought an order from the Court enlarging the time to respond, the Court would have likely granted him additional time because he is proceeding pro se and Rule 15(a)(3) allows the Court the discretion to grant such a request. However, because he did not seek the Court's permission for an enlargement of time to file his motion, he is time barred. Ranada's motion to dismiss in response to the SAC is untimely and must be denied.

---

responsive pleading as called for by Rule 15(a)(3). The timeliness issue of Ranada's motion is still an issue.

Even though the Court finds Ranada's motion untimely, Plaintiffs' motion for entry of default is not meritorious in this case. Plaintiffs seek entry of default under Rule 55(a), but Rule 55(a) permits an entry of default when a party fails "to plead or otherwise defend[.]" Here, Ranada has defended, albeit delayed, by filing his response and seeking a dismissal. Therefore, Rule 55(a) is not triggered, and the Court will deny Plaintiffs' motion for entry of default on this basis.

### V.  CONCLUSION

For the foregoing reasons, the Court DENIES Ranada's motion to dismiss as being untimely (ECF No. 39), and Plaintiffs' motion for entry of default (ECF No. 41). Ranada shall have 14 days from the date of this Order to file an answer pursuant to Federal Rule of Civil Procedure 12(a)(4)(A). The hearing currently scheduled for May 11, 2022 is hereby VACATED.

SO ORDERED this 10th day of May, 2022.

RAMONA V. MANGLONA
Chief Judge