**JOE HILL**
**HILL LAW OFFICES**
P.O. Box 500917
Saipan, MP 96950
Tel.: (670) 234-7743/6806
Fax:  (670) 234-7753
E-mail: vesta@pticom.com

*Attorney for Plaintiffs Abu Yousuf*
*and Md. Rokonnurzzaman*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **ABU YOUSUF and MD. ROKONNURZZAMAN,**<br><br>Plaintiffs,<br><br>**vs.**<br><br>**LONGFENG CORPORATION** *dba/aka* **NEW XO MARKET and PARTYPOKER, GUOWU LI, XU GUI QING, FELOTEO V. RANADA** *dba* **N.V.M. ENTERPRISES**, **jointly and severally,**<br><br>Defendants. | **Civil Case No. 1:21-cv-00015**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT FELOTEO V. RANADA'S MOTION FOR SUMMARY JUDGMENT**<br><br><br>Date: March 23, 2023<br>Time: 10:00 a.m.<br>Chief Judge: Hon. Ramona V. Manglona |

**COME NOW** Plaintiffs Abu Yousuf and Md. Rokonnurzzaman, by undersigned counsel, and pursuant to the Court's Order Directing Plaintiffs to File a Response to Defendant Ranada's Motion for Summary Judgment dated February 14, 2023 [ECF No. 61], hereby submit Plaintiffs' Response in Opposition to Defendant Feloteo V. Ranada's Motion for Summary Judgment filed on February 13, 2023 [ECF No. 58] in this matter, as follows:

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

Defendant Feloteo V. Ranada's ("Mr. Ranada") motion for summary judgment failed to demonstrate the absence of a genuine dispute of material fact that would  entitle him to judgment as a matter of law. Fed. R. Civ. P. 56(a). Specifically, Ranada's said motion failed to show that there is no genuine dispute regarding the asserted employment relationship (or lack of it) between him (Mr. Ranada) and the Plaintiffs.

The Fair Labor Standards Act ("FLSA") very clearly provides that an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." 29 U.S.C. § 203(d). Hence, whether Ranada is acting directly or indirectly in the interest of either NVM Enterprises or his co-defendants, he is a joint employer and must comply with the requirements of FLSA. *Id.*

## I. FACTUAL BACKGROUND AND/OR PROFFERED STATEMENTS OF UNDISPUTED FACTS

1.  Plaintiffs Abu Yousuf and Md. Rokonnurzzaman (collectively "Plaintiffs") were formerly employed by Defendants Longfeng Corporation doing business variously as New XO Market and Partypoker ("Longfeng"), Guowu Li ("Mr. Li"), Xu Gui Xing ("Ms. Xu"), and Feloteo V. Ranada doing business as NVM Enterprises. (SAC at 3 ¶ 10-11; *Id.* at 7 ¶¶ 44-45 [ECF No. 33] ).[1/]

2.  Longfeng owns and operate a grocery store (New XO Market) and an adult game room business (Partypoker) in Saipan, CNMI. (*Id.* at 3 ¶ 15).

---

[1/] In his Answer (ECF No. 45) to Plaintiffs' Second Amended Complaint for Violation of the Fair Labor Standards Act ("SAC" [ECF No. 33]), Mr. Ranada does not "fairly respond to the substance of the allegation" or does not respond at all  –  to this allegation in the SAC; hence, it is deemed admitted. *See and compare* Fed. R. Civ. P. 8(b)(2); Fed. R. Civ. P. 8(b)(6).

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

3. Mr. Ranada, doing business as NVM Enterprises, provided labor and manpower services to businesses, including Longfeng. (*Id.* at 2  ¶ 4; *id.* at 7 ¶¶ 44-45).[2/]

4. Mr. Ranada assigned and/or daily posted Plaintiffs either as security guards and/or baggers at New XO Market and Partypoker gameroom facilities. (*Id.* at 7 ¶ 45).[3/]

5. Plaintiff Yousuf worked for Longfeng from on and between April 7, 2018 and February 19, 2021. (*Id.* at 3 ¶ 10; *Id.* at 8 ¶¶ 51-52).[4/]

6. Plaintiff Rokonnurzzaman worked for Longfeng from on and between May 26, 2018 and January 20, 2019. (*Id.* at 3 ¶ 11; *Id.* at 10 ¶ 57).[5/]

7. NVM Enterprises, formerly a sole proprietorship, registered in the name of Nenita V. Marquez (hence, the initials "N.V.M."). (*Id.* at 7 ¶ 44).[6/]

8. Mr. Ranada operated/represented and/or held himself out variously as "Operations" or "Company representative" of NVM Enterprises in its business dealings. (*Id.* at ECF Nos. 33-4, 33-5, & 33-6).

