**JOE HILL**
**HILL LAW OFFICES**
P.O. Box 500917
Saipan, MP 96950
Tel.: (670) 234-7743/6806
Fax: (670) 234-7753

E-mail: vesta@pticom.com

*Attorney for Plaintiffs Abu Yousuf and Md. Rokonnurzzaman*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **ABU YOUSUF and MD. ROKONNURZZAMAN,**<br><br>Plaintiffs,<br><br>vs.<br><br>**LONGFENG CORPORATION** *dba/aka* **NEW XO MARKET and PARTYPOKER, GUOWU LI, XU GUI QING, FELOTEO V. RANADA** *dba* **N.V.M. ENTERPRISES, jointly and severally,**<br><br>Defendants. | Civil Case No. 1:21-cv-00015<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF RE INDIVIDUAL AND ENTERPRISE COVERAGE/SINGLE ENTERPRISE** |

**COME NOW** Plaintiffs Abu Yousuf and Md. Rokonnurzzaman, by undersigned counsel, and pursuant to the Court's Order during the March 23, 2023 hearing of Defendant Ranada's Motion for Summary Judgment ordering the Plaintiffs to file supplemental brief on the Fair Labor Standards Act ("FLSA") coverage issues, hereby file Plaintiff's Supplemental Brief Re Individual and Enterprise Coverage and Single Enterprise, as follows:

1       As an initial matter, claims under FLSA may only be brought against the plaintiff's

2 employer. 29 U.S.C. §§ 206-207, 216(b). It is also established that an employee may have

3 more than one employer. *Bonnette v. California Health and Welfare Agency,* 704 F.2d 1465,

4 1469 (9th Cir. 1983) *abrogated on other grounds by Garcia v. San Antonio Metropolitan*

5 *Transit Auth.,* 469 U.S. 528 (1985) (citation omitted).

6       Under the FLSA, an "employer" means "any person" other than labor organization

7 "acting directly or indirectly in the interest of an employer in relation to an employee." 29

8 U.S.C. § 203(d). While an "employee" refers to or includes "any individual employed by an

9 employer." 29 U.S.C. § 203(e)(1). "Employ" is defined to "include[] to suffer or permit to

10 work." 29 U.S.C. § 203(g).

11       Under the FLSA, the employer-employee relationship is defined very broadly.

12 *Torres-Lopes v. May,* 111 F.3d 633, 638 (9th Cir. 1997). Notably, the definition of

13 "employer" under the FLSA is not limited by the common law concept of "employer," but

14 "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial

15 purposes." *Bonnette,* 704 F.2d at 1469.

16       In order to be covered under the FLSA and be entitled to its protection, an employee

17 must be "engaged in commerce or in the production of goods for commerce" (individual

18 coverage) or be "employed by an enterprise engaged in commerce" (enterprise coverage).

19 29 U.S.C. § 207(a)(1); *Chao v. A-One Medical Services, Inc.* 346 F.3d 908, 914 (9th Cir.

20 2003) (cited in *Smith v. November Bar N Grill LLC,* 441 F.Supp.3d 830, 835 (D. Ariz. 2020).

21       Under FLSA, "commerce" is defined to mean "trade, commerce, transportation,

22 transmission, or communication among the several States or between any State and any place

23 outside thereof." 29 U.S.C. § 203(b). Goods are produced for commerce "where the

- 2 -

1  employer intends, hopes, expects, or has reason to believe that the goods or any unsegregated
2  part of them will move in such interstate or foreign commerce." 29 C.F.R. § 776.21(a).  For
3  enterprise coverage, the employer engaged in commerce must be earning an annual revenue
4  of $500,000 or greater. 29 U.S.C. § 203 (s)(1)(A)(ii).

### 1. Individual Coverage

6  "In determining whether an employee is engaged in commerce, the court 'must focus
7  on the activities of the employee[] and not on the business of the employer.'" *Smith,* 441
8  F.Supp.3d at 835 (citing *Mitchell v. Lublin, McGaugchy & Assocs.,* 358 U.S. 207, 211, 79
9  S.Ct. 260, 3 L.Ed.2d 243 (1959). "This fact-dependent inquiry is 'guided by practical
10 considerations, not technical conceptions.'" *Id.* (citing cases).

