F I L E D
Clerk
District Court
JUL 13 2023
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ABU YOUSUF,<br><br>            Plaintiff,<br><br>  -v-<br><br>LONGFENG CORPORATION *dba* NEW XO MARKET and PARTY POKER, GUOWU LI, and XU GUI QING, FELOTEO V. RANADA *dba* NVM ENTERPRISES, jointly and severally,<br><br>            Defendants. | Case No. 1:21-cv-00015<br><br>**DECISION & ORDER GRANTING DEFENDANT LONGFENG CORPORATION'S MOTION FOR RECONSIDERATION** |

The central dispute before the Court is whether Defendant Longfeng Corporation dba New XO Market and Party Poker ("Longfeng") is an "employer" of Plaintiff Abu Yousuf ("Yousuf") under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. §§ 206(a), 207(a). At a prior motion hearing, the Court orally ruled that Yousuf sufficiently established that Longfeng may be considered his employer based on a Food Handler's Certificate identifying Yousuf as a bagger and New XO Market (Longfeng) as the employer. (ECF Nos. 33-1 (application), 33-2 (certificate).) The Court established this as fact pursuant to Federal Rule of Civil Procedure 56(g) which permits a court to enter an order treating any material fact not genuinely in dispute as established in the case.

Now before the Court is Longfeng's Motion for Reconsideration on this oral ruling (ECF Nos. 89, 89-1 (Mem. P. & A.)), accompanied with a declaration by Defendant Xu Gui Qing (ECF No. 89-2). Yousuf opposed (ECF No. 100) with a declaration by attorney Joe Hill (ECF No. 100-

1) and a transcript of a Yousuf's deposition (ECF No. 100-2), to which Longfeng replied (ECF No. 109). Having considered the controlling law, the record, and the parties' written arguments, the Court finds this matter suitable for disposition without oral argument, *see* LR 7.1(a)(2), and issues this decision and order GRANTING Longfeng's motion. The Court sets forth its reasoning below.

I.       PROCEDURAL BACKGROUND

Although the operative complaint is now Yousuf's Third Amended Complaint (ECF No. 81), the Second Amended Complaint ("SAC," ECF No. 33) controlled at the time of the Court's ruling on Longfeng's employment relationship with Yousuf. Yousuf's SAC alleged three causes of action: violations of the Federal Labor Standards Act ("FLSA") for failure to pay minimum wage, failure to pay overtime, and unlawful retaliation. (SAC at 11-13.) Accompanied with Yousuf's SAC were two exhibits: (1) Yousuf's Food Handler Application (ECF No. 33-1) which identified Yousuf's job title as "bagger/security" and the corporation as Longfeng dba New Xo Market, and (2) Yousuf's Food Handler Certificate (ECF No. 33-2) identifying Yousuf's occupation as bagger and New XO Market (Longfeng) as the employer. Longfeng answered the SAC and admitted to those allegations concerning the food handler application and certificate. (Answer to SAC ¶¶ 21-24, ECF No. 36.)

During discovery, Yousuf tendered interrogatories and requests for admission via email to Longfeng. (ECF No. 63-2.) Longfeng responded. (ECF No. 63-6.) In particular, Yousuf's request for admission 11 states: "Admit that the document attached hereto and marked as Exhibit '1' is a genuine copy of a CNMI Food Handler Certificate procured by [Longfeng] for Plaintiff Yousuf[] to work as a Bagger at New XO Market." (*Id*. at 13.) Longfeng responded: "ADMIT." (*Id*.) Longfeng, however, additionally denied various allegations that it was ever the employer of

Yousuf. (*See id.* at 3 (denying employment of Yousuf in Request No. 1); 4 (denying work performed by Yousuf for Longfeng in Request No. 2); 11 ("Longfeng Corporation objects to the extent that Request No. 9 assumes that [Yousuf] was employed by Longfeng Corporation. Plaintiff Yousuf was never employed by Longfeng Corporation. Longfeng Corporation admits that it only paid NVM Enterprises according to NVM Enterprises' invoice.").)

Based on the admission contained in Longfeng's Answer and Longfeng's discovery responses, Yousuf moved for judgment on the pleadings or alternatively for partial summary judgment. (Mot. for J. on Pleadings 20, ECF No. 63 ("[B]ased primarily upon [Longfeng's] unequivocal admissions, - both in pleadings and in discovery responses, it is now undisputed that it [Longfeng] is or was [Yousuf's] employer or had an employment relationship[.]").)

