**PIXLEY LAW OFFICE, LLC**
Steven P. Pixley, Esq.
Third Floor, TSL Plaza
Beach Road, Garapan
Post Office Box 7757
Saipan, MP   96950
Telephone: (670) 233-2898/5175
Facsimile: (670) 233-4716

**THOMPSON LAW, LLC**
Colin M. Thompson, Esq.
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile:  (670) 233-0776

*Attorneys for Longfeng Corporation*
*dba New XO Market and Party Poker,*
*Guowu Li, and Xu Gui Qing*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ABU YOUSUF,<br><br>                              **Plaintiff,**<br><br>**-vs-**<br><br>**LONGFENG CORPORATION dba NEW XO MARKET and PARTY POKER, GUOWU LI, and XU GUI QING, and FELOTEO V. RANADA dba NVM ENTERPRISES, jointly and severally,**<br><br>                              **Defendants.** | **1:21-CV-00015**<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT UNDER THE FAIR LABOR STANDARDS ACT**<br><br>**Date:  September 21, 2023**<br>**Time: 1:30 p.m.**<br>**Judge: Hon. Ramona V. Manglona** |

1

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................... 1
II.     LEGAL STANDARD ....................................................................................... 2
III.    ARGUMENT ...................................................................................................... 3
    a.    A Bona Fide Dispute Exists. ..................................................................... 3
    b.    The Settlement Amount is a Fair and Reasonable Resolution to the Bona Fide Dispute.... 5
        1.  Plaintiff's Range of Possible Recovery .............................................. 5
        2.  The Stage of the Proceedings and the Amount of Discovery Completed ............................ 6
        3.  The Seriousness of the Litigation Risks Faced by the Parties ................................. 8
        4.  The Scope of Any Release Provision in the Settlement Agreement ...................... 9
        5.  The Experience and Views of Counsel and the Opinion of Participating Plaintiff ............. 9
        6.  The Possibility of Fraud or Collusion .......................................................... 10
        7.  The attorney's fees and costs amount are appropriate and justified. .................... 10
IV.     CONCLUSION ................................................................................................. 12

i

# TABLE OF AUTHORITIES

**Cases**

*Ambrosino v. Home Depot U.S.A., Inc.*,
No. 11cv1319 L (MDD), 2014 U.S. Dist. LEXIS 111109 (S.D. Cal. Aug. 11, 2014) .................... 3

*Anspach v. 68-444 Perez, Inc.*,
No. EDCV 19-2184 JGB (SPx), 2022 U.S. Dist. LEXIS 111151 (C.D. Cal. Apr. 21, 2022) .......... 4

*Barrentine v. Arkansas-Best Freight System, Inc.*,
450 U.S. 728 (1981) ................................................................................................................ 2

*Bellinghausen v. Tractor Supply Co.*,
306 F.R.D. 245 (N.D. Cal. 2015) ........................................................................................... 8, 9

*Brooklyn Sav. Bank v. O'Neil*,
324 U.S. 69 (1945) ................................................................................................................ 2

*Ching v. Siemens Industry, Inc.*,
No. 11—cv—04838—MEJ, 2014 U.S. Dist. LEXIS 89002, 2014 WL 2926210 (N.D. Cal. Jun. 27, 2014 ...................................................................................................................................... 8

*Christopher v. SmithKline Beecham Corp.*,
567 U.S. 142 (2012) .............................................................................................................. 2

*Dashiell v. Cnty. of Riverside*,
No. EDCV 15-00211 JGB (SPx), 2018 U.S. Dist. LEXIS 121166 (C.D. Cal. July 19, 2018).......... 5

*Del Gallego Demapan v. Zeng's Am. Corp.*,
2019 U.S. Dist. LEXIS 41770, 2019 WL 1120019 (D.N. Mar. I. Mar. 11, 2019) ................. 3, 4, 10

*Genç v. Imperial Pac. Int'l (CNMI) LLC*,
No. 1:20-cv-00031, 2022 U.S. Dist. LEXIS 205702 (D. N. Mar. I. Nov. 12, 2022).................... 4, 5

