## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between ABU YOUSUF ("Yousuf") and FELOTEO V. RANADA *dba* NVM ENTERPRISES ("Ranada"), (each a "Party" and collectively the "Parties"). This Settlement Agreement shall take effect upon approval of this Settlement Agreement by the United States District Court for the Northern Mariana Islands.

### RECITALS

**WHEREAS**, Yousuf, together with Md. Rokonnurzzaman ("Rokonnurzzaman" and collectively the "Plaintiffs"), have asserted claims against Long Feng Corporation *dba* New XO Market and Partypoker, Guowu Li, and Xu Gui Qing for, *inter alia,* violation of the Fair Labor Standards Act (the "FLSA"), violation of CNMI Wage and Hour Act, Unlawful Retaliation, Fraud and Deceit, and Equitable Relief in a Verified Complaint for Violation of Fair Labor Standards Act and Supplemental State Law Claims filed on May28, 2021 in the United States District Court for the Northern Mariana Islands, Civil Action No. 21-00015 (the "Action");

**WHEREAS,** on November 8, 2021, the Plaintiffs filed a First Amended Complaint and Supplemental State Law Claims, joining Feloteo V. Ranada *dba* NVM Enterprises as additional defendant.

**WHEREAS,** on February 24, 2022, pursuant to a court-approved Stipulation of the Parties, Yousuf filed a Third Amended Complaint, taking out and dismissing and removing Rokonnurzzaman as party-plaintiff and leaving Yousuf as the only remaining plaintiff against the defendants.

**WHEREAS**, it is the desire of the Parties to compromise and settle all disputed issues and claims set forth in the Action and arising out of Yousuf's employment with the Defendants, and to achieve a mutually acceptable resolution of the dispute between them without incurring further expense, inconvenience, uncertainty and delay of litigation;

**NOW, THEREFORE**, in consideration of the preceding Recitals and in consideration of the mutual covenants, agreements, representations and promises contained in this Settlement Agreement, the Parties agree as follows:

### AGREEMENT

1. **Acknowledgment**. Each Party acknowledges and agrees that it is entering into this Settlement Agreement based solely upon his or its own investigation with the assistance of counsel or translator/interpreter.

2. **No Admissions**. This Settlement Agreement is the settlement of disputed claims and both Parties maintain their denials of all liability to each other. No admissions are intended by either Party by entering into this Settlement Agreement, and both Parties maintain that they have no liability to the other. Third parties may not rely on this Agreement as an admission by either

Party. This Agreement shall not be offered or received into evidence or otherwise filed or lodged in any proceeding against any Party except as may be necessary to prove and enforce its terms in the Action. It is expressly understood and agreed that the consideration referenced herein is in full accord and satisfaction of the disputed asserted claims set forth in the Action

3. **Consideration**.

    a.    **Installment Payments**: Ranada shall pay and tender a total sum of **$5,000.00** (the "Settlement Amount") payable in monthly installments to Plaintiff counsel's client trust account, JOE HILL CLIENT TRUST ACCOUNT. Payment of the Settlement Amount will start with the amount of $1,000.00 to be tendered upon execution by the parties of this Settlement Agreement. Thereafter, Ranada shall tender $200.00 each month until the full amount of $5,000.00 has been paid. The monthly payments shall be tendered on the 15th business day of each month to the Law Office of Joe Hill for the benefit of Yousuf.

    b.    **Waiver of All Claims**. Yousuf expressly waives any and all rights he has had or may have had under any and all claims he has brought in the Action against Ranada.

    c.    **Dismissal**. No later than the fifth (5th) business day following the Court's approval of this Settlement Agreement by the Parties, Plaintiff's counsel shall file on behalf of the Parties (Yousuf and Ranada) a Stipulation of Dismissal dismissing this case with prejudice, subject to continued jurisdiction of the Court for enforcement purposes.

1. **Release Given by Plaintiff Yousuf**. Abu Yousuf, his agents, successors and assigns, hereby forever release and discharge Feloteo V. Ranada *dba* NVM Enterprises and its shareholders, and any and all of their agents, servants, employees, successors, heirs, executors, administrators and assigns, officers, directors, and attorneys (the "Ranada Released Parties"), from any and all claims, injuries, demands, causes of actions, liabilities, legal claims, expenses or damages of whether known or unknown, suspected or unsuspected or hereafter discovered, whether in law or in equity, upon contract or tort, or under Commonwealth, or federal law or laws, or under common law or otherwise which they may have had, now have, or claim to have, or assert against them as a result of any actions or omissions of Ranada and all of the Ranada Released Parties, related in any manner to any claims, allegations or causes of action asserted in the Action or arising out of or related to the employment of Yousuf by Ranada and/or NVM Enterprises.

