# SETTLEMENT AND RELEASE OF CLAIMS AGREEMENT

This Settlement and Release of Claims Agreement (this "Agreement") is made between Abu Yousuf ("Plaintiff") and Defendants Longfeng Corporation *dba* New XO Market and Party Poker, Guowu Li, and Xu Gui Qing (separately a "Defendant", and collectively, "XO Defendants").

## RECITALS

1. On May 28, 2021, Plaintiff, along with ex-Plaintiff Md. Rokonnurzzaman, filed a lawsuit entitled *Abu Yousuf, et al. v. Longfeng Corporation dba New XO Market and Party Poker, et al.*, in the United States District Court for the Northern Mariana Islands (the "Lawsuit") against XO Defendants. On November 8, 2021, Plaintiff amended the complaint in the Lawsuit, joining an additional defendant, Feloteo V. Ranada. On February 24, 2022, Plaintiff amended the complaint in the Lawsuit after an order from the court.

2. In the Lawsuit, Plaintiff alleged, among other things, that XO Defendants were "employers" of Plaintiff under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that Plaintiff was a non-exempt employee covered by the FLSA, and that XO Defendants failed to pay minimum wage and overtime compensation to Plaintiffs, and retaliated, under 29 U.S.C. § 215(a)(3), against the Plaintiff (collectively, the "Claims").

3. Plaintiff and XO Defendants now desire to enter into a written settlement agreement whereby Plaintiff completely releases all claims, disputes, and controversies against XO Defendants embodied by the Lawsuit and the Claims, plus all other claims that Plaintiff could have raised, or can raise, arising out of or relating to, in any way, their employment by any of XO Defendants.

The parties THEREFORE agree as follows:

## AGREEMENT

**1.     The Settlement Payment.** XO Defendants shall pay a total settlement payment in the amount of TWENTY-SEVEN THOUSAND FIVE HUNDRED AND 00/100 UNITED STATES DOLLARS ($27,500.00) (the "Settlement Amount"), subject to tax withholdings, to Plaintiff's counsel's Client Trust Account, JOE HILL CLIENT TRUST ACCOUNT, within one week following the United States District Court for the Northern Mariana Islands' approval of this Agreement, which represents back wages, and liquidated damages, and attorneys' fees and costs. Of this amount, NINE THOUSAND TWO HUNDRED AND 00/100 UNITED STATES DOLLARS ($9,200.00) shall be designated as attorney's fees and costs; NINE THOUSAND ONE HUNDRED FIFTY AND 00/100 UNITED STATES DOLLARS ($9,150.00) shall be designated as payment of back wages ("Back Wages"), and NINE THOUSAND ONE HUNDRED FIFTY AND 00/100 UNITED STATES DOLLARS ($9,150.00) shall be designated as payment of liquidated damages. XO Defendants shall deduct SIX HUNDRED NINETY-NINE

AND 97/100 UNITED STATES DOLLARS ($699.97) AND THREE HUNDRED SIXTY-SIX AND 00/100 UNITED STATES DOLLARS ($366.00) for FICA Withholdings and Chapter 2 Withholdings respectively from Back Wages. The Settlement Amount delivered to Plaintiff counsel's Client Trust Account, JOE HILL CLIENT TRUST ACCOUNT, after making FICA Withholdings and Chapter 2 Withholdings, shall be in the amount of TWENTY- SIX THOUSAND FOUR HUNDRED THIRTY-FOUR AND 03/100 UNITED STATES DOLLARS ($26,434.03).

**2.** **Dismissal of the Lawsuit.** When the Settlement Amount is paid in full, XO Defendants may file, and the Court may issue, a stipulated dismissal with prejudice as to XO Defendants in the same form as Exhibit A attached hereto.

**3.** **Court Approval.** Within three (3) business days after this Agreement is fully executed by the parties, Plaintiff and XO Defendants shall file a joint motion for approval of the settlement under the terms of this Agreement and for dismissal of the Lawsuit of the Lawsuit pursuant to this Agreement.