9. Nenita V. Marquez, the registered owner of NVM Enterprises, passed away on October 11, 2019. *See* Plaintiffs' Amended Opposition . . . [ECF No. 41]  at 6 n.2 & at 11 ¶¶ 2-4; *see also* Ranada's Motion, Exhibit "E-4" [ECF No. 58-1].

---

[2/] *Id.*

[3/] *Id.*

[4/] *Id.*

[5/] *Id.*

[6/] In his Answer, Mr. Ranada denied this allegation in the SAC. (ECF No. 45 at 1). But in his motion (ECF No. 58), he asserted that "[t]he 'N.V.M. of NVM Enterprises stand for NENITA VALDEZ MARQUEZ dba NVM Enterprises . . ." *Id.* (emphasis in original).

1    10.   After her (Ms. Marquez's) passing in 2019, Mr. Ranada has taken over and

2    continued doing business under the business name NVM Enterprises. *See* SAC, Exhibit "6"

3    (Letter dated September 15, 2020 [ECF No. 33-6]); *see also* Ranada's Initial Disclosure,

4    Exhibit "E-6" (Letter dated February, *(sic)* 2021 [ECF No. 54-1]); *Id.* Exhibit "E-7" (Letter

5    dated February 31, 2021 [ECF No. 54-1]); *Id.* Exhibit "E-10" (Letter dated January 15, 2020

6    [ECF No. 54-1]).

7    ## II.  LEGAL STANDARD

8         Summary Judgment is appropriate where the moving party demonstrates the absence

9    of a genuine dispute of material fact and entitlement to judgment as a matter of law. Fed. R.

10   Civ. P. 56(a); *Celotex Corporation v. Catrett,* 477 U.S. 317, 322 (1986). A fact is material

11   when, under the governing substantive law, it could affect the outcome of the case. *See*

12   *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about material fact is

13   genuine if "the evidence is such that a reasonable jury could return a verdict for the

14   nonmoving party. *Id.*

15        A party seeking summary judgment always bears the initial burden of establishing the

16   absence of a genuine issue of material fact. *See Celotex,* 477 U.S. at 323. If the moving party

17   fails to discharge this initial burden, summary judgment must be denied and the court need

18   not consider the nonmoving party's evidence. *Id.* at 322; *see Adickes v. S.H. Kress & Co.,*

19   398 U.S. 144, 159-60 (1970) superseded on other grounds by *Celotex Corporation v. Catrett,*

20   477 U.S. 317 (1986).  But if the moving party meets the initial burden, the nonmoving party

21   cannot defeat summary judgment merely by demonstrating "that there is some metaphysical

22   doubt as to the material facts."  *Matsushita Elec. Indus. Corp., v. Zenith Radio Corp.,* 475

23   U.S. 574, 586 (1986) (citation omitted); *see also Anderson,* 477 U.S. at 252 (The mere

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.). Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324.

Pro se litigants are subject to the same rules at summary judgment as those litigants represented by counsel. *Thomas v. Ponder,* 611 F.3d 1144, 1150 (9th Cir. 2010); *see Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1985) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."); *see also Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (citation omitted).

### III. <u>ARGUMENT</u>

**A.    As the Movant, Defendant Ranada**
**Failed to Discharge His Initial Burden.**

In his one-page Motion and incantation, Mr. Ranada claims that he "was wrongfully implicated as a co-defendant on this case . . . as the employer of the plaintiffs" and further claims being "a victim also." As proof of his  not being Plaintiffs' employer and ostensibly referring to NVM Enterprises as being their (Plaintiffs') employer, Mr. Ranada asserts that "[t]he 'N.V.M' of NVM Enterprises stand for <u>NENITA VALDEZ MARQUEZ dba NVM Enterprises</u> and is <u>NOT</u> spelled as my name <u>Feloteo V. Ranada[.]</u>" Finally, Mr. Ranada attached his unverified supporting documents "[a]s a proof that [he] is only an (OFW) Overseas Filipino Contract Worker since 1989." Motion (emphasis in original).

Mr. Ranada's so-called dispositive Motion is defective, as herein shown.

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

1    Mr. Ranada failed to show, by any means, that there is no genuine dispute as to any

2    material fact that would entitle him to judgment as a matter of law. Fed. R. Civ. P. 56(a).