11 Courts have given a liberal interpretation of what is meant for an employee to be
12 engaged in commerce under the FLSA.

13 In *Kirschbaum Co. v. Walling,* 316 U.S. 517, 525-26 (1942), the U.S. Supreme Court
14 has considered employees doing security, among others, for a business engaged in interstate
15 commerce as also similarly engaged in interstate commerce themselves. The Court noted that
16 "the work of the employees in these cases had such a close and immediate tie with the
17 process of production for commerce, and was therefore so much an essential part of it, that
18 the employees are to be regarded as engaged in an occupation 'necessary to the production
19 of goods for commerce.'" *Id.*

20 In *General Electric Co. v. Porter,* 208 F.2d 805 (9th Cir. 1954), the Ninth Circuit
21 determined and held that privately employed firemen whose duty is to protect a number of
22 buildings housing the executives and administrators of a plant engaged in the production of

goods for commerce are similarly engaged in occupations "closely related" and "directly essential" to the production of goods for commerce. *Id.* at 809 (footnote omitted).

In *Houser v. Matson,* 447 F.2d 860, 862 (9th Cir. 1971), the Ninth Circuit Court held that "[i]t is well established that the maintenance of a habitable building is essential to production of goods for interstate commerce, and activities of persons such as . . . watchmen . . . , and maintenance people are covered by the Act." (citing *Kirschbaum v. Walling,* 316 U.S. 517 (1942).

Here, in the instant case, both the plaintiffs-employees' work was basically a watchman, a roaming security and protection/loss prevention workers (both security guards and general laborers ) (Second Amended Complaint ("SAC") ECF No. 33 ¶¶ 10, 11, 17, 53, 58); while Yousuf was further tasked with bagging of goods/merchandise services, which required a Food Handler Certificate from the local CNMI government. *See* SAC ¶¶ 21-24; *see also* SAC Exhibits "1" & "2." It was the idea of Long Feng Corporation ("LFC"), through its officer(s) or agent(s), for Yousuf to do the extra job and services of bagging the merchandise or goods purchased by customers from the store (New XO Market). It was also LFC which paid for the filing fee and incidental expenses in the procurement of said certificate (food handler). SAC Exhibits "1" & "2."

Plaintiffs herein both worked, together with LFC's other employees directly engaged in commerce, at the building or facilities of LFC in Gualo Rai, Saipan, Commonwealth of the Northern Mariana Islands.

For his part, defendant Ranada recruited, supplied and recommended and/or hired Plaintiffs and posted them at New XO Market and Partypoker gameroom. *See* SAC ¶¶ 44 & 45. During the recruitment and/or posting process, Ranada did it on his own, without the

- 4 -

intervention of Nenita V. Marquez or her NVM Enterprises. In fact, the two plaintiffs averred they had never heard of said business enterprise (NVM Enterprises) while so employed by LFC and working at New XO Market and Partypoker gameroom in Gualo Rai, Saipan, Commonwealth of the Northern Mariana Islands. *See* attached Declaration in Support.

### 2. Enterprise Coverage

An "enterprise" means "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose." 29 U.S.C. § 203(r)(1). Under FLSA, enterprise coverage applies when an entity, with employees engaged in commerce, has "annual gross volume of sales made or business done [of] not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(ii).

In Defendants' Answer to Second Amended Complaint [ECF No. 36], the Defendants, (LFC, Mr. Li and Ms. Xu), admitted the enterprise allegations in Plaintiffs' SAC, as follows:

(a). "[L]FC was an enterprise engaged in commerce within the meaning of the FLSA . . ." [ECF No. 33 at 3-4, ¶ 16]; *compare to* "Defendants admits the allegations in ¶ 16 of the SAC.") [ECF No. 36 at 3, ¶ 16].