At the hearing on Yousuf's motion, the Court denied Yousuf's motion for judgment on the pleadings and motion for partial summary judgment. (Mins., ECF No. 78.) As to the former, Longfeng had moved to amend its answer to withdraw the admissions that were inconsistent with its longstanding position that it was not an employer of Yousuf under the FLSA.[1] As to the latter, the Court reasoned that Yousuf's reliance on Longfeng's discovery responses was erroneous given that Yousuf never properly served Longfeng its discovery requests pursuant to Federal Rule Civil Procedure 5.[2] As such, there was no judicial admission on the pleadings or in the failure to respond to the discovery requests, and therefore, no basis for summary judgment.

---

[1] The Court did not reach the merits of Longfeng's motion to amend its answer (ECF No. 71) because a hearing on Defendants' motion was set for a later date and time. (Mins., ECF No. 78.) After Yousuf's motion hearing, the parties stipulated to allow Yousuf to file his Third Amended Complaint (Order Granting Stipulation, ECF No. 80), which Yousuf has done (TAC, ECF No. 81), and to which Longfeng has answered (ECF No. 84).

[2] Yousuf served Defendants with discovery requests electronically. Rule 5 does not authorize service by electronic means unless "the person consented in writing." Fed. R. Civ. P. 5(a)(1)(C), (b)(2)(E). The Advisory Committee notes make clear that such consent from the person served "must be express, and cannot be implied from conduct." Fed. R. Civ. P. 5 advisory committee's note to 2001 amendment.

Additionally, at the hearing, the Court found that two of the three elements for a FLSA claim of failure to pay minimum and overtime wage were established pursuant to Federal Rule of Civil Procedure 56(g). A plaintiff asserting claims for minimum wage and overtime violations under the FLSA must establish three elements: (1) he was an employee of Defendants, (2) he was covered under the FLSA, and (3) Defendants failed to pay him minimum or overtime wages. *Smith v. Nov. Bar N Grill, LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020) (citing 29 U.S.C. §§ 206(a), 207(a)). First, at the hearing, the parties conceded that Longfeng is an enterprise engaged in commerce. Second, which is contested by Longfeng, is that Longfeng is an employer of Yousuf under the FLSA. Specifically, the Court cited to Longfeng's admission that the Food Handler Certificate is a genuine copy procured by Longfeng for Plaintiff Yousuf to work as a Bagger at New XO Market. (ECF No. 63-6 at 13.) As a result, the Court found this admission adequate to demonstrate an employer-employee relationship and that no material fact was genuinely in dispute on this element. Thus, the Court treated that fact as established pursuant to Rule 56(g). Longfeng now seeks reconsideration of this finding based on additional facts and law not previously presented to the Court by either party and that reconsideration is needed to correct clear error.

## II.     LEGAL STANDARD

"The general rule regarding the power of a district court to rescind an interlocutory order is as follows: 'As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)). Such power is consistent with Federal Rule of Civil Procedure 54, which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any

time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Baldwin v. United States*, 823 F. Supp. 2d 1087, 1098 (D. N. Mar. I. 2011) (quoting Fed. R. Civ. P. 54(b)). Nonetheless, such "power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." *City of Los Angeles*, 254 F.3d at 886. It is a "plenary power to be exercised in justice and good conscience, for cause seen by [the district court] to be sufficient." *Baldwin*, 823 F. Supp. 2d at 1098 (citations omitted). "Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citations omitted). Longfeng submits that the Court should reconsider its finding of an employer-employee relationship based on the third ground. (Mem. P. & A. at 5, ECF No. 89-1.)

### III.    DISCUSSION

Longfeng seeks the Court's reconsideration of its Rule 56(g) oral finding that Longfeng is an employer based on the "myriad [of] conflicting evidence" and "the established law of the [Ninth] Circuit." (Mem. P. & A. at 5.) It argues that the Court failed to address the economic reality test employed by the Ninth Circuit in determining joint employment status under the FLSA.[3] (*Id.* at 11.) Further, the Commonwealth of the Northern Mariana Islands' regulations governing food safety do not define "employer," and any construction of what constitutes an "employer" under the regulations does not unequivocally establish what constitutes an employer under the FLSA. (*Id.* at 14-16.) Yousuf opposes arguing that Longfeng's motion is untimely and that Longfeng continues to admit the authenticity of the Food Handler Certificate, "procured through its initiative

---

[3] Yousuf also seeks to hold Defendant Ranada dba NVM Enterprises liable as a joint employer to Longfeng. (*See generally* SAC, ECF No. 33.)

and expense," thereby establishing an employer-employee relationship between Longfeng and Yousuf. (Opp'n at 2, 6, ECF No. 100.)

The Court finds Longfeng's arguments meritorious and concludes that reconsideration is proper for two reasons. First, Longfeng's argument that "employer" is understood differently under the CNMI's food safety regulations than it is under the FLSA is well-taken. Second, there is a myriad of conflicting evidence that shows a genuine dispute of material fact that Longfeng is a joint employer of Yousuf. Ultimately, because of this conflicting evidence, a finding of established fact pursuant to Rule 56(g) is improper. The Court will address each reason for reconsideration in turn.

**A. Different Meanings of "Employer"**

Although "employer" is to be interpreted broadly under the FLSA, *see Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th Cir. 1999), courts in the Ninth Circuit must nevertheless evaluate a joint-employment relationship between an employee and an additional employer based on the economic reality test, *see Torres-Lopez v. May*, 111 F.3d 633, 638 (9th Cir. 1995). Here, the Court did not determine Longfeng was Yousuf's employer based on the economic reality test. Rather, the Court relied on the label of "employer" on Yousuf's Food Handler Certificate. As identified by Longfeng, the regulations governing food handler certificates, encompassed at the CNMI's NMIAC § 140-20.3, do not define "employer." Without any such guidance, the lack of a definition for "employer" cannot establish the joint-employer status that the FLSA economic reality test was created to satisfy.

On the other hand, the CNMI regulations do broadly define "food handler" to mean "*any* person who prepares, packages, handles, cooks, processes, or serves food or beverages, or uses cooking utensils in a food, retail store, and beverage establishment." *Id*. at § 140-20.3-310(d)

(emphasis added). This broad definition of "food handler" suggests that even non-employees must acquire food handler certificates. Although FLSA case law mandates that "employer" be interpreted expansively, it is not so expansive that it encompasses even non-employees. Therefore, the definition of "food handler" does not provide a sufficient basis to establish an employer-employee relationship either.

The Court therefore clearly erred when it concluded that Yousuf established an employer-employee relationship within the definition of the FLSA by relying on the term "employer" on the label in Yousuf's Food Handler's Certificate, rather than evaluating whether an employer-employee relationship exists pursuant to the economic reality test under the FLSA.

**B. Genuine Dispute of Material Fact**

The Court also clearly erred in relying solely on Longfeng's admission to Yousuf's request for admission regarding the Food Handler's Certificate because it failed to recognize the rest of Longfeng's responses to Yousuf's discovery requests that unequivocally denied the relationship. (*See* ECF 63-6 at 3 (denying employment of Yousuf in Request No. 1); 4 (denying work performed by Yousuf for Longfeng in Request No. 2); 11 ("Longfeng Corporation objects to the extent that Request No. 9 assumes that [Yousuf] was employed by Longfeng Corporation. Plaintiff Yousuf was never employed by Longfeng Corporation. Longfeng Corporation admits that it only paid NVM Enterprises according to NVM Enterprises' invoice.").) Longfeng's responses, consistently denying any employment relationship with Yousuf, reflect that at the minimum there is a genuine dispute of material fact on whether Longfeng is a joint employer of Yousuf's.

Because the Court is in agreement that reconsideration is appropriate for the above two reasons, the Court need not address Longfeng's additional arguments.

//

### C. Timeliness of Motion

Finally, Yousuf's argument concerning the timeliness of Lonfeng's motion to reconsider is unavailing. "[A]n order denying a motion for summary judgment is generally interlocutory and 'subject to reconsideration by the court at any time.'" *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 79-80 (9th Cir. 1979) (quoting *Dessar v. Bank of Am. Nat'l Tr. and Savings Assoc.*, 353 F.2d 468, 470 (9th Cir. 1965)). "[A] motion for reconsideration can be brought before the entry of judgment adjudicating all of the claims in a case." *Van Well Nursery, Inc. v. Mony Life Ins. Co.*, 2007 WL 820960, at *2 (E.D. Wash. Mar. 8, 2007). These legal propositions taken together with the fact that this Court has no local rule suggesting otherwise indicate that a motion for reconsideration, so long as brought before final judgment, is timely and that this Court may reconsider its orders. Therefore, Yousuf's arguments in this regard fails.

### IV. CONCLUSION

For the foregoing reasons, the Court finds it committed clear error in concluding as established fact that Defendant Longfeng is an employer of Plaintiff Yousuf under the FLSA. Accordingly, Defendants' motion for reconsideration is hereby GRANTED. (ECF No. 89.) The Court rescinds its prior finding under Federal Rule of Civil Procedure 56(g); the issue of the employer-employee relationship between Plaintiff Yousuf and Defendant Longfeng remains in dispute.

IT IS SO ORDERED this 13th day of July, 2023.

RAMONA V. MANGLONA
Chief Judge