*Glass v. UBS Fin. Serv., Inc.*,
No. C—06-4068, 2007 U.S. Dist. LEXIS 8476, 2007 WL 22186 (N.D. Cal. Jan. 26, 2007) .......... 9

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) ................................................................................................. 7

*Johnson v. Serentiy Transp., Inc.*,
2020 U.S. Dist. LEXIS 232580, 2020 WL 7260059 (N.D. Cal. Dec. 10, 2020)............................ 4

*Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*,
654 F.3d 935 (9th Cir. 2011) ................................................................................................. 10

*Kerzich v. Cnty. of Tuolumne*,
335 F. Supp. 3d 1179 (E.D. Cal. 2018)............................................................. 2, 3

*Larsen v. Trader Joe's Co.*,
2014 WL 3404531 (N.D. Cal. July 11, 2014)........................................................ 9

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998) ............................................................................ 6

*Lynn's Food Stores, Inc. v. United States*,
679 F.2d 1350 (11th Cir. 1982) ................................................................. 2, 3, 11

*McKeen-Chaplin v. Provident Savings Bank*,
2018 WL 3474472 (E.D. Cal. July 19, 2018) ..................................................... 11

*Rodriguez v. West Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) .............................................................................. 7

*Seguin v. Cty. of Tulare*, No. 1:16-cv-01262-DAD-SAB,
2018 U.S. Dist. LEXIS 68991, 2018 WL 1919823 (E.D. Cal. Apr. 24, 2018) .............. 5

*Selk v. Pioneers Mem'l Healthcare Dist.*,
159 F. Supp. 3d 1164 (S.D. Cal. Jan. 29, 2016) ..................................... 5, 6, 11

*Silva v. Miller*,
307 F.App'x 349 (11th Cir. 2009) ...................................................................... 10

*Slezak v. City of Palo Alto*,
No. 16-CV-03224-LHK, 2017 U.S. Dist. LEXIS 96900, 2017 WL 2688224 (N.D. Cal. June 22,
2017) ............................................................................................................ 9, 10

**Statutes**
29 U.S.C. § 206 .................................................................................................. 2
29 U.S.C. § 207 .................................................................................................. 2
29 U.S.C. § 207(a)(1) .......................................................................................... 2
29 U.S.C. § 215(a)(3) .......................................................................................... 2
29 U.S.C. § 216(b) .............................................................................................. 2

**Rules**
Fed. R. Civ. P. 23 .............................................................................................. 3
Fed. R. Civ. P. 26(a)(2)(D)(i) .............................................................................. 8
Fed. R. Civ. P. 56(a) .......................................................................................... 4

Defendants, Longfeng Corporation *dba* New XO Market and Party Poker, Guowu Li, and Xu Gui Qing (collectively "Defendants"), through their counsel, Steven P. Pixley and Colin M. Thompson, *pro se* Defendant Feloteo V. Ranada *dba* NVM Enterprises ("Ranada"), and Plaintiff Abu Yousuf ("Yousuf"), through his counsel, Joe Hill, to hereby move this Court to approve the settlement agreements, entered between Defendants and Plaintiff, and Plaintiff and Ranada, to dismiss all counts with prejudice against the Defendants in Plaintiff's Third Amended Complaint. (ECF No. 81) (the "TAC"). This motion is made and based on the pleadings and papers on file, this memorandum of points and authorities, and the Declaration of Counsel ("Counsel Decl.") and the Declaration of Joe Hill ("Hill Decl.") submitted in support and any argument of counsel that this Court requests.

## I.    INTRODUCTION

On July 19, 2023, the Magistrate Judge stated the material terms of the settlement agreement that Yousuf and Defendants and Ranada have orally agreed to in the record. (ECF No. 126). The material terms of the settlement agreement with Defendants include payment in the amount of Twenty-Seven Thousand Five Hundred and 00/100 United States Dollars ($27,500.00), no admission of liability, and non-disparagement ("Defendants' Settlement Agreement"). (ECF No. 126). The Court also ordered Ranada and Yousuf to discuss settlement terms. The material terms of the settlement agreement with Ranada include a lump sum payment of One Thousand and 00/100 United States Dollars ($1,000.00) and twenty (20) monthly payments in the amount of Two Hundred and 00/100 United States Dollars ($200.00) after the execution of the settlement agreement ("Ranada Settlement Agreement"). This Court ordered the parties to submit a motion for settlement approval on July 26, 2023, and to appear for a Status Conference on July 27, 2023, at 10:00 a.m. (ECF No. 126).

Under an analysis of the *Lynn's Food Stores, Inc.*'s elements and the *Selk* factors, this Court should grant this motion.

## II.    LEGAL STANDARD

In 1938, Congress passed the Fair Labor Standards Act to protect workers from "substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981). The "prime purpose" of the FLSA is to "aid the unprotected, unorganized and lowest paid . . . employees who lack[] sufficient bargaining power to secure for themselves a minimum subsistence wage." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, n.18, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *see also Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147, 132 S. Ct. 2156, 183 L. Ed. 2d 153 (2012) ("Congress enacted the FLSA in 1938 with the goal of protect[ing] all covered workers from substandard wages and oppressive working hours." (citation omitted)). Employer are required to pay their employees no less than a specific minimum wage for work performed, 29 U.S.C. § 206, and at least one and one-half times an employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207(a)(1). When an employer violates §§206 or 207, employers are liable to employees affected for the amount of unpaid minimum wages or overtime compensation, and for an additional equal amount as liquidated damages. *See* 29 U.S.C. § 216(b). If an employer violates § 215(a)(3), retaliation under the FLSA, the employer may be required to provide legal or equitable relief. 29 U.S.C. § 216(b).

The district court must approve a settlement that waives or settles claims for unpaid wages under the FLSA unless supervised by the Secretary of Labor. *See Kerzich v. Cnty. of Tuolumne*, 335 F. Supp. 3d 1179, 1183 (E.D. Cal. 2018); *see also Lynn's Food Stores, Inc. v. United States*, 679

F.2d 1350, 1354 (11th Cir. 1982)[1].  A settlement that waives or settles FLSA claims should "only be approved if (1) there is a bona fide dispute regarding the existence and extent of FLSA liability, and (2) the settlement is a fair and reasonable resolution to that dispute." *Del Gallego Demapan v. Zeng's Am. Corp.*, 2019 U.S. Dist. LEXIS 41770, 2019 WL 1120019, at *2 (D.N. Mar. I. Mar. 11, 2019) (citing *Kerzich*, 335 F. Supp.3d at 1183). "The guarantees of the FLSA cannot be contracted away; therefore, no settlement should be approved if there is certainty about the amount owed to the plaintiffs under the FLSA, 'because it would shield employers from the full cost of complying with the statute.'" When the court determines that there is a bona fide dispute, it must then determine if the settlement agreement is fair and reasonable using the Rule 23 factors assessing class action settlements. *Id.*

## III.   ARGUMENT

### a.   *A Bona Fide Dispute Exists.*

This Court must find that a bona fide dispute exists between the Plaintiff, Defendants, and Ranada over potential liability under the FLSA. The parties have stoutly different opinions about the classification of Yousuf as an employee or an independent contractor of Defendants (ECF No. 92-1 at 16-24; ECF No. 93 at 8-15), the Defendants' conduct with respect to Yousuf (ECF No. 92-1 at 7-15; ECF No. 93 at 8-15), and Ranada's status as Yousuf's supervisor and employer (ECF No. 58). Broadly speaking, Longfeng contracted with NVM Enterprises NVM Enterprises where NVM Enterprises would provide security services for Longfeng's benefit. (ECF No. 92-4 ¶ 26). NVM Enterprises acted as Longfeng's contractors. Defendants did not supervise, hire or fire, determine the work schedule, maintain the employee files, or pay NVM Enterprises' employees. (*Id.* ¶¶ 34-37, 39, 40, 41). Instead, NVM Enterprises selected, supervised, hired and fired, and paid its employees,

---

[1] District courts within the Ninth Circuit have followed *Lynn's Food Stores*. *Ambrosino v. Home Depot U.S.A., Inc.*, No. 11cv1319 L (MDD), 2014 U.S. Dist. LEXIS 111109 (S.D. Cal. Aug. 11, 2014) (citing cases in the Ninth Circuit that apply *Lynn's Food Stores, Inc*).

including Yousuf, to work at Longfeng. (*Id.* ¶¶ 42, 46, 54, 55, 72-73; ECF No. 92-2 ¶ 21, 27). Plaintiff disputes Defendants' perspective of the facts. Plaintiff believes that he was interviewed and hired, supervised, admonished, prohibited from recording his actual time of arrival and departure to and from work, humiliated, and paid by Sophie to work for Longfeng. (ECF No. 93-2 ¶¶ 3, 4, 17, 18, 19, 25). Plaintiff argues that he was an employee of Defendants when he performed services at New XO Market and Party Poker. (ECF No. 93 at 25). Ranada disputes Defendants and Plaintiff's perspective, believing that he is not Plaintiff's employer because he does not own NVM Enterprises. (ECF No. 84). These competing views reflect a bona fide dispute. *See Johnson v. Serentiy Transp., Inc.*, 2020 U.S. Dist. LEXIS 232580, 2020 WL 7260059, at *2 (N.D. Cal. Dec. 10, 2020) (finding a bona fide dispute exists where parties disputed "Plaintiffs' classification status…."); *see also Anspach v. 68-444 Perez, Inc.*, No. EDCV 19-2184 JGB (SPx), 2022 U.S. Dist. LEXIS 111151, at *9 (C.D. Cal. Apr. 21, 2022) (Finding bona fide dispute where parties had strenuously different opinions about the classification of the workers as employees or independent contractors ). In fact, because this Court denied the parties' cross-motions for summary judgment (ECF Nos. 92-93), a bona fide dispute should follow. *Compare* Fed. R. Civ. P. 56(a) (summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitled to judgment as a matter of law) *with* (ECF No. 122) (denying the parties' cross-motions for summary judgment).

The parties need not demonstrate a bona fide dispute in the context of punitive damages awarded for Plaintiff's third FLSA claim for retaliation. Caselaw requiring the district court or Secretary of Labor of settlements only applies in the context of minimum and overtime wages. *See Genç v. Imperial Pac. Int'l (CNMI) LLC*, No. 1:20-cv-00031, 2022 U.S. Dist. LEXIS 205702, at *11 (D. N. Mar. I. Nov. 12, 2022) (citing *Demapan,* 2019 U.S. Dist. LEXIS 41770, 2019 WL 1120019,

at *2). Unlike minimum and overtime wages employers must pay, punitive damages are discretionary and requires courts to balance differing interests, which contrasts to the minimum and overtime wage provisions of the FLSA. *Id.* The parties do not need to find a bona fide dispute to settle an award of punitive damages. *Id.*

  b. *The Settlement Amount is a Fair and Reasonable Resolution to the Bona Fide Dispute.*

  Because a bona fide dispute exists, the court balances several factors to determine whether the settlement amount is fair and reasonable. In short, the court considers the totality of the circumstances within the context of the FLSA. *Seguin v. Cty. of Tulare*, No. 1:16-cv-01262-DAD-SAB, 2018 U.S. Dist. LEXIS 68991, 2018 WL 1919823, at *3 (E.D. Cal. Apr. 24, 2018). The factors that the Court considers when evaluating settlements under the FLSA include: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion. *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1173 (S.D. Cal. Jan. 29, 2016); *Dashiell v. Cnty. of Riverside*, No. EDCV 15-00211 JGB (SPx), 2018 U.S. Dist. LEXIS 121166, at *9 (C.D. Cal. July 19, 2018) (analyzing *Selk* factors).

  1. Plaintiff's Range of Possible Recovery

  Under the FLSA, the maximum amount a plaintiff may recover is twice the number of unpaid wages and/or overtime for a three-year period prior to the institution of the action, assuming violation is willful warranting the award of liquidated damages. Under the terms of the parties' proffered settlement agreement, Defendants negotiated and obligated themselves to pay a total gross settlement amount of $32,500,which are believed to be within or close to the range that Plaintiff

could expect to recover if the action were to proceed to trial and secure a favorable judgment. Hill Decl., ¶ 14. In (2nd) Plaintiff's Motion for Summary Judgment Against Defendants Long Feng Corporation *dba* New XO Market and Partypoker, Guowu Li and Xu Gui Qing, Plaintiff calculated, determined and declared his unpaid wages and/or overtime amounting to $51,855.36. (ECF No. 93-2).

With the assistance of the Court, the gross amount of settlement was negotiated at arms-length taking into account the Plaintiff's expected range of recovery as against the uncertainty or risk of losing everything at trial.

While Plaintiff's counsel believes Plaintiff's causes of action and evidence against the Defendants are strong and convincing; however, counsel similarly believes that prevailing at trial on those claims and causes of action are uncertain, especially in the light of Defendants' respective denial of the existence of employment relationship between the Plaintiff and the Defendants. The parties' negotiated and proffered settlement agreement avoids the uncertainty of trial and the likelihood of appeal. Hill Decl., ¶¶ 18 & 19. Considering the uncertainties of litigation, the parties are therefore better served by entering into settlement rather than prolonging the litigation of this action.

Accordingly, considering that the gross settlement amounts are believed to be within or close to the range of possible recovery that Plaintiff could realistically achieve or expect at trial, the Court is requested and should approve the parties' proffered settlement agreement.

2. The Stage of the Proceedings and the Amount of Discovery Completed

The Court must consider the stage of the proceedings and the amount of discovery completed to ensure the parties "have an adequate appreciation of the merits of the case before reaching a settlement." *Selk*, 159 F. Supp. 3d at 1177. So long as the parties have "sufficient information to make an informed decision about settlement," this factor weighs in favor of approval. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998); *see also In re Mego Fin. Corp. Sec.*

*Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (a combination of investigation, discovery, and research conducted prior to settlement can provide sufficient information to make an informed decision about settlement).

The parties engaged in extensive and sufficient discovery to make an informed decision about settlement. Parties have requested for several extensions to the Fact Discovery Cutoff. *See, e.g.,* (ECF Nos. 49, 52, 59). The Fact Discovery Cutoff was supposed to end on March 15, 2022 (ECF No. 7), but only ended on April 13, 2023. (ECF No. 60). The extent of the discovery conducted by the parties is evidenced by the number of documents that Defendants have disclosed; a total of five hundred seventy-three (573) pages. Counsel Decl. ¶ 4. Separately, the parties engaged in five (5) different oral depositions, including two (2) of Plaintiff Yousuf, one (1) of ex-Plaintiff Md. Rokonnurzzaman, one (1) of co-defendant Feloteo V. Ranada, and one (1) of Longfeng's 30(b)(6) agent, Jeremiah Wolfe. Counsel Decl. ¶ 5. Plaintiff's counsel also conducted two (2) sets of written interrogatories, five (5) sets of written requests for admissions, three (3) sets of written requests for production of documents and Plaintiff's counsel can and has closely analyzed documents that Defendants have disclosed, and even calculated the amount of alleged unpaid wages accordingly (ECF No. 93-4); *see also* Hill Decl. ¶¶ 11-12. The parties have been able to narrow the issues in the case and adequately assess the likelihood of success at trial. *See, e.g., Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (the parties have a good grasp on the merits on the case before settlement where "discovery has been conducted, and the parties had gone through one round of summary judgment proceedings"). Similar to *Rodriguez*, the parties have undergone two rounds of summary judgment evidencing a grasp on the merits of the case. The parties have sufficient information to make an informed decision about settlement. The extent of discovery and the stage of proceedings weigh in favor of approval of settlement. *See Ching v. Siemens Industry, Inc.*, No.

11—cv—04838—MEJ, 2014 U.S. Dist. LEXIS 89002, 2014 WL 2926210, *5 (N.D. Cal. Jun. 27, 2014).

   3.   The Seriousness of the Litigation Risks Faced by the Parties

"Courts favor settlement where 'there is a significant risk that litigation might result in a lesser recover[y] for the class or no recovery at all." *Seguin*, 2018 U.S. Dist. LEXIS 68991, 2018 WL 1919823, at *4 (quoting *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 255 (N.D. Cal. 2015)). This Court recently recanted its clear error in "concluding as established fact that Defendant Longfeng is an employer of Plaintiff Yousuf under the FLSA", and instead reinstated "the issue of the employer-employee relationship between Plaintiff Yousuf and Defendant Longfeng…." (ECF No. 121 at 8). By recanting its clear error, Plaintiff Yousuf is at risk that the jury may not find him an employee of Defendant Longfeng. Similarly, Defendants have defended its meritorious claim that they are not employees of Plaintiff because this Court denied Plaintiff Yousuf's motion for summary judgment (ECF No. 93). (ECF No. 122).

Defendants have also filed a motion *in limine* to exclude Plaintiff Yousuf's accountant, Alma Ng Berki, who is expected to testify the calculation of the damages that he is allegedly owed. (ECF No. 112-1). Plaintiff Yousuf failed to disclose properly by disclosing her as a lay witness as opposed to an expert witness. Ms. Berki's expected testimony is that of an accountant and she will testify the monetary amount that Yousuf is allegedly entitled to. However, Ms. Berki was disclosed on the eve of the Jury Trial, and significantly after the Expert Disclosures Deadline (90 days before a trial pursuant to Fed. R. Civ. P. 26(a)(2)(D)(i)). If Defendants' motion *in limine* is granted, then Plaintiff Yousuf risks not being able to prove the alleged wages he is entitled to, jeopardizing his case in chief.

There is a real possibility that Plaintiff Yousuf may not recover any form of alleged wages or punitive damages claimed by him. In light of this substantial uncertainty, "there is significant risk

that litigation might result in a lesser recover[y] for the class or no recovery at all" weighing in favor of approval of the settlement. *Bellinghausen*, 306 F.R.D. at 255; *see also Glass v. UBS Fin. Serv., Inc.*, No. C—06-4068, 2007 U.S. Dist. LEXIS 8476, 2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007), aff'd 331 F.App'x 452 (9th Cir. 2009).

4.   The Scope of Any Release Provision in the Settlement Agreement

"A FLSA release should not go beyond the specific FLSA claims at issue in the lawsuit itself." *Slezak v. City of Palo Alto*, No. 16-CV-03224-LHK, 2017 U.S. Dist. LEXIS 96900, 2017 WL 2688224, at *5 (N.D. Cal. June 22, 2017). The release is limited to FLSA claims that Yousuf asserts against the Defendants and Ranada. The settlement excludes protected whistleblower and other administrative rights. This factor weighs in favor of granting the settlement.

5.   The Experience and Views of Counsel and the Opinion of Participating Plaintiff

In examining this factor, "[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases." *Larsen v. Trader Joe's Co.,* 2014 WL 3404531 *5 (N.D. Cal. July 11, 2014).

In this matter, Plaintiff's counsel, Joe Hill, declares that the terms of the parties' proffered settlement agreement are fair and reasonable asserting, among others, that the collective settlement amounts from the Defendants are within or close to the range that Plaintiff could expect to recover if this case were to proceed to trial and secure a favorable judgment. Hill Decl. ¶ 24. Counsel Joe Hill has over 40 years of experience in private and government practice with substantial work in areas of wage and hour and employment cases before various courts and agencies. Hill Decl. ¶ 4.

Similarly, counsels for Defendants Long Feng Corporation, Guowu Li and Xu Qui Qing have similar or possibly more collective years of practice litigating FLSA cases before various courts and agencies.

Given the collective experiences of all counsels, their view and position that the proffered settlement agreement is fair and reasonable strongly support its judicial approval.

6.   The Possibility of Fraud or Collusion

"The likelihood of fraud or collusion is low … [when] the Settlement was reached through arm's-length negotiations, facilitated by an impartial mediator." *See Slezak*, 2017 U.S. Dist. LEXIS 96900, 2017 WL 2688224, at *5 (N.D. Cal. June 22, 2017). After a Pre-Settlement Telephone Conference held on June 16, 2023, the parties were ordered to exchange settlement statements on July 14, 2023. (ECF No. 94). The parties did so. On July 18 to 19, 2023, the parties convened settlement negotiations. It is unlikely for fraud or collusion to occur because Magistrate Judge Kennedy presided over and facilitated the two-day settlement negotiations between Yousuf, Defendants and Ranada. *See* Minute Entry for Settlement Conference held on July 18, 2023[2]; *see also* (ECF No. 126) (material terms of settlement reached between Defendants and Yousuf). The settlement lacks any evidence of "'subtle signs' of collusion.  *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935 (9th Cir. 2011). Counsel did not receive a disproportionate distribution of settlement, nor will he be amply rewarded while Yousuf receives no monetary distribution. *Id.* This factor weighs in favor of approval of the settlement.

7.   The attorney's fees and costs amount are appropriate and justified.

Plaintiff and his counsel Joe Hill entered into a contingency arrangement where Plaintiff agreed to apportion 33, 1/3% of the total funds his counsel recovered for him, plus costs.

While "[c]ontingency fees are permitted, however, the court must still determine the reasonableness of the fee, regardless of any contract between the plaintiffs and their attorney." *Demapan*, 2019 U.S. Dist. LEXIS 41770, at *9  (citing *Silva v. Miller,* 307 F.App'x 349, 351-52 (11th Cir. 2009) ("To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.").

"In assessing the reasonableness of contingency fees in FLSA settlements, many courts have found it helpful to rely on the Ninth Circuit's 25% benchmark for awarding attorney's fees in

---

[2] The Minute Entry for proceedings held before Magistrate Judge Heather L. Kennedy: Settlement Conference held on July 18, 2023, does not have a designated ECF Number.

common fund cases." *Id.* at 7 (citations omitted). However, in the presence of justifying circumstances, "[c]ourts have found 33% contingency fees reasonable in some FLSA cases." *Id.* (citing *McKeen-Chaplin v. Provident Savings Bank,* 2018 WL 3474472, at *2-3 (E.D. Cal. July 19, 2018) ("approving a 33% contingency fee in a case that had been pending for more than five years during which attorney did not receive payment, including full discovery, two rounds of motions for summary judgment...").

While the instant case lasted only more than 2 years, however, during that time Plaintiff's counsel did not receive payment from Plaintiff related to this case, the parties had full discovery including depositions, and 2 rounds of motions for summary judgment. In addition, during the pendency of the case, Plaintiff's counsel had to advance the costs of the litigation.

Here, Plaintiff's counsel requests $6,634.04 in attorney's fees. This amount constitutes approximately 20.41% of the total settlement amount of $32,500.00, which is well within the 25% benchmark set by the Ninth Circuit. This percentage is consistent, or even less, with awards allowed in similar FLSA cases. *See Selk,* 159 F.Supp.3d at 1180.

Finally, Plaintiff's counsel requests for the recovery of costs amounting to $2,565.96. *See* Hill Decl., Exhibit "2" for the breakdown. Thus, Plaintiff's counsel requests for a total amount of $9,200.00 as attorney's fees and costs. Accordingly, Plaintiff's counsel believes and proffers that the above-mentioned attorney's fees and costs do not and will not affect the reasonableness of the settlement agreement.

//

## IV.    CONCLUSION

The *Lynn's Food Stores, Inc.*'s elements and *Selk* factors squarely weigh in favor of the approval of the settlement agreement. This Court should grant this motion for approval of settlement agreement under the FLSA.


Respectfully submitted this 15th day of September, 2023.

*/s/Steven P. Pixley*                          */s/ Colin M. Thompson*
**PIXLEY LAW OFFICE, LLC**        **THOMPSON LAW, LLC**
Steven P. Pixley                                Colin M. Thompson
*Attorney for Longfeng Corporation*      *Attorney for Longfeng Corporation*
*dba New XO Market and Party Poker,*    *dba New XO Market and Party Poker,*
*Guowu Li, and Xu Gui Qing*              *Guowu Li, and Xu Gui Qing*


*/s/ Joe Hill*                                */s/ Feloteo V. Ranada*
**HILL LAW OFFICES**                       Feloteo V. Ranada
Joe Hill                                        *Pro Se Defendant*
*Attorney for Abu Yousuf*