2. **Release Given by Defendant Ranada**. Feloteo V. Ranada *dba* NVM Enterprises and their agents, successors and assigns, hereby forever release and discharge Abu Yousuf, and any and all of his agents, successors, heirs, executors, administrators, attorneys, and assigns from any and all claims, injuries, demands, causes of actions, liabilities, legal claims, expenses or damages whether known or unknown, suspected or unsuspected or hereafter discovered, whether in law or in equity, upon contract or tort, or under Commonwealth, or federal law or laws, or under common law or otherwise which Ranada and/or NVM Enterprises may have had, now have, or claim to have, as a result of any claims, allegations or causes of action asserted in the Action or

arising out of or related to the employment of Yousuf by Ranada and/or NVM Enterprises.

3. **Intent of the Parties**. It is the express intent of the Parties that this Settlement Agreement discharge all claims that they may have against the other, whether known or unknown, in existence on the Effective Date. New claims that might arise after the Effective Date are not covered by this Agreement but a claim that was in existence on the Effective Date is extinguished. Each Party realizes that one or more other Parties may have sustained or incurred unknown or unforeseeable bodily, personal or psychological injuries, damages to property, business or other losses, costs, expenses, damages, liabilities or claims, and the consequences thereof, and any actions of the Parties in their individual or official capacities, up to the date of the execution of this Agreement. The Parties expressly undertake and assume the risk that the settlement and underlying execution of this Agreement was made on the basis of mistake or mistakes, mutual or unilateral, as to the nature, extent, effects or consequences of any known or unknown, suspected or unsuspected, present or future, underlying losses or damages.

4. **Governing Law**. This Settlement Agreement and all performances hereunder shall be governed by the applicable federal laws and the laws of the Commonwealth of the Northern Mariana Islands.

5. **Costs and Expenses**. Each Party shall bear its own costs, fees and expenses (including without limitation their attorney's fees) associated with the Action and this Settlement Agreement. All other fees and costs (if any) are waived and forever discharged.

6. **Integration**. This Agreement constitutes the entire agreement of the Parties and all prior representations and discussions are merged and incorporated herein. This Agreement may not be amended absent a writing evidencing such an amendment executed by the Parties.

7. **Waiver**. No waiver of any covenant or obligation of this Agreement shall be effective unless contained in a writing signed by the Party against whom such waiver is asserted.

8. **No Prior Assignment**. Each Party represents and warrants that it is the sole and lawful owner of all right, title and interest in and to every claim and other matter that such Party purports to release or compromise by this Agreement, and that such Party has previously assigned or transferred, either by act or operation of law, to any third-party or entity, any claim or other matters released by this Agreement. In the event that any Party is subjected to further claim by any person, firm, corporation or other entity, acting under any actual or purported lien, right or subrogation, or assignment, the Party whose claim such person asserts will defend, indemnify and hold the other party harmless from any such claim or demand.

9. **Prohibition Against Assignment**. The obligations, or any of them, of the Parties to this Agreement shall not be assigned or delegated without the expressed written consent of the Parties.
10. **Breach or Failure of Performance**. If any Party at any time fails to perform any obligation required of such Party under this Settlement Agreement, the other Party shall send

written notice to the non-performing Party regarding its non-performance. The non-performing Party shall have 15 calendar days to cure its non-performance. If the non-performing Party does not cure its non-performance within 15 calendar days of receiving notice, then the other Party may file and seek judicial relief in enforcing such obligation. The District Court of the Commonwealth of the Northern Mariana Islands shall have continuing jurisdiction over this Settlement Agreement for enforcement purposes.

11.     **Representation**. The Parties acknowledge and represent that in negotiating this agreement and the terms of this Settlement Agreement, they have been represented by and have conferred with legal counsel and/or preferred translator/interpreter. Each Party represents and warrants that they have carefully read this Agreement, they understand its contents and that each has executed it as their own free and voluntary act. The Parties agree and affirm that the terms of this Agreement have been negotiated at arms' length between the Parties. Any rule of law or construction or case precedent against liability releases and the rule of interpretation against the draftsman shall not apply in any dispute over interpretation or enforcement of this Agreement.

12.     **Continuing Jurisdiction**. The District Court for the Commonwealth of the Northern Mariana Islands shall have continuing jurisdiction to enforce any provision of this Settlement Agreement, and any Party to this Agreement may move to enforce this settlement.

13.     **Execution in Counterparts**. This Settlement Agreement may be executed in counterparts and this Agreement shall become binding when executed by all Parties hereto without regard to whether such signatures are appended to the original Agreement or to a counterpart thereof. Signatures received by facsimile, or to a facsimile copy hereof, shall be deemed valid and binding as appended to the original when each page has been initialed by the Parties hereto.

**IN WITNESS WHEREOF**, the Parties have duly executed this Settlement Agreement effective upon approval by United States District Court for the Northern Mariana Islands of this Settlement Agreement and the joint motion to dismiss the Action.

**For Plaintiff:**

_____
Abu Yousuf
Date: 9/14/2023

_____
Joe Hill, Attorney for Abu Yousuf
Date: 9/14/2023

**For Defendant:**

_____
Feloteo V. Ranada *dba* NVM Enterprises
Date: 09/15/23

_____
Translator/Interpreter for Feloteo V. Ranada
Date: _____