**4.** **Conditional.** This Agreement and the joint motion for approval of the settlement shall be subject to the approval of the United States District Court for the Northern Mariana Islands. If the United States District Court for the Northern Mariana Islands doesn't approve this Agreement, this Agreement shall be null and void.

**5.** **Release.** Plaintiff, for himself and his predecessors, successors, affiliates, and assigns, and their pasts, present, and future representatives, assigns, and successors in interest (collectively, the "Plaintiff Releasors"), hereby released and discharged XO Defendants and any predecessors, successors, direct and indirect parent companies, direct and indirect subsidiary companies, companies under common control with any of the foregoing affiliates and assigns and their past, present, and future officers, directors, shareholders, interest holders, members, partners, employees, managers, representatives, assigns and successors in interest of any of XO Defendants, and all persons acting by, though, under or in concert with them (collectively, the "XO Defendant Releasees"), from all claims, demands, sums of money, actions, rights, losses, causes of action, liens, loss of profits, compensation, agreements, contracts, covenants, suits, obligations, controversies, debts, costs, expenses, attorneys' fee, interest, both pre-judgment and post-judgment, economic and non-economic damages, punitive damages, judgments, orders and liabilities of whatever kind or nature, in law, equity, admiralty, in rem or otherwise, whether now known, suspected or unsuspected, concealed or hidden, which have existed, may have existed, exist now, or may exist in the future, any and all claims that were or might have been made against them, arising out of or related to the employment Plaintiff by any of XO Defendants including without limitation, Plaintiff's alleged employment with XO Defendants (collectively "Plaintiff's Released Claims").

XO Defendants, for themselves and their predecessors, successors, affiliates and assigns, and their past, present, and future representatives, assigns, and successors in interest (collectively, the "XO Defendant Releasors"), hereby release and discharge Plaintiff and their representatives, assigns and successors in interest of any of Plaintiff, and all persons

acting by, though, under or in concert with them (collectively, the "Plaintiff Releasees"), from all claims, demands, sums of money, actions, rights, losses, causes of action, liens, loss of profits, compensation, agreements, contracts, covenants, suits, obligations, controversies, debts, costs, expenses, attorneys' fee, interest, both pre-judgment and post-judgment, economic and non-economic damages, punitive damages, judgments, orders and liabilities of whatever kind or nature, in law, equity, admiralty, in rem or otherwise, whether now known, suspected or unsuspected, concealed or hidden, which have existed, may have existed, exist now, or may exist in the future, any and all claims that were or might have been made against them, arising out of or related to the employment of any of Plaintiff by any of XO Defendants (collectively, the "XO Defendant Released Claims")

6. **Promise Not to Sue.** Except as otherwise provided herein with respect to XO Defendants prior to full payment of the Settlement Amount, Plaintiff Releasors shall not initiate, maintain or prosecute, or in any way knowingly aid in the initiation, maintenance or prosecution of any lawsuits, disputes, demands, liabilities, judgments, damages, expenses, claims, counterclaims, cross-claims, third-party or other complaints, appeals, collateral attacks on judgments, controversies, actions or causes of action, of any kind or nature, whether in law, equity or otherwise, including but not limited to claims for punitive or general damages, attorney's fees, property damages, lost wages, pain, suffering, mental and emotional distress, loss of enjoyment of life, costs, loss of services, expenses, and wages earned and unearned, medical costs, subsistence, maintenance and cure, both past and future, attorney fees, punitive damages, pre- and post-judgment interest, indemnity, contribution or reimbursement, however named, arising out of the Plaintiff Released Claims, against the XO Defendant Releasees.

The XO Defendant Releasors shall not initiate, maintain or prosecute, or in any way knowingly aid in the initiation, maintenance or prosecution of any lawsuits, disputes, demands, liabilities, judgments, damages, expenses, claims, counterclaims, cross-claims, third-party or other complaints, appeals, collateral attacks on judgments, controversies, actions or causes of action, of any kind or nature, whether in law, equity or otherwise, including but not limited to claims for punitive or general damages, attorney's fees, property damages, lost wages, pain, suffering, mental and emotional distress, loss of enjoyment of life, costs, loss of services, expenses, and wages earned and unearned, medical costs, subsistence, maintenance and cure, both past and future, attorney fees, punitive damages, pre- and post- judgment interest, indemnity, contribution or reimbursement, however named, arising out of the XO Defendant Released Claims, against the Plaintiff Releasees.

7. **Covenant to Indemnify.** The Plaintiff Releasors shall indemnify the XO Defendant Releasees from all loss, liability, and expense of any, kind, including but not limited to attorneys' fees arising out of: (I) any assertion of any claim by the Plaintiff Releasors or one or more third parties claiming through the Plaintiff Releasors with respect to the Plaintiff Released Claims; and (2) any attempt by one or more Plaintiff Releasors or one or more third parties claiming through one or more Plaintiff Releasors to repudiate this agreement or to evade the spirit of the settlement that the parties intend this

Agreement to embody. The XO Defendant Releasors shall indemnify the Plaintiff Releasees from all loss, liability, and expense of any, kind, including but not limited to attorneys' fees arising out of: (1) any assertion of any claim by the XO Defendant Releasors or one or more third parties claiming through the XO Defendant Releasors with respect to the XO Defendant Released Claims; and (2) any attempt by one or more XO Defendant Releasors or one or more third parties claiming through one or more XO Defendant Releasors to repudiate this agreement or to evade the spirit of the settlement that the parties intend this Agreement to embody.

**8.    Taxes.** Plaintiff shall pay all tax payments attributable to payment of the Settlement Amount as provided by law. In making payments attributable to payment of the Settlement Amount, Longfeng shall make FICA and Chapter 2 withholdings therefrom according to the breakdown shown in Exhibit B attached hereto, and described in Section 1, and pay such withholdings to the IRS and CNMI Treasury. Plaintiff acknowledge that neither XO Defendants nor their agents or counsels have provided any tax advice to Plaintiff in connection with this Agreement. XO Defendants acknowledge that neither Plaintiff nor his counsel have provided any tax advice to XO Defendants in connection with this Agreement.

**9.    Non-Disparagement.** To the extent permitted by law, each of Plaintiff and XO Defendants covenants and agrees that neither it/he/she nor any of its/his/her respective agents, subsidiaries, affiliates, successors, assigns, officers, key employees or directors, will in any way publicly disparage, call into disrepute, defame, slander or otherwise criticize the other parties or such other parties' parents, subsidiaries, affiliates, successors, assigns, current or former officers, directors, employees, shareholders, agents, attorneys or representatives, or any of their products or services, in any manner that would damage the business or reputation of such other Parties, their products or services or their subsidiaries, affiliates, successors, assigns, current or former officers, directors, employees, shareholders, agents, attorneys or representatives. In the event of a breach of this section and/or the confidentiality section by any party, any affected party to this Agreement shall have the right to seek injunctive relief prohibiting such breach, in addition to all other remedies that may be available to the affected party.

**10.    No Admission of Liability.** Each party acknowledges that the subject matter of this Agreement involves disputed claims involving legal and factual questions and that this Agreement is the result of a compromise between the parties. By signing this Agreement, no party is admitting any fault, liability, or wrongdoing. Except as otherwise provided herein with respect to XO Defendants prior to full payment of the Settlement Amount, the parties intend that this Agreement and its exhibits will not constitute evidence of or any admission by any party of any liability or wrongdoing of any kind.

**11.    Differences of Fact.** Each party acknowledges that there may be facts relevant to the parties' decision to enter into this Agreement that the parties may not discover until after the parties enter into this Agreement. Each party further acknowledges that facts relevant to this Agreement may change after the parties enter into this Agreement. This Agreement will be effective regardless of any newly discovered or changed facts that

become known to either party after the effective date of this Agreement.

**12.     No Outstanding Claim.** Plaintiff represents and warrants that he currently knows of no existing acts or omissions by XO Defendants that may constitute a claim or liability arising out of or relating to the Plaintiff Released Claims that is not covered under the scope of this Agreement. XO Defendants represent and warrant that they currently know of no existing acts or omissions by Plaintiff that may constitute a claim or liability arising out of or relating to the XO Defendants Released Claims that is not covered under the scope of this Agreement.

**13.     No Prior Assignment of Claims.** Plaintiff represents and warrants that Plaintiff has not transferred, or purported to transfer, to any third party, any claim against any of XO Defendants that arises out of or relates to the Plaintiff Released Claims, and should Plaintiff transfer or purportedly transfer any such claim against any of XO Defendants to a third party, the transferring Plaintiff shall hold XO Defendants harmless and indemnify XO Defendants from, and defend XO Defendants against all claims arising out of the transfer or purported transfer.

**14.     Evidentiary Effect of this Agreement.** This Agreement and its exhibits will be admissible in any proceeding, by any of the parties, to enforce the rights and obligations set forth in this Agreement. No other writing will be admissible to prove the provisions of this Agreement.

**15.     Power and Authority.** Each party represents and warrants that they have complete power and authority to enter into this Agreement.

**16.     Entire Agreement.** This Agreement, together with its exhibits and recitals, constitutes the entire understanding between the parties with respect to the subject matter of this Agreement and supersedes all other agreements, representations, and warranties, if any, between the parties, whether written or oral.

**17.     Modification and Waiver.** No amendment of this Agreement will be effective unless it is in writing and signed by the parties. No waiver of satisfaction of a condition or failure to comply with any obligation imposed by this Agreement will be effective unless it is in writing and signed by the party granting the waiver, and no such waiver will constitute a waiver of satisfaction of any other condition or failure to comply with any other obligation.

**18.     Choice of Law and Forum.** The internal laws of Commonwealth of the Northern Mariana Islands govern all matters arising out of this Agreement. Any action to enforce this Agreement shall be brought only in the United States District Court for the Northern Mariana Islands.

**19.     Advice of Counsel.** Each party to this Agreement hereby acknowledges that they have had the opportunity to seek the advice of counsel in connection to this Agreement.

**20.     Attorneys' Fees and Costs.** Except as stated herein, the parties shall bear their own attorneys' fees and costs and any related expenses incurred by or on behalf said party in connection to the negotiation, execution, and enforcement of this Agreement.

**21.     No Construction Against Drafter.** Each party acknowledges that the other parties participated in negotiating and drafting this Agreement. If an ambiguity or a question of intent or interpretation arises, this Agreement is to be construed as though the parties had drafted it jointly, as opposed to being construed against a party because that party was responsible for drafting one or more provisions of this Agreement.

**22.     Counterparts.** This Agreement may be executed in one or more counterparts, each of which will be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. The parties agree that facsimile signatures are binding.

**23.     Effective Date.** This Agreement shall be effective when the United States District Court for the Northern Mariana Islands approves this Agreement and the joint motion for approval of settlement agreement.

*[Signatures on Next Page]*

PLAINTIFF:

_____
ABU YOUSUF

CORPORATE DEFENDANT:

_____
LONGFENG CORPORATION
*dba* NEW XO MARKET and
PARTY POKER
Represented by:
GUOWU LI
President & Secretary

INDIVIDUAL DEFENDANT:

_____
GUOWU LI

INDIVIDUAL DEFENDANT:

_____
XU GUI QING

APPROVED AS TO FORM:

_____
JOE HILL
Counsel for Plaintiff

_____
COLIN M. THOMPSON
Counsel for XO Defendants