3    Other than denying his employer status in relation to Plaintiffs, Mr. Ranada, though it is his

4    initial burden, has offered no argument nor shown any fact nor cited to or shown any legal

5    authority in support of his assertion that he is not one of Plaintiffs' employers. "[A] party

6    seeking summary judgment always bears the *initial responsibility* of informing the district

7    court of the basis for its motion, and [must] demonstrate the absence of a genuine issue of

8    material fact." *Celotex,* 477 U.S. at 323 (emphasis added). "Unsubstantiated allegations carry

9    no probative weight in summary judgment proceedings." *McCoy v. Meyers,* 887 F.3d 1034,

10   1044 (10th Cir. 2018) (citation omitted).

11   While Mr. Ranada submitted some documents together with his motion, he has failed

12   to show or point to an iota of evidence supporting the basis for his asserted lack of genuine

13   dispute regarding the employment/employer issues. Mr. Ranada has simply left it up to the

14   Court and the Plaintiffs to search for and determine evidence that create or show a genuine

15   factual dispute.

16   Having failed to cite to any such evidence, Mr. Ranada's motion for summary

17   judgment should be denied even if something hidden in his proffered records or documents

18   might have supported his claim. *See Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir. 1996)

19   (noting that parties identify evidence with "reasonable particularity" because courts are not

20   obligated to "scour the record" to make a determination at the summary judgment stage)

21   (internal quotations omitted); *see also* Fed. R. Civ. P. 7(b)(1)(B) (requiring all motions "state

22   with particularity the grounds for seeking the order.").

23

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

While the courts construe liberally  a *pro se* party's pleadings, however, "[a] district court does not have a duty to search for evidence that would create a factual dispute." *Bias v. Moynihan,* 508 F.3d 1212, 1219 (9th Cir. 2007) (citing *Carmen v. S.F. Unified Sch. Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2002) (holding that it would be "unfair" to the district court to require it "to search the entire record" if a party fails to "disclose where in the record the evidence for [the factual claims] can be found").  "A district court lacks the power to act as a party's lawyer, even for *pro se* litigants." *Id.*  Pro se litigants are subject to the same rules at summary judgment as those litigants represented by counsel. *Thomas,* 611 F.3d at 1150; *see Jacobsen,* 790 F.2d at 1364 ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

Having failed to discharge his initial burden, Mr. Ranada's motion for summary judgment should be denied and the Court need not even consider the nonmoving party's (Plaintiffs) evidence. *See Celotex,* 477 U.S. at 322 (citation omitted).

**B.    Clearly, as  a Person who Acted Directly and/or Indirectly in the Interest of His Co-Defendants, Mr. Ranada is Also an Employer of Plaintiffs.**

Mr. Ranada's claim that he is not Plaintiffs' employer is clearly misplaced. In determining the persons or entities who qualify as "employers" under the FLSA, the statutory definitions is broadly applied. An "employer" includes "any person" other than labor organization "acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.SC. § 203(d). While an "employee" references "any individual employed by an employer." 29 U.S.C. § 203 (e)(1).  "Employ" is defined to "include[] to suffer or permit to work." 29 U.S.C. § 203 (g).

- 7 -

1  The FLSA defines an employer-employee relationship broadly. *Torres-Lopes v. May,*

2 111 F.2d 633, 638 (9th Cir. 1997). "The FLSA's definition of employee has been called the

3 'broadest definition that has ever been included in any one act.'" *Id.*  The definition of

4 "employer" under the FLSA is not limited by the common law concept of "employer," but

5 "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial

6 purposes." *Bonnette v. California Health and Welfare Agency,* 704 F.2d 1465, 1469 (9th Cir.

7 1983), *abrogated on other grounds by Garcia v. San Antonio Metropolitan Transit Auth.,*

8 469 U.S. 528 (1985). Under FLSA, an employee may have more than one employer. *See*

9 *Bonnette,* 704 F.2d at 1469; *see also* 29 C.F.R. § 791.2.

10  As a person who acted directly or indirectly in the interest of Longfeng and/or his co-

11 Defendants, including NVM Enterprises,  in relation to Plaintiffs, Mr. Ranada may be

12 deemed an employer (or joint employer) of Plaintiffs. As noted above, the FLSA defines

13 "employer" to include "any person" who acts even "indirectly in the interest of an employer

14 in relation to an employee." 29 U.S.C. § 203(d). Therefore, under the FLSA "any person" is

15 an employer of anyone that it [he/she] "suffer[s] or permit[s] to work." *Id.* § 203(g).

**C. A Genuine Dispute of Material Fact Exists as to Whether Ranada**
**Acted or Held Himself out as Plaintiffs' Employer By Taking Over and**
**Continuing the Business of NVM Enterprises, a Sole Proprietorship.**

18  Alternatively, NVM Enterprises,  a sole proprietorship, arguably has no existence

19 separate and apart from its registered owner, **N**enita **V. M**arquez (hence the initials NVM).

20 "A sole proprietorship is not a legal entity itself. Rather, the term refers to a natural person

21 who directly owns the business . . ."). *See Providence Washington Ins. Co. v. Valley Forge*

22 *Ins. Co.,* 50 Cal. Rptr.,2d 192, 194 (Cal. Ct. App. 1992) (citation omitted). "The designation

23 'd/b/a' means 'doing business as' but is merely descriptive of the person . . . who does

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

business under some other name. *Doing business under another name does not create an entity distinct from the person operating the business. . .* The business is a fiction, and so too any implication that the business is a legal entity separate from its owner. *Id.* at 194-95 citing *Duval v. Midwest Auto City, Inc.* (D.Neb.1977) 425 F.Supp. 1381, 1387, *affd.* (8th Cir. 1978) 578 F.2d 721 (emphasis added).

Ms. Nenita V. Marquez passed away in 2019. *See* attached Exhibit "E-4" (Marquez Certificate of Death)[7/] to Mr. Ranada's Motion.  After and notwithstanding the death of Ms. Marquez in 2019, Mr. Ranada has taken over and continued doing business without an apparent and appropriate authority to do so and utilizing the defunct business entity, NVM Enterprises. *See* Billing Statement dated September 15, 2020, attached as Exhibit "6" to Plaintiffs' SAC [ECF No. 33-6];[8/]*see also* Ranada's Initial Disclosure, Exhibit "E-6" (Letter dated February, *(sic)* 2021 [ECF No. 54-1]); *Id.* Exhibit "E-7" (Letter dated February 31, 2021 [ECF No. 54-1]); *Id.* Exhibit "E-10" (Letter dated January 15, 2020 [ECF No. 54-1]) (emphasis added).

Thus, Mr. Ranada portends genuine dispute as to the following material facts:

1.  Whether NVM Enterprises, a sole proprietorship, survived the death in 2019 of its registered owner Nenita V. Marquez;

---

[7/] This Exhibit "E-4" (Certificate of Death), attached to Ranada's Motion, is not authenticated. However, it is believed to be a part of public record and thus ascertainable. As to the rest of the attached exhibits in Mr. Ranada's motion, which are not mentioned or referenced here, Plaintiffs lack sufficient information and knowledge to admit or acknowledge the authenticity of the said documents/exhibits, and therefore deny the same.

[8/] This Billing Statement and other billing statements were provided by Defendants Longfeng Corporation, Guowu Li and Xu Gui Qing in their Initial Disclosures. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

2.  If it survived, whether Ranada was authorized or has appropriate authority to continue the business of NVM Enterprises;

3.  By taking over and continuing the business of NVM Enterprises, a defunct business entity, whether Ranada acted or held himself out as Plaintiffs' employer; and

4.  Whether by acting directly or indirectly in the interest of either NVM Enterprises or any of his co-defendants, Mr. Ranada is also Plaintiffs' joint-employer and must comply with and subject to liability under the FLSA.

Regarding the exhibits attached to Mr. Ranada's motion, Plaintiffs lack sufficient information and knowledge to admit or acknowledge the authenticity of the said documents/exhibits, other than those referenced here, and therefore deny the same.

In summary, Ranada has failed to meet his burden under the summary judgment standard of showing the absence of a genuine dispute as to a material fact, i.e., his status as an employer in relation to Plaintiffs, that would entitle him to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corporation v. Catrett,* 477 U.S. 317, 322 (1986). Alternatively, there are still genuine disputes as to material facts, as discussed above, warranting the denial of Mr. Ranada's motion for summary judgment.

## <u>CONCLUSION</u>

For the foregoing reasons, defendant Feloteo V. Ranada's motion for summary judgment dated February 13, 2023 should be denied.

Respectfully submitted this 28th day of February, 2023.

*/s/ Joe Hill*
**HILL LAW OFFICE**
Attorney for Plaintiffs
Abu Yousuf and Md. Rokonnurzzaman

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com