Moreover, during the noticed Rule 30(b)(6) deposition of LFC held last March 28, 2023, the corporate defendant LFC, through its counsel, stipulated and admitted to having earned more than the annual sales income volume of $500,000 for each year, in response to Plaintiffs' request for certain tax-related documents. In addition, during the said Rule 30(b)(6) deposition, LFC through its representative testified as to the existence of a written contract or agreement between LFC and Ranada/NVM Enterprises regarding the Plaintiffs' services. The said written agreement, which the corporate representative claimed not to have

seen or read its contents, was assertedly lost during the relocation of LFC's store (New XO Market) from its former location to its new adjacent site in Gualo Rai.[1/]

In the enterprise coverage context, the Ninth Circuit has rejected the "coming to rest" doctrine. The "coming to rest" doctrine is the belief that interstate goods or materials that had originally moved in interstate commerce, but then came to rest within a state before intrastate purchase/sale, can lose their interstate character "and employees in the intrastate distribution of such goods were not engaged in commerce." *See Donovan v. Scoles,* 652 F.2d 16, 18 (9th Cir. 1981); *see also* 29 C.F.R. § 779.242. Instead, the Court determined and held that "even a business engaged in purely intrastate activities can no longer claim exemption from FLSA coverage if the goods its employees handle have moved in interstate commerce." *Donovan,* 625 F.2d at 18 (citations omitted).

**a. Single Enterprise**

Neither defendant Ranada nor NVM Enterprises appears to individually meet the annual $500,000 threshold. In order to have enterprise liability attach, Ranada and/or NVM Enterprises would therefore need to constitute a single enterprise with LFC.

Here, it can be argued that LFC and Ranada share common control over the performance of activities by the Plaintiffs. After Ranada assigned and/or posted the Plaintiffs either as security guard and/or bagger at LFC's facilities,[2/] LFC, through its agents, either Ms. Xu or Mr. Li or both, took over by verbally informing Plaintiffs of their work schedule for

---

[1/] Due to its recency, transcripts of the said Rule 30(b)(6) deposition are not yet available. The information or assertions herein are merely based on recollection and notes taken during the deposition.

[2/] *See* SAC ¶ 45 [ECF No. 33].

the day,[3] giving them and the other workers their daily dose of orders/instructions,[4] reminding and instructing them to keep track of their hours worked,[5] prohibiting Plaintiffs from recording the actual/accurate time of hours worked but limited only to scheduled working hours,[6] prohibiting Plaintiffs from eating their meals during their work shift and threatening them to deduct time from their respective wages,[7] admonishing Plaintiffs to refrain from using the store restrooms as being a waste of time and because store restrooms are only meant for customers,[8] and threatening and/or effecting each Plaintiff's termination from employment at LFC on various occasions and times.[9]

Therefore, Mr. Ranada may be deemed to be a joint employer with his co-Defendants, by having entered into arrangements with them and/or willingly sharing plaintiffs-employees' services and labor to LFC, Mr. Li and Ms. Xu, *see* 29 C.F.R. § 791.2(b)(1), and/or having acted "directly or indirectly in the interest of the other employer (or employers) in relation to the employee." *Id.* at § 791.2(b)(2); 29 U.S.C. § 203(d).

---

[3] *Id.* at ¶¶ 12, 28, 35.

[4] *Id.* at ¶ 36.

[5] *Id.* at ¶ 37. In Defendants' Answer to Second Amended Complaint dated/e-filed March 17, 2022 [ECF No. 36], the Defendants (LFC, Mr. Li & Ms. Xu) admitted the allegations in ¶¶ 35, 36 & 37 of Plaintiffs Second Amended Complaint for Violations of the Fair Labor Standards Act ["SAC" ECF No. 33].

[6] *Id.* at ¶¶ 38 & 39.

[7] *Id.* at ¶ 40.

[8] *Id.* at ¶ 41.

[9] *Id.* at ¶¶ 42, 56 & 62. In Defendants' Answer [ECF No. 36], the Defendants denied the allegations in ¶¶ 38, 39, 40, 41, 42 & 62 of Plaintiffs Second Amended Complaint for Violations of the Fair Labor Standards Act [SAC, ECF No. 33]. Regarding ¶ 56 of the SAC, Defendants did not address nor respond to the said ¶ 56. Accordingly, said ¶ 56 of the SAC is deemed/considered admitted by the Defendants (LFC, Mr. Li & Ms. Xu). *See* Fed. R. Civ. P. 8(b)(2) & (b)(6).

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com

Respectfully submitted this 6th day of April, 2023.

                                                                    */s/ Joe Hill*
**HILL LAW OFFICE**
Attorney for Plaintiffs
Abu Yousuf and Md. Rokonnurzzaman

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 917 ~ Saipan MP 96950 ~ (670) 234-6806/7743 ~ FAX: 234-7753 ~ email: joe.hill@